## AFFIDAVIT OF ROBERT S. DAVIS

STATE OF TEXAS        §
                      §      KNOW ALL MEN BY THESE PRESENTS:
COUNTY OF SMITH       §

Before me, the undersigned authority, on this day, appeared Robert S. Davis, who, upon his oath, stated as follows:

1)       My name is Robert S. Davis.  I am an attorney licensed by the State Bar of Texas, am in good standing with the State Bar, am over the age of 18, have never been convicted of a felony or a crime of moral turpitude, and am competent to make this Affidavit.  All of the facts discussed herein are true and correct.  I am the lead attorney of record for Defendants in this matter.  I have personal knowledge of the facts contained herein and all of the facts discussed herein are true and correct.

2)       I am licensed to appear before the Supreme Court of the United States, the United States Court of Appeals for the Fifth Circuit, each of the four federal district courts in Texas and the Supreme Court of Texas.  I have practiced law for the past 25 years and have done so in Tyler and East Texas.  As an experienced attorney, I am familiar with the concept and legal requirements for recovering reasonable and necessary attorney's fees and the billing rate common for Tyler, Smith County, and the East Texas geographical area.

3)       "The documents attached collectively as Exhibit 1 are all public documents that I obtained directly from the Official Court Files, Sheriff's Office Investigative Files and from the District Attorney's Prosecution file.  These documents were obtained directly from the public offices referenced above.  The documents set out the activities of those offices,

*Page 1 of 2*

involved matters observed while under a legal duty to report in a criminal case and were matters observed by law enforcement personnel. This affidavit has been submitted to prove the documents up under Federal Rule of Evidence 803(8)."

"Further Affiant sayeth not."

Respectfully submitted,

FLOWERS DAVIS, P.L.L.C.
1021 ESE Loop 323, Suite 200
Tyler, Texas 75701
(903) 534-8063
(903) 534-1650 Facsimile

ROBERT S. DAVIS
State Bar No. 05544200
rsd@flowersdavis.com

**ATTORNEYS FOR DEFENDANTS**

SUBSCRIBED AND SWORN to before me on this the 23rd day of July, 2018.

PATRICIA RENEE DIXON
Notary Public, State of Texas
My Commission Expires
December 01, 2018

Notary Public, State of Texas

My Commission Expires:



## Bail Bond - BILLY JOHNSON

| | | |
|---|---|---|
| Surety Bail Bond #508612 | Warrant: ONSIGHT | Court: 241st District Court |
| Bond Company: Strike Three Bonds | Cause No.: | Date: 8/11/2017 |
| Principal: BILLY JOHNSON | Book No.: B17-03263 | Time: 8:00 AM |
| Status: Reviewed 5/17/2017 | SO#: 106145 | Place: 100 N. Broadway, Room 220 |
| | | Receipt: 10662 - $15.00 |

## Agreement:

    Know all men by these presents, that we, BILLY JOHNSON, as principal, and the undersigned Strike Three Bonds as sureties, are held and firmly bound unto the STATE OF TEXAS, in the penal sum of $3,000.00 Dollars and, in addition thereto, we are bound for the payment of all fees and expenses that may be incurred by any peace officer in re-arresting the said principal in the event any of the hereinafter stated conditions of this bond are violated for the payment of which sum or sums well and truly to be made, we do bind ourselves, and each of us, heirs, executors, and administrators, jointly and severally.

    The conditions of this bond are that the defendant was arrested on 5/13/2017 and has been charged with **TAMPER/FABRICATE PHYS EVID W/INTENT TO IMPAIR, a Third Degree Felony offense and to secure his/her release from** is entering into this obligation binding him/her to appear before the 241st District Court, the State of Texas.

    Now therefore, if the said principal shall well and truly make his personal appearance before said court instanter as well as before any other court to which the same may be transferred and for any and all subsequent proceedings that may be had relative to said charge in the course of criminal actions based on said charge, and there remain from day to day and term to term of said courts, until discharged by due course of law, then and there to answer said accusation against him/her, this obligation shall become void, otherwise to remain in full force and effect.

Taken and approved: 5/17/2017             By (Deputy): JOHN MCLEAN

Surety (Owner/Agent): Strike Three Bonds (Owner, Judy Bobbitt)
BY /s/ Judy Bobbitt _____ this 17 day of May, 2017

| | |
|---|---|
| Surety Employee: DWAYNE HUNT | CoSurety: GWENDOLYN SMITH |
| Address: PO Box 8328 | Address: 20544 FM 850 |
| City/State/Zip: Tyler, TX 75711 | City/State/Zip: ARP/TX/75750 |
| Phone: 903-597-9050 | Phone: 590-6550 |
| Submitted: 5/17/2017 | /s/ GWENDOLYN SMITH |
| Status: Reviewed at 5/17/2017 | |

## Principal Identification:

| | | |
|---|---|---|
| SSN: ***-**-3978 | Address: 1238 CR 24 | Hair: BLK |
| DL#/State: ****9260 / TX | City/State/Zip: Tyler, TX 75705 | Eyes: BRO |
| DOB: /1959 | Phone: 903-565-0619 | Height: 6' 1 |
| Sex: Male | | Weight: 180 |
| Race: Black | | Right Thumb Print: |

Signed by Principal: _____      Dated: Wednesday, May 17, 2017

## Declaration of Sureties:

THE STATE OF TEXAS
COUNTY OF SMITH
We, each of us, Judy Bobbitt and GWENDOLYN SMITH  pursuant to section 132.001 of the Texas Civil Practice and Remedies Code does hereby declare under penalty of perjury that he or she is worth in his or her own right at least the sum of $6,000.00 Dollars, after deducting from his or her property all that which is exempt by the Constitution and Laws of the State from forced sale, and after the payment of all our debts, of every description, whether individual or security debts, and after satisfying all encumbrances upon our property which are known to us; and that the surety or agent of the surety resides in the County of Smith and has property in the State liable to execution worth:

    THE SAID Strike Three Bonds SUM OF $6,000.00 DOLLARS
    THE SAID COSURETY GWENDOLYN SMITH SUM OF $6,000.00 DOLLARS

BY /s/ Judy Bobbitt _____ this 17 day of May, 2017

BY JOHN MCLEAN _____ , DEPUTY this 17 day of May, 2017

EXHIBIT 1

 ## Bail Bond - BILLY JOHNSON

**Surety Bail Bond #508612**
Bond Company: Strike Three Bonds
Principal:      BILLY JOHNSON
Status:         Reviewed 5/17/2017

Warrant:   ONSIGHT
Cause No.:
Book No.:  B17-03263
SO#:       106145

Court:     241st District Court
Date:      8/11/2017
Time:      8:00 AM
Place:     100 N. Broadway, Room 220
Receipt:   10662 - $15.00

## Surety Receipt:

### Strike Three Bonds
PO Box 8328, Tyler, TX 75711

Bond Number: 508612    Bond Amount: $3,000.00
Bond Fee Receipt: 10662    Bond Fee: $15.00

Taken and approved: 5/17/2017
By (Deputy): JOHN MCLEAN
Payor): Strike Three Bonds
Address: PO Box 8328
City/State/Zip: Tyler, TX 75711
Phone: 903-597-9050
Submitted: 5/17/2017
Status: Reviewed at 1:30:58 PM

## Principal Identification:

SSN: ***-**-3978
DL#/State: ****9260 / TX
DOB:        /1959
Sex: Male
Race: Black

Address: 1238 CR 24
City/State/Zip: Tyler, TX 75705
Phone: 903-565-0619

Hair: BLK
Eyes: BRO
Height: 6' 1
Weight: 180

Bond Amount: $3,000.00
Offense: TAMPER/FABRICATE PHYS EVID W/INTENT TO IMPAIR
a Third Degree Felony

BY /s/ Strike Three Bonds _____ this 17 day of May, 2017

EXHIBIT 1




**CARIAS** FILED ROGERS CLERK
**SAME AS 17-508612J4**
CAUSE NO. 241-1241-17

2017 SEP 27 PM 12: 07

SMITH COUNTY TEXAS

BY _____ DEPUTY

THE STATE OF TEXAS                    IN THE 241ST DISTRICT COURT
VS.                                   OF
**BILLY RAY JOHNSON**                 SMITH COUNTY, TEXAS
ADDRESS: **1238 CR 24 Tyler, TX 75705**
D.O.B.: /1959; TX DL: **TX** 9260
RACE: **Black** ; SEX: **Male** ; SSN: -3978
WT: **180 Lbs.** ; HT: **6 Ft. 1 In.** ; HAIR: **Black** ; EYES: **Brown**
BOND AMOUNT: **$30,000.00 WITH CONDITIONS**



## T H E   S T A T E   O F   T E X A S

TO ANY **PEACE OFFICER** OF THE STATE OF TEXAS, GREETINGS:

**YOU ARE HEREBY COMMANDED** to arrest BILLY RAY JOHNSON and safely keep said Defendant, so that you have said Defendant before the Honorable District Court of the 241st District Court of Texas, sitting in and for Smith County, Texas, at the Courthouse of said County, in the City of Tyler, Texas, INSTANTER this term of said Court, then and there to answer **THE STATE OF TEXAS** upon an **INDICTMENT** in said Court pending, wherein said Defendant is charged with the offense of **TAMPER/FABRICATE PHYS EVID W/INTENT TO IMPAIR** in violation of the Penal Laws of said State.

**HEREIN FAIL NOT,** but of this Writ make due return **INSTANTER**, with your action thereon.

**WITNESS** my signature and official seal of office in the City of Tyler, Texas, on this the 20th day of September, 2017

LOIS ROGERS, DISTRICT CLERK
241st District Court
_____
Jack Skeen, Jr.                            SMITH COUNTY, TEXAS
JUDGE, 241st District Court
SMITH COUNTY, TEXAS
BY: *Terry Morrow*
Terry Morrow, DEPUTY

## S H E R I F F ' S   R E T U R N

Came to hand the _____ day of _____, A.D., 201___, and executed on the _____ day of _____, A.D., 201___, by arresting the within named Defendant, BILLY   RAY   JOHNSON,   who   has   (given   bond)   (been   placed   in jail)_____ Returned   on   this   the   _____   day   of _____, 201___.

Fees: Making arrest................. $_____        SERVED D
_____ Miles going b/p/r/c........                Arresting Agency
_____ Miles returning b/p/r/c..  _____     SHERIFF/CONSTABLE  SCJ  COUNTY, TEXAS
                    **TOTAL $** _____           Detaining Facility
                                              BY: Officer Name  Brooklyn
                                              DEPUTY SHERIFF/CONSTABLE
                                                 Date of Arrest  9/26/17
                                              Returned By _____

EXHIBIT 1

**FELONY DISCOVERY COMPLIANCE FORM**
**SMITH COUNTY DISTRICT ATTORNEY'S OFFICE**

DATE:          November 2, 2017
TO:            COURT / DEFENSE ATTORNEY
DEFENDANT:     BILLY RAY JOHNSON
OFFENSE:       TAMPERING WITH OR FABRICATING PHYSICAL EVIDENCE
CAUSE #:       241-1241-17

I.      **WITNESS LIST:** (X) States Response to Request to List Witnesses/ ( ) See attached subpoena request
        (X)    Any and all law enforcement agents, civilians, and/or individuals listed and/or mentioned in offense reports, laboratory
               reports, and any other material provided through discovery and/or attached hereto.

II.     **ADDITIONAL WITNESSES:**
        (X) a) for purposes of proving identity of defendant with regard to evidence or prior offenses:
               Inv. Craig Williams (TPD), Sgt. Jeff Rackliff (TPD), Inv. Donald Malmstrom (TPD), Inv. Noel Martin (SCSO), Inv.
               Justin Hall, Inv. Travis Breazeale and any other current or former officer with the Tyler Police Department or Smith
               County Sheriff's Office, any current or former prosecutor, or any current or former probation or parole officer.
        (X) b) Jo Ann Williamson, Christi McDowell, Ken Tullos or any other custodian of law enforcement property rooms.
        (X) c) Nelson Downing, Chet Thomas, Jay Zehran, or any other current or former employee or agent of Smith County
               Juvenile Services, Gerald Hayden, Clifford Balch or any other current or former employee of Smith County Adult
               Probation Services, and/or any current or former parole officer with the State of Texas to offer testimony at
               punishment stage.
        (X) d) Amanda Cook (TPD), Paula Cain (SCSO), Yolanda Muhammad (9-1-1 Center), or any other current or former
               dispatcher or call taker.
        **EXPERT WITNESSES:**
        (X) a) Scott Brown (DPS) - Technical Supervisor, Sgt. Ricky White (DPS), Sgt. Jimmy Jackson (DPS), Sgt. Adam Nelson
               (DPS), Trooper Nicholas Castle (DPS), or Trooper Steven Hodge (DPS) - Drug Recognition Experts, on all cases
               involving the possession or consumption of alcohol or any controlled substance.
        (X) b) D. Keith Pridgen, Claybion Cloud, Karen Ream, Karen Shumate, Chance Cline, Eloisa Esparza, Karen Collins,
               Stephanie Jackson, Caroline Allen, Robert Prince, and/or Nathan Tunnell (DPS Laboratory - Tyler).

III.    **PHYSICAL EVIDENCE:**
        ( ✓ ) Photos, Diagrams
        ( ✓ ) Narcotics and Paraphernalia
        ( ✓ ) See Lab Report Attached
        (X) All physical evidence is available and a time may be arranged for viewing by contacting Melissa Wilgus at 590-
        1720, 48 hours prior to time wishing to view same.
        ( ✓ ) See Property Report Attached
        ( ✓ ) Video
        ( ) Other _1 Flashdrive_

IV.     **WRITTEN CONFESSION:** ( ) yes ( ✓ ) no ( ) see attached

V.      **ORAL STATEMENTS:** ( ✓ ) yes ( ) no ( ) see attached

VI.     **VIDEO STATEMENTS:** All videos and/or photographs are available and a time may be arranged for viewing by contacting
        Melissa Wilgus at 590-1720, 48 hours prior to time wishing to view same.

        ( ✓ a) Defendant: ( ✓ ) yes ( ) no
        ( ✓ b) Witness:   ( ) yes ( ) no ( ) available pursuant to Rule 615 of Texas Rules of Evidence

VII.    **DEFENDANT'S PRIOR CRIMINAL RECORD:** ( ) none ( ✓ ) attached ( ) pen pack available for inspection
                                                 (X) all other convictions detailed in attached criminal history

VIII.   (X) STATE INTENDS TO OFFER EXTRANEOUS OFFENSES OR BAD ACTS INCLUDED IN ATTACHED DOCUMENTS, AND
        PROVIDED THROUGH DISCOVERY, INCLUDING DEFENDANT'S PRIOR CRIMINAL HISTORY AS WELL AS ANY BOND
        VIOLATION COMMITTED BY THE DEFENDANT WHILE ON BOND FOR THIS OFFENSE, UNDER 404(B) AND 609 RULES OF
        EVIDENCE AND 37.07(3)(G) CODE OF CRIMINAL PROCEDURE

IX      The State requests notice of the name and address of each person the Defendant may use at trial to present evidence
        under Rules 702, 703, and 705, Texas Rules of Evidence, pursuant to Article 39.14(b), Texas Code of Criminal
        Procedure.

X.      **EXCULPATORY EVIDENCE:** (X) see attached

XI.     THIS CERTIFIES THAT BATES STAMPED DOCUMENTS, NUMBERED ___1___ THROUGH __99__, WERE MADE
        AVAILABLE TO DEFENSE COUNSEL ON THE ABOVE FILE-MARKED DATE.

EXHIBIT 1

# CRIMINAL DOCKET – CAUSE NO. 241-1241-17

| NAMES OF PARTIES | ATTORNEYS | OFFENSE | | DATE OF FILING |
|---|---|---|---|---|
| THE STATE OF TEXAS | MATT BINGHAM – STATE | TAMPER/FABRICATE PHYS EVID W/INTENT TO IMPAIR | | 09/14/2017 |
| VS. | | Offense Date: 05/12/2017<br>Arrest Date: 05/13/2017 | | CHARGING INSTRUMENT: |
| BILLY RAY JOHNSON<br>BlackMale  DOB:       /1959<br>1238 CR 24  Tyler, TX  75705 | CLIFTON ROBERSON | Bond Amt: $30K<br>Bond Co: | | INDICTMENT |

| DATE OF ORDERS Month/Day/Year | | | ORDERS OF THE COURT |
|---|---|---|---|
| 09/14/2017 | | | INDICTMENT |
| 09/14/2017 | | | GRAND  JURY MINUTES |
| 09/20/2017 | | | ORDER OF TRANSFER |
| 09/20/2017 | | | ORDER TRANSFER ( ) / RECEIVING ( ) |
| 09 | 20 | 17 | CAPIAS, PRECEPT AND CONDITIONS OF BOND ISSUED |
| 09 | 20 | 17 | SCHEDULING ORDER |
| 11 | 15 | 17 | Case Called 12.45 dismissed. |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

EXHIBIT 1

**INDICTMENT**

241-1241-17

| | |
|---|---|
| THE STATE OF TEXAS | IN THE 114TH DISTRICT COURT |
| VS. | OF |
| BILLY RAY JOHNSON | SMITH COUNTY, TEXAS |

Charge: Tampering with or Fabricating Physical Evidence     Article: 37.09 Control #: 17-02391

48040003 F2

**IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS:**

THE GRAND JURORS, duly selected, organized, sworn and impaneled as such for the County of Smith, State of Texas, at the July-December Term, 2017, of the 114TH Judicial District Court in and for said County, a quorum thereof being present, upon their oaths present in and to said Court, that on or about the 12th day of May, 2017, and anterior to the presentment of this Indictment, in the County of Smith and State of Texas, BILLY RAY JOHNSON did then and there, knowing that an offense had been committed, to-wit: Possession of a Controlled Substance and Possession of Drug Paraphernalia, intentionally and knowingly alter and destroy and conceal physical evidence, to-wit: cocaine and methamphetamine and pipes, with intent to impair its verity and legibility and availability as evidence in any subsequent Investigation or official proceeding related to the offense;

And it is further presented in and to said Court that, prior to the commission of the aforesaid offense, on the 6th day of January, 1995, in cause number F-9355582-VL in the Criminal District Court 5 of Dallas County, Texas, the defendant was convicted of the felony offense of Delivery of a Controlled Substance;

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____

Foreman of the Grand Jury

FILED

SEP 14 2017

CLERK, 114TH JUD. DIST. COURT
BY _____ DEP.

17-508612J4

| Original- Pink | State's Copy- Green | Defendant's Copy- Canary |
|---|---|---|

EXHIBIT 1

THE STATE OF TEXAS
COUNTY OF SMITH

I, Lois Rogers, Clerk of the District Court within and for the County and State aforesaid, do hereby certify that the foregoing contains a true and correct copy of the Indictment in Cause No. _____, of the State of Texas vs _____ as now on file in this office.

IN TESTIMONY WHEREOF I hereto set my hand and seal, this _____ day of _____, A.D. 20_____.

LOIS ROGERS
Clerk of the District Court
Smith County, Texas

By_____
Deputy

NO._____

THE STATE OF TEXAS
VS

INDICTMENT

OFFENSE

D. Matt Bingham
Criminal District Attorney
Smith County, Texas

A TRUE BILL

Foreman of the Grand Jury

AMOUNT OF BAIL: $30,000
File this _____ day of _____
20_____

LOIS ROGERS
Clerk of the District Court
Smith County, Texas

BY:_____
Deputy

WITNESSES

EXHIBIT 1



## Bail Bond - BILLY JOHNSON

# ORIGINAL

**Surety Bail Bond #508612**

| | | | |
|---|---|---|---|
| Bond Company: | Strike Three Bonds | Warrant: | ONSIGHT |
| Principal: | BILLY JOHNSON | Cause No.: | |
| Status: | Reviewed 5/17/2017 | Book No.: | B17-03263 |
| | | SO#: | 106145 |

Court: **241st District Court**
Date: **8/11/2017**
Time: **8:00 AM**
Place: **100 N. Broadway, Room 220**
Receipt: **10662 - $15.00**

### Agreement:

Know all men by these presents, that we, BILLY JOHNSON, as principal, and the undersigned Strike Three Bonds as sureties, are held and firmly bound unto the STATE OF TEXAS, in the penal sum of $3,000.00 Dollars and, in addition thereto, we are bound for the payment of all fees and expenses that may be incurred by any peace officer in re-arresting the said principal in the event any of the hereinafter stated conditions of this bond are violated for the payment of which sum or sums well and truly to be made, we do bind ourselves, and each of us, heirs, executors, and administrators, jointly and severally.

The conditions of this bond are that the defendant was arrested on 5/13/2017 and has been charged with **TAMPER/FABRICATE PHYS EVID W/INTENT TO IMPAIR, a Third Degree Felony offense and to secure his/her release from** is entering into this obligation binding him/her to appear before the 241st District Court, the State of Texas.

Now therefore, if the said principal shall well and truly make his personal appearance before said court instanter as well as before any other court to which the same may be transferred and for any and all subsequent proceedings that may be had relative to said charge in the course of criminal actions based on said charge, and there remain from day to day and term to term of said courts, until discharged by due course of law, then and there to answer said accusation against him/her, this obligation shall become void, otherwise to remain in full force and effect.

Taken and approved: 5/17/2017

By (Deputy): JOHN MCLEAN   **FILED**

Surety (Owner/Agent): Strike Three Bonds (Owner, Judy Bobbitt)
BY /s/ Judy Bobbitt _____ this 17 day of May, 2017   **SEP 19 2017**

| | |
|---|---|
| Surety Employee: DWAYNE HUNT | CoSurety: GWENDOLYN SMITH |
| Address: PO Box 8328 | Address: 20544 FM 850 |
| City/State/Zip: Tyler, TX 75711 | City/State/Zip: ARP/TX/75750 |
| Phone: 903-597-9050 | Phone: 590-6550 |
| Submitted: 5/17/2017 | /s/ GWENDOLYN SMITH |
| Status: Reviewed at 5/17/2017 | |

LOIS ROGERS, DIST CLERK
CLERK, 241st JUD DIST COURT, SMITH CO, TX
BY _____ DEPUTY

### Principal Identification:

| | |
|---|---|
| SSN: ***-**-3978 | Address: 1238 CR 24 |
| DL#/State: ****9260 / TX | City/State/Zip: Tyler, TX 75705 |
| DOB:   /1959 | Phone: 903-565-0619 |
| Sex: Male | |
| Race: Black | |

Hair: BLK
Eyes: BRO
Height: 6' 1
Weight: 180
**Right Thumb Print:**

Signed by Principal: _Billy R Johnson_

Dated: Wednesday, May 17, 2017

### Declaration of Sureties:   INSUFFICIENT BOND

THE STATE OF TEXAS
COUNTY OF SMITH

We, each of us, Judy Bobbitt and GWENDOLYN SMITH  pursuant to section 132.001 of the Texas Civil Practice and Remedies Code does hereby declare under penalty of perjury that he or she is worth in his or her own right at least the sum of $6,000.00 Dollars, after deducting from his or her property all that which is exempt by the Constitution and Laws of the State from forced sale, and after the payment of all our debts, of every description, whether individual or security debts, and after satisfying all encumbrances upon our property which are known to us; and that the surety or agent of the surety resides in the County of Smith and has property in the State liable to execution worth:

THE SAID Strike Three Bonds SUM OF $6,000.00 DOLLARS
THE SAID COSURETY GWENDOLYN SMITH SUM OF $6,000.00 DOLLARS

BY /s/ Judy Bobbitt _____ this 17 day of May, 2017

BY JOHN MCLEAN _____ , DEPUTY this 17 day of May, 2017

Smith County - All Rights Reserved

EXHIBIT 1



# Bail Bond - BILLY JOHNSON

| | | | |
|---|---|---|---|
| Surety Bail Bond #508612 | Warrant: ONSIGHT | Court: | 241st District Court |
| Bond Company: Strike Three Bonds | Cause No.: | Date: | 8/11/2017 |
| Principal: BILLY JOHNSON | Book No.: B17-03263 | Time: | 8:00 AM |
| Status: Reviewed 5/17/2017 | SO#: 106145 | Place: | 100 N. Broadway, Room 220 |
| | | Receipt: | 10662 - $15.00 |

## Surety Receipt:

### Strike Three Bonds
PO Box 8328, Tyler, TX 75711

Bond Number: 508612    Bond Amount: $3,000.00
Bond Fee Receipt: 10662    Bond Fee: $15.00

Taken and approved: 5/17/2017
By (Deputy): JOHN MCLEAN
Payor): Strike Three Bonds
Address: PO Box 8328
City/State/Zip: Tyler, TX 75711
Phone: 903-597-9050
Submitted: 5/17/2017
Status: Reviewed at 1:30:58 PM

## Principal Identification:

| | | |
|---|---|---|
| SSN: ***-**-3978 | Address: 1238 CR 24 | Hair: BLK |
| DL#/State: ****9260 / TX | City/State/Zip: Tyler, TX 75705 | Eyes: BRO |
| DOB:      1959 | Phone: 903-565-0619 | Height: 6' 1 |
| Sex: Male | | Weight: 180 |
| Race: Black | | |

Bond Amount: $3,000.00
Offense: TAMPER/FABRICATE PHYS EVID W/INTENT TO IMPAIR
a Third Degree Felony

BY /s/ Strike Three Bonds _____ this 17 day of May, 2017

EXHIBIT 1



# SMITH COUNTY JAIL RELEASE SHEET

## Inmate Information

| Inmate Name:<br>JOHNSON, BILLY RAY | DOB:<br>1959 | |
| --- | --- | --- |
| AKA: | PID #:<br>30389 | |
| SO #:<br>106145 | Booking #:<br>B17-03263 | |

## Arrest Information

| Arrest Date:<br>05/13/2017 | Arrest Time:<br>1:15 AM | Arrest Location:<br>GISH/ MELISSA RD |
| --- | --- | --- |
| Arresting Department:<br>Smith County Sheriff's Office | Arresting Officer/Badge Number:<br>NIETO, E./389635 | |

## Charge Information

| Warrant | Hold Reason | Offense | Code | Issuing Auth | Bond # | Bond Amt | Bond Type | Fine |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| ON SIGHT | Warrantless/On-View | TAMPER/FABRICATE PHYS EVID W/INTENT TO IMPAIR | 48040003 | 241 | Set by Judge | 3,000.00 | Surety Bond | |
| ON SIGHT | Warrantless/On-View | POSS CS PG 1 <1G | 35990014 | 241 | Set by Judge | 1,500.00 | Surety Bond | |
| ON SIGHT | Warrantless/On-View | POSS CS PG 1 <1G | 35990014 | 241 | Set by Judge | 1,500.00 | Surety Bond | |

## Release Information

| Release Date:<br>05/17/2017 | Release Time:<br>7:11 PM |
| --- | --- |
| Release Officer:<br>MCLEAN, JOHN | Release Reason:<br>STRIKE THREE BONDS |

## Property Information

| Quantity | Description | Location | Bag # |
| --- | --- | --- | --- |
| 1 | clothing , misc items | Released | GB 0273 |

Inmate Signature

Date

EXHIBIT 1

Cause Number 241-1241-17

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 241ˢᵗ JUDICIAL |
| VS. | § | DISTRICT COURT |
| BILLY JOHNSON | § | SMITH COUNTY, TEXAS |

FILED
NOV 17 2017
CLERK, 241ᵗ DISTRICT COURT SMITH CO., TX
BY _____ DEPUTY

### 12.45 MOTION TO DISMISS

Now comes the Criminal District Attorney of Smith County, Texas and asks the Court to dismiss the above entitled and numbered cause, for the following reason, to-wit:

The Defendant in the above styled and numbered cause pled GUILTY to POSSESSION OF A CONTROLLED SUBSTANCE in cause number 241-1242-17 and received 9 months in the State Jail Facility.

Pursuant to Section 12.45 of the Texas Penal Code, the defendant acknowledged his GUILT in the above styled and numbered cause, and this cause was taken into consideration in the assessment of punishment in Cause Number 241-1242-17.

**THEREFORE, THE STATE WOULD RESPECTFULLY REQUEST THAT THIS CASE BE DISMISSED.**

JAMES BULLOCK
Assistant Criminal District Attorney
Smith County, Texas

~~First Assistant Criminal District Attorney OR~~
Criminal District Attorney
Smith County, Texas

### ORDER OF DISMISSAL

On this day came to be considered the Motion to Dismiss of the State's Attorney filed herein, and the Court is satisfied that the reasons so stated are good and sufficient to authorize such dismissal. It is therefore, CONSIDERED, ORDERED AND ADJUDGED that this criminal action be and the same is DISMSSED and that the Defendant be discharged.

SIGNED THIS 17th day of November, 2017.

Jack Skeen, Jr.

HONORABLE JACK SKEEN
DISTRICT JUDGE 241ˢᵗ JUDICIAL
DISTRICT COURT, SMITH COUNTY

EXHIBIT 1

FILED
LOIS ROGERS
DISTRICT CLERK

# PRECEPT TO SERVE COPY OF INDICTMENT

2017 OCT 17  PM 1:54

SMITH COUNTY TEXAS
BY _____ DEPUTY

CAUSE NO. 241-1241-17

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 241ST DISTRICT COURT |
| VS. | § | OF |
| BILLY RAY JOHNSON | § | SMITH COUNTY, TEXAS |

TO THE SHERIFF OF SMITH COUNTY, GREETINGS:

**YOU ARE HEREBY COMMANDED** to serve BILLY RAY JOHNSON, the Defendant in Cause No. 241-1241-17, wherein the State of Texas is Plaintiff, and BILLY RAY JOHNSON is the Defendant, in person, with the accompanying certified copy of the original TRUE BILL OF INDICTMENT now on file in said Court.

**HEREIN FAIL NOT,** but of this Writ make due return as the law directs.

GIVEN UNDER MY HAND AND OFFICIAL SEAL, on this the 20th day of September, 2017



LOIS ROGERS, CLERK
241st District Court
SMITH COUNTY, TEXAS

BY: *Terry Morrow*
Terry Morrow, DEPUTY

## SHERIFF'S RETURN

Came to hand the __10__ day of _____ OCt. _____, 201 7 , at __353__ o'clock P .M., and executed by delivering the accompanying certified copy of Indictment No. 241-1241-17 to the Defendant herein, in person at __353__ o'clock P .M. on the __10__ day of _____ OCt _____, 201 7 .

_____
SHERIFF
_____ Smith _____ COUNTY, TEXAS
BY: _____
DEPUTY SHERIFF/CONSTABLE

EXHIBIT 1



CAUSE NUMBER 241-1241-17

| THE STATE OF TEXAS | § | IN THE 241ST JUDICIAL |
| | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| BILLY RAY JOHNSON | § | SMITH COUNTY, TEXAS |

## STATES NOTICE OF INTENT TO OFFER EVIDENCE UNDER ARTICLE 404 (b), 609 OF THE TEXAS RULES OF CRIMINAL EVIDENCE AND ARTICLE 37.07 OF THE TEXAS CODE OF CRIMINAL PROCEDURE

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, the State of Texas, by and through **KENNETH BIGGS**, and provides written notice of its intent to offer evidence under Article 404(b), 609 of the Texas Rules of Criminal Evidence and Article 37.07 of the Texas Code of Criminal Procedure, specifically as follows:

| Date of Conv. | Charge | Cause# | Court |
| --- | --- | --- | --- |
| 11-19-2010 | Possession of Marijuana | 002-84009-10 | CCL#2, Smith County, TX |
| 07-12-2007 | Possession of Marijuana | 001-82874-07 | CCL, Smith County, TX |
| 10-27-1998 | Man/Del of CS | 0709974W | Crim.DC#1, Tarrant Co., TX |
| 01-06-1995 | Delivery of Cocaine | F93-55582 | Crim.DC#5, Dallas Co., TX |
| 12-11-1987 | Driving While Intoxicated | Unknown | Smith County, TX |

| Date of Offense | Charge | Cause# | Court |
| --- | --- | --- | --- |
| 05-13-2017 | PCS | 241-1242-17 | 241st DC, Smith County, TX |
| 05-13-2017 | PCS | 241-1243-17 | 241st DC, Smith County, TX |

And the State further gives notice of intent to offer evidence of any extraneous or bad acts which are included in the discovery materials provided now, or in any supplemental discovery materials provided, and any matter noted in open Court or contained in motions filed with the Court.

RESPECTFULLY SUBMITTED,

KENNETH BIGGS, Assistant
Criminal District Attorney
Smith County, Texas
State Bar Number 24071983

EXHIBIT 1

**CERTIFICATE OF SERVICE**

I, KENNETH BIGGS, hereby certify that a true and correct copy of the foregoing Notice

of Intent to Offer Evidence under Article 404(b), 609 of the Texas Rules of Criminal Evidence

and Article 37.07 of the Texas Code of Criminal Procedure has been provided to the Defense

Attorney for the Defendant, on this the _2_ day of _November_, 2017.

KENNETH BIGGS,
Assistant Criminal District Attorney

EXHIBIT 1



CAUSE NUMBER 241-1241-17

| THE STATE OF TEXAS | § | IN THE 241ST JUDICIAL |
| | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| BILLY RAY JOHNSON | § | SMITH COUNTY, TEXAS |

### STATE'S MOTION FOR NOTICE OF DEFENSE EXPERT

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, the State of Texas, by and through her Assistant Criminal District Attorney in and for Smith County, Texas, and requests pursuant to Article 39.14 (b) of the Texas Code of Criminal Procedure, notice of the name and address of each person the defendant intends to call as a witness in the above styled cause under Rules 702, 703 and 705 of the Texas Rules of Criminal Evidence. Pursuant to this motion, the State would show the Court the following:

I.

Article 39.14 (b) of the Texas Code of Criminal Procedure says that "on motion of a party and on notice to the other parties, the court in which an action is pending may order one or more of the other parties to disclose to the party making the motion the name and address of each person the other party may use at trial to present evidence under Rules 702, 703, and 705, Texas Rules of Evidence. The court shall specify in the order the time and manner in which the other party must make the disclosure to the moving party, but in specifying the time in which the other party shall make disclosure not later than the 20th day before the date the trial begins."

II.

As evidence by the attached Certificate of Service, the State has sent to the attorney for the defendant the above styled motion. This motion is to serve as the State's Notice pursuant to Article 39.14 (b) of the Texas Code of Criminal Procedure.

III.

The State would request this Honorable Court to order the defendant and his counsel to disclose to the State of Texas the name and address of each person the defendant may use during any phase of trial to present evidence under Rules, 702, 703, and 705 of the Texas Rules of Evidence. The State of Texas would further request that defendant shall make such disclosure in writing, filed with this honorable Court and delivered to the State of Texas, such disclosure on or before ten (10) days from the date of signing the attached order and not later than 20th day before the date that trial is set to begin.

EXHIBIT 1

IV.

The State of Texas would request a special setting for a hearing on said motion.

Wherefore premises considered, the State of Texas would request this Honorable Court Grant said Motion.

Respectfully submitted,

KENNETH BIGGS, Assistant
Criminal District Attorney
State Bar Number 24071983

## CERTIFICATE OF SERVICE

I, KENNETH BIGGS, Assistant Criminal District Attorney, hereby certify that a true and correct copy of the State's Motion for Notice of Defense Expert has been provided to the Defense Attorney for Defendant, on this the ___2___ day of __November__, 2017.

KENNETH BIGGS, Assistant
Criminal District Attorney

EXHIBIT 1

CAUSE NUMBER : 241-1241-17

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 241ST JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| BILLY RAY JOHNSON | § | SMITH COUNTY, TEXAS |

**STATE'S MOTION TO OBTAIN FINGERPRINTS OF DEFENDANT**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now the STATE OF TEXAS, by and through her undersigned Assistant Criminal District Attorney, with this Motion to Obtain Fingerprints of Defendant, and in support thereof respectfully shows the Court the following:

I.

The State intends to introduce certified copies of prior convictions relating to this Defendant in the trial of this case. The witness used to introduce said evidence will be a fingerprint expert.

II.

In order for said expert to make a comparison of the prints on the certified copies, he will need a set of fingerprints from the Defendant to compare with those contained in the certified copies.

WHEREFORE, PREMISES CONSIDERED, the State respectfully requests the Court to allow the State's expert to obtain a set of fingerprints, at some time prior to or during the trial, from the Defendant in this case for the purpose of comparison.

RESPECTFULLY SUBMITTED,

KENNETH BIGGS, Assistant
Criminal District Attorney
Smith County, Texas
State Bar Number 24071983

EXHIBIT 1

## CERTIFICATE OF SERVICE

I, KENNETH BIGGS, hereby certify that a true and correct copy of the foregoing

State's Motion to Obtain Fingerprints of Defendant has been provided to the Defense

Attorney for Defendant, on this the _____2_____ day of _November_, 2017.

KENNETH BIGGS
Assistant Criminal District Attorney

EXHIBIT 1

CAUSE NUMBER: 241-1241-17

| | | |
|---|---|---|
| THE STATE OF TEXAS | | IN THE 241ST JUDICIAL |
| VS. | | DISTRICT COURT OF |
| BILLY RAY JOHNSON | | SMITH COUNTY, TEXAS |

## STATE'S MOTION IN LIMINE

TO THE HONORABLE JUDGE OF SAID COURT

    Comes now, The State of Texas, by and through her Assistant Criminal District Attorney, who moves this honorable Court In Limine to direct the Attorney for the Defense, the Defendant, any defense witnesses, or anyone associated with the Defendant in this cause, not to allude, refer to or discuss, either directly or indirectly in any way, any of the following matters in the presence of either the jury or the jury panel until such time as (1) a hearing has been held outside the presence of the jury or the jury panel as to the admissibility of the items and (2) this honorable Court has determined that the matter in question is proper for the jury to consider:

1.

    Any mention that the State has filed a motion in limine, motion to shuffle or any other motion, or that any portion of same that has been granted or that the defense has been in any way prevented by the Honorable Court from offering any such evidence without first approaching the bench outside the hearing of the jury to gain a ruling on its admissibility.

2.

    Any mention of any offers or plea negotiations made with respect to this case or any other case.

3.

    Any explanation of the matters inquired about in the State's "have you heard" questions, as such merely test the credibility of the reputation witnesses and are not substantial evidence of the defendant's bad conduct which may be explained by the defendant.

4.

    After voir dire, any reference during the guilt/innocence phrase of the trial regarding the punishment range for this particular offense.

5.

    Any mention of anyone's opinion as to the guilt or innocence of the defendant.

EXHIBIT 1

6.

Any statement, motion or request for discovery made within the hearing or presence of the jury or jury panel. Any mention that the Defendant has filed a motion for discovery, the items contained within the motion or that a hearing on said motion was had and certain requests were denied by the Court.  In support of such motion, the State would show this honorable Court that such motion, statement or request in a matter of law to be decided by this court and not to be considered by the jury or jury panel.  Such statement, motion or request would necessarily leave the jury or jury panel with the impression that the State is concealing evidence or failing to disclose all that is required by law.

7.

Any mention that a civil suit has, could, or will be filed involving this cause of action.

8.

Any mention that the Defendant has filed a motion to suppress, the items contained within the motion or that a hearing on said motion was had and it was denied by the Court.

9.

Any mention of any polygraph test.

10.

Asking the prosecutor to stipulate to any fact in the presence of the jury.

11.

The disposition of any case against co-defendants/accomplices, unless said co-defendant and or accomplice testifies.

12.

Any explanation of the offenses or facts surrounding the offenses for which the defendant has been previously convicted.

13.

Any mention that the defendant's parole/probation can/will be revoked due to the trial offense, or that a revocation of his parole/probation is sufficient punishment.

14.

Any mention that the trial court may order any punishment that the defendant received in this case to be served consecutively with any other sentence that the defendant has received previously, because concurrent or consecutive sentencing is within the discretion of the Court and is not a proper matter for the jury's consideration.

EXHIBIT 1

15.

Any mention that the complainant(s) in the State's prosecution wish to dismiss criminal charges against the defendant, including but not limited to any affidavit executed by the complainant.

16.

Any mention that any other hearings, including, but not limited to parole revocation, probation revocation, protective order hearings, child welfare or custody hearings, or any other hearings arising from or encompassing any or all of the facts in this cause, have been held, if they were, and the results or finding of said hearing officers, jury, or other fact finders, unless in support of this motion the State would show this honorable Court that such evidence, if not tested for legal admissibility prior to the admission before the jury could result in improper evidence being admitted before the jury which would be of such nature as to irreversibly and improperly taint the jury to the extent that:

1. No instructions to the jury could cure the admission of such improper evidence before         the jury and,
2. Therefore any alleged probative value would be outweighed by the danger of its unfair prejudice.

17.

Any evidence offered by the defense in any form regarding the character of any witness until such terms as this Court holds hearing in:
1. Its admissibility
2. The qualification and/or competency of the witness to testify as to character as established in **Hernandez v. State** and the T.R.C.E.

18.

Any statement, question, or argument which directly or indirectly intimates that the State of Texas or the Smith County District Attorney's office is responsible for or does set trial dates or dockets for particular cases, including this cause;

Any statement, question or argument which directly or indirectly intimates that the State of Texas or the Smith County District Attorney's Office controls the outcome of any case presented to the Grand Jury, including this cause.

Any statement, reference, or argument, whether directly or indirectly by the attorney for the defendant, to anything in opening argument as to what he expects the defendant's evidence to show, unless he intends to introduce evidence in the defendant's case in chief. Such argument could result in the jury believing that such evidence does exist when in fact no

EXHIBIT 1

evidence to that effect has been introduced, since argument by counsel is not evidence, such statements, reference or argument by counsel for the defendant would improperly taint and mislead the jury to the extent that no instructions to the jury could cure the improper argument before the jury.

Wherefore, Premises Considered, the State requests this Court grant the foregoing Motion.

RESPECTFULLY SUBMITTED,

KENNETH BIGGS, Assistant
Criminal District Attorney
Smith County, Texas
State Bar Number 24071983

## CERTIFICATE OF SERVICE

I, KENNETH BIGGS, hereby certify that a true and correct copy of the above and foregoing Motion In Limine has been provided to the Defense Attorney for the Defendant, on this the ___2___ day of ____November____, 2017.

KENNETH BIGGS,
Assistant Criminal District Attorney

EXHIBIT 1

FILED

**Cause Number 241-1241-17**

2017 NOV -2

SMITH C

BY_____ 6402

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | § | **IN THE 241ˢᵗ JUDICIAL** |
| **VS.** | § | **DISTRICT COURT** |
| **BILLY JOHNSON** | § | **SMITH COUNTY, TEXAS** |

## STATE'S RESPONSE TO REQUEST TO LIST WITNESSES

TO THE HONORABLE JUDGE OF THIS COURT:

Now comes the STATE OF TEXAS by its Assistant Criminal District Attorney, JAMES BULLOCK, and places the defendant on notice that the State may call as witnesses in its case in chief any person referred to any discovery packet or motion filed in this case, including but not limited to

| | |
|---|---|
| Patrick Mahomes | 3110 Oleander Dr. Tyler, TX |
| Brittany Matthews | 315 Amanda Ct. Whitehouse, TX |
| Jake Parker | 17990 Timothy Ct. Tyler, TX |
| Jaylon Dews | 114 Dews Dr. Whitehouse, TX |
| Emma Peckinpaugh | 8823 Mansion Creek cir. Tyler, TX |
| Carol Peckinpaugh | 8823 Mansion Creek Cir. Tyler, TX |
| Michael Pinkerton | Co-Defendant |
| Randi Mahomes | 3110 Oleander Dr. Tyler, TX |
| E. Nieto | Smith County Sheriff's Office |
| Deputy Dalvin | Smith County Constable |
| Deputy Blackmon | Smith County Constable |
| M. Odom | Smith County Sheriff's Office |
| Tim McDonald | Smith County Sheriff's Office |
| J. Railsback | Smith County Sheriff's Office |
| J. Decur | Smith County Sheriff's Office |
| M. Christian | Smith County Sheriff's Office |

Respectfully submitted,

**JAMES BULLOCK**
Assistant Criminal District Attorney
Smith County, Texas
State Bar Number 24086169

EXHIBIT 1

## CERTIFICATE OF SERVICE

I, JAMES BULLOCK, hereby certify that a true and correct copy of the foregoing Response to
Request to List Witnesses has been provided to the Defense Attorney for the Defendant, on this the
2 day of November , 2017.

JAMES BULLOCK
Assistant Criminal District Attorney

EXHIBIT 1

Cause Number 241-1241-17

FILED
LOIS ROGERS

| | | |
|---|---|---|
| THE STATE OF TEXAS | § 2017 NOV -2 | IN THE 241st JUDICIAL |
| VS. | § SMITH COU | DISTRICT COURT |
| BILLY JOHNSON | § BY_____ | SMITH COUNTY, TEXAS |

## STATE'S NOTICE OF INTENT TO CALL EXPERT WITNESSES

TO THE HONORABLE JUDGE OF THIS COURT:

Now comes the STATE OF TEXAS by its Assistant Criminal District Attorney, JAMES BULLOCK, and provides notice pursuant to Article 39.14 (b) of the Texas Code of Criminal Procedure, that the State intends to call the following individual(s) as a witness in the above styled cause under rules 702, 703, 704, and 705 of the Texas Rules of Criminal Evidence:

| | |
|---|---|
| Noel Martin | Smith County Sheriff's Office |
| Travis Breazeale | Smith County Sheriff's Office |
| Christi McDowell | Smith County Sherriff's Office |
| James McDowell | Smith County Sheriff's Office |
| Brixey Lewis | Smith County Sheriff's Office |
| Paula Cain | Smith County Sheriff's Office – Dispatch Custodian |
| Marie Taylor | Smith County Jail – Nurse |
| Brian Bulman | Tyler Police Department |
| Donald Malmstrom | Tyler Police Department |
| Craig Williams | Tyler Police Department |
| Jamie Tarrant | Tyler Police Department |
| Jeff Rackliff | Tyler Police Department |
| Matthew Smyser | Tyler Police Department |
| Chris Miller | Tyler Police Department |
| Ethan Johnson | Tyler Police Department |
| Darin Grissom | Tyler Police Department |
| David Cook | Tyler Police Department |
| Amanda Cook | Tyler Police Department – Dispatch Custodian |
| Jimmy Jackson | Texas Department of Public Safety, Tyler, Tx |
| Nick Castle | Texas Department of Public Safety, Tyler, Tx |
| Trevor Phillips | Texas Department of Public Safety, Tyler, Tx |
| Joe Hogue | Texas Department of Public Safety, Tyler, Tx |
| Scott Brown | Texas Department of Public Safety, Tyler, Tx |
| Robert Prince | Texas DPS Crime Lab, Tyler, Tx |
| Claybion Cloud | Texas DPS Crime Lab, Tyler, Tx |
| Karen Ream | Texas DPS Crime Lab, Tyler, Tx |
| Stephanie Jackson | Texas DPS Crime Lab, Tyler, Tx |
| Caroline Allen | Texas DPS Crime Lab, Tyler, Tx |
| Karen Shumate | Texas DPS Crime Lab, Tyler, Tx |
| Karen Collins | Texas DPS Crime Lab, Tyler, Tx |

JAMES BULLOCK
Assistant Criminal District Attorney
Smith County, Texas
State Bar Number 24086169

EXHIBIT 1

## <u>CERTIFICATE OF SERVICE</u>

I, JAMES BULLOCK, hereby certify that a true and correct copy of the foregoing Notice of Intent to Call Expert has been provided to the Defense Attorney for the Defendant, on this the ___2___ day of November , 2017.

JAMES BULLOCK
Assistant Criminal District Attorney

EXHIBIT 1

Filed November 15, 2017
Lois Rogers, District Clerk
241st District Court
Willoughby, Shelley



**241ST JUDICIAL DISTRICT COURT**

## COUNTY OF SMITH

## STATE OF TEXAS                                   Cause Number: **241-1243-17**

## V.

BILLY RAY JOHNSON                                                IN JAIL

### CHANGE IN STATUS IN CRIMINAL CASE

The status of the above styled cause has been changed as follows:

Offense:                 POSS CS PG 1 <1G
Date of Offense:         05/13/2017
Date of Arrest:          05/13/2017
Method of Disposition:Guilty by the Court (OCA)


Defendant found guilty of:   Charge:  POSS CS PG 1 <1G
Punishment Assessed:         NINE (9) MONTHS STATE JAIL FACILITY

Sentence to Begin:           11/15/2017
Credit for Time Served:      102 DAYS
Fine:
Court Cost:                  289.00
Restitution:


Comments:



11/15/2017                           \s\ *Shelley Willoughby*
                                     Judge or Authorized Agent

EXHIBIT 1



# Bail Bond - BILLY JOHNSON

**Surety Bail Bond #508614**

| | | | |
|---|---|---|---|
| Bond Company: Strike Three Bonds | Warrant: | ONSIGHT | Court: | 241st District Court |
| Principal: **BILLY JOHNSON** | Cause No.: | | Date: | 8/11/2017 |
| Status: **Reviewed 5/17/2017** | Book No.: | B17-03263 | Time: | 8:00 AM |
| | SO#: | 106145 | Place: | 100 N. Broadway, Room 220 |
| | | | Receipt: | 10662 - $0.00 |

## Agreement:

    Know all men by these presents, that we, BILLY JOHNSON, as principal, and the undersigned Strike Three Bonds as sureties, are held and firmly bound unto the STATE OF TEXAS, in the penal sum of $1,500.00 Dollars and, in addition thereto, we are bound for the payment of all fees and expenses that may be incurred by any peace officer in re-arresting the said principal in the event any of the hereinafter stated conditions of this bond are violated for the payment of which sum or sums well and truly to be made, we do bind ourselves, and each of us, heirs, executors, and administrators, jointly and severally.

    The conditions of this bond are that the defendant was arrested on 5/13/2017 and has been charged with **POSS CS PG 1 <1G, a State Jail Felony offense and to secure his/her release from custody** is entering into this obligation binding him/her to appear before the 241st District Court, the State of Texas.

    Now therefore, if the said principal shall well and truly make his personal appearance before said court instanter as well as before any other court to which the same may be transferred and for any and all subsequent proceedings that may be had relative to said charge in the course of criminal actions based on said charge, and there remain from day to day and term to term of said courts, until discharged by due course of law, then and there to answer said accusation against him/her, this obligation shall become void, otherwise to remain in full force and effect.

Taken and approved: 5/17/2017          By (Deputy): JOHN MCLEAN

Surety (Owner/Agent): Strike Three Bonds (Owner, Judy Bobbitt)
BY /s/ Judy Bobbitt _____ this 17 day of May, 2017

| | |
|---|---|
| Surety Employee: DWAYNE HUNT | CoSurety: GWENDOLYN SMITH |
| Address: PO Box 8328 | Address: 20544 FM 850 |
| City/State/Zip: Tyler, TX 75711 | City/State/Zip: ARP/TX/75750 |
| Phone: 903-597-9050 | Phone: 590-6550 |
| Submitted: 5/17/2017 | /s/ GWENDOLYN SMITH |
| Status: Reviewed at 5/17/2017 | |

## Principal Identification:

| | | |
|---|---|---|
| SSN: ***-**-3978 | Address: 1238 CR 24 | Hair: BLK |
| DL#/State: ****9260 / TX | City/State/Zip: Tyler, TX 75705 | Eyes: BRO |
| DOB:    1959 | Phone: 903-565-0619 | Height: 6' 1 |
| Sex: Male | | Weight: 180 |
| Race: Black | | **Right Thumb Print:** |

Signed by Principal: _____      Dated: Wednesday, May 17, 2017

## Declaration of Sureties:

THE STATE OF TEXAS
COUNTY OF SMITH

We, each of us, Judy Bobbitt and GWENDOLYN SMITH  pursuant to section 132.001 of the Texas Civil Practice and Remedies Code does hereby declare under penalty of perjury that he or she is worth in his or her own right at least the sum of $3,000.00 Dollars, after deducting from his or her property all that which is exempt by the Constitution and Laws of this State from forced sale, and after the payment of all our debts, of every description, whether individual or security debts, and after satisfying all encumbrances upon our property which are known to us; and that the surety or agent of the surety resides in the County of Smith and has property in the State liable to execution worth:

    THE SAID Strike Three Bonds SUM OF $3,000.00 DOLLARS
    THE SAID COSURETY GWENDOLYN SMITH SUM OF $6,000.00 DOLLARS

BY /s/ Judy Bobbitt _____ this 17 day of May, 2017

BY JOHN MCLEAN _____, DEPUTY this 17 day of May, 2017

page 1 of 1          5/17/2017

Smith County - All Rights Reserved

EXHIBIT 1

**Cause Number 241-1243-17**

| THE STATE OF TEXAS | § | IN THE 241st JUDICIAL |
|---|---|---|
| VS. | § | DISTRICT COURT |
| BILLY RAY JOHNSON | § | SMITH COUNTY, TEXAS |

## ACKNOWLEDGMENT OF DISCOVERY AND COMPLIANCE WITH ARTICLE 39.14 OF THE TEXAS CODE OF CRIMINAL PROCEDURE

The undersigned parties hereby certify that the State of Texas has provided discovery equal to or greater than required by Texas Code of Criminal Procedure Art. 39.14. Defense Counsel acknowledges that non-public information received pursuant to Article 39.14 is not subject to disclosure without a court order. Defense Counsel further acknowledges that he must redact discovery as set forth by statute prior to showing this information to Defendant. The original Discovery Compliance documents are attached hereto in __1__ pages. The written discovery in this case has been bate-stamped with the numbers 1 through _94_ (+ /thobodin)

### SIGNATURES AND ACKNOWLEDGEMENTS

Date: 11/14/17

ATTORNEY FOR THE STATE
Printed Name: James Enloch
State Bar Number: 24086169

Date: 11/13/17

ATTORNEY FOR THE DEFENDANT
Printed Name: Clifton L Roberson
State Bar Number: 16956222

___ I, the Defendant herein, acknowledge that my attorney has explained to me, and provided me the opportunity to review the above referenced items.

_____ I, the Defendant herein, acknowledge that the State has provided me an opportunity to review the above referenced items.

Date: 11/13/17

DEFENDANT
Printed Name: Billy RAY Johnson

The Court accepts this Acknowledgment of Discovery as compliance with Article 39.14 of the Texas Code of Criminal Procedure, and such is filed with the Court on this 15th day of November, 2017.

FILED
NOV 15 2017

JUDGE PRESIDING

CLERK, 241st DISTRICT COURT SMITH CO. TX
BY_____ DEPUTY

**STATE'S EXHIBIT #3**

EXHIBIT 1

**FELONY DISCOVERY COMPLIANCE FORM**
**SMITH COUNTY DISTRICT ATTORNEY'S OFFICE**

DATE: _November 2_ , 2017
TO: COURT / DEFENSE ATTORNEY
DEFENDANT: BILLY RAY JOHNSON
OFFENSE: POSSESSION OF CONTROLLED SUBSTANCE
CAUSE #: 241-1243-17

I.   **WITNESS LIST:** (X) States Response to Request to List Witnesses/ ( ) See attached subpoena request
 (X) Any and all law enforcement agents, civilians, and/or individuals listed and/or mentioned in offense reports, laboratory reports, and any other material provided through discovery and/or attached hereto.

II.  **ADDITIONAL WITNESSES:**
 (X) a) for purposes of proving identity of defendant with regard to evidence or prior offenses:
  Inv. Craig Williams (TPD), Sgt. Jeff Rackliff (TPD), Inv. Donald Malmstrom (TPD), Inv. Noel Martin (SCSO), Inv. Justin Hall, Inv. Travis Breazeale and any other current or former officer with the Tyler Police Department or Smith County Sheriff's Office, any current or former prosecutor, or any current or former probation or parole officer.
 (X) b) Jo Ann Williamson,  Christi McDowell, Ken Tullos or any other custodian of law enforcement property rooms.
 (X) c) Nelson Downing, Chet Thomas, Jay Zehran, or any other current or former employee or agent of Smith County Juvenile Services,  Gerald Hayden, Clifford Balch or any other current or former employee of Smith County Adult Probation Services, and/or any current or former parole officer with the State of Texas to offer testimony at punishment stage.
 (X) d) Amanda Cook (TPD), Paula Cain (SCSO), Yolanda Muhammad (9-1-1 Center), or any other current or former dispatcher or call taker.
 **EXPERT WITNESSES:**
 (X) a) Scott Brown (DPS) - Technical Supervisor, Sgt.  Ricky White (DPS), Sgt. Jimmy Jackson (DPS), Sgt. Adam Nelson (DPS), Trooper Nicholas Castle (DPS), or Trooper Steven Hodge (DPS) - Drug Recognition Experts, on all cases involving the possession or consumption of alcohol or any controlled substance.
 (X) b) D. Keith Pridgen, Claybion Cloud, Karen Ream, Karen Shumate, Chance Cline, Eloisa Esparza, Karen Collins, Stephanie Jackson, Caroline Allen, Robert Prince, and/or Nathan Tunnell (DPS Laboratory - Tyler).

III. **PHYSICAL EVIDENCE:**
 (X) Photos, Diagrams
 (X) Narcotics and Paraphernalia
 (X) See Lab Report Attached
 **(X)** All physical evidence is available and a time may be arranged for viewing by contacting Melissa Wilgus at 590-1720, 48 hours prior to time wishing to view same.
 ( ) See Property Report Attached
 (X) Video
 ( ) Other _ Flashdrive_

IV.  **WRITTEN CONFESSION:** ( ) yes (X) no ( ) see attached

V.   **ORAL STATEMENTS:** (X) yes ( ) no ( ) see attached

VI.  **VIDEO STATEMENTS:** All videos and/or photographs are available and a time may be arranged for viewing by contacting Melissa Wilgus at 590-1720, 48 hours prior to time wishing to view same.

 ( X a) Defendant: (X) yes ( ) no
 ( ) b) Witness:  (X) yes ( ) no ( ) available pursuant to Rule 615 of Texas Rules of Evidence

VII. **DEFENDANT'S PRIOR CRIMINAL RECORD:** ( ) none ( ) attached ( ) pen pack available for inspection
  (X) all other convictions detailed in attached criminal history

VIII. (X) STATE INTENDS TO OFFER EXTRANEOUS OFFENSES OR BAD ACTS INCLUDED IN ATTACHED DOCUMENTS, AND PROVIDED THROUGH DISCOVERY, INCLUDING DEFENDANT'S PRIOR CRIMINAL HISTORY AS WELL AS ANY BOND VIOLATION COMMITTED BY THE DEFENDANT WHILE ON BOND FOR THIS OFFENSE, UNDER 404(B) AND 609 RULES OF EVIDENCE AND 37.07(3)(G) CODE OF CRIMINAL PROCEDURE

IX   The State requests notice of the name and address of each person the Defendant may use at trial to present evidence under Rules 702, 703, and 705, Texas Rules of Evidence, pursuant to Article 39.14(b), Texas Code of Criminal Procedure.

X.   **EXCULPATORY EVIDENCE:** (X) see attached

XI.  THIS CERTIFIES THAT BATES STAMPED DOCUMENTS,  NUMBERED ___1___ THROUGH _99_ , WERE MADE AVAILABLE TO DEFENSE COUNSEL ON THE ABOVE FILE-MARKED DATE.

EXHIBIT 1

**CAPIAS**
SAME AS 17-508614-J4
CAUSE NO. 241-1243-17

THE STATE OF TEXAS
VS.
**BILLY RAY JOHNSON**
ADDRESS: **1238 CR 24 Tyler, TX 75705**
D.O.B.: /1959; TX DL: **TX    260**
RACE: **Black** ; SEX: **Male**; SSN:    3978
WT: **180 Lbs.**; HT: **6 Ft. 1 In.**; HAIR: **Black**; EYES:  **Brown**
BOND AMOUNT: **$10,000.00 WITH CONDITIONS**

2017 SEP 27 §PM 12: 06
SMITH COUNTY, TEXAS
BY _____

IN THE 241ST DISTRICT COURT
OF
SMITH COUNTY, TEXAS



## THE STATE OF TEXAS

TO ANY **PEACE OFFICER** OF THE STATE OF TEXAS, GREETINGS:

**YOU ARE HEREBY COMMANDED** to arrest BILLY RAY JOHNSON and safely keep said Defendant, so that you have said Defendant before the Honorable District Court of the 241st District Court of Texas, sitting in and for Smith County, Texas, at the Courthouse of said County, in the City of Tyler, Texas, INSTANTER this term of said Court, then and there to answer **THE STATE OF TEXAS** upon an **INDICTMENT** in said Court pending, wherein said Defendant is charged with the offense of  **POSS CS PG 1 <1G** in violation of the Penal Laws of said State.

**HEREIN FAIL NOT,** but of this Writ make due return **INSTANTER**, with your action thereon.

**WITNESS** my signature and official seal of office in the City of Tyler, Texas, on this the 20th day of September, 2017

_____
Jack Skeen, Jr.
JUDGE, 241st District Court
SMITH COUNTY, TEXAS

LOIS ROGERS, DISTRICT CLERK
241st District Court
SMITH COUNTY, TEXAS

BY: *Terry Morrow*
Terry Morrow, DEPUTY

## SHERIFF'S RETURN

Came to hand the _____ day of _____, A.D., 201___, and executed on the _____ day of _____, A.D., 201___, by arresting the within named Defendant, BILLY    RAY    JOHNSON,    who    has    (given    bond)    (been    placed    in jail)_____Returned    on    this SERVED _____ day    of _____, 201___ Arresting Agency _____ S O

Fees: Making arrest................ $_____
_____ Miles going b/p/r/c........ _____
_____ Miles returning b/p/r/c.. _____
            **TOTAL $_____**

Detaining Facility _____ SCJ
SHERIFF/CONSTABLE
Officer Name _____ Booker _____ COUNTY, TEXAS
Date of Arrest _____ 9/26/17
BY:
Returned By _____
DEPUTY SHERIFF/CONSTABLE

EXHIBIT 1

## FELONY DISCOVERY COMPLIANCE FORM
## SMITH COUNTY DISTRICT ATTORNEY'S OFFICE

DATE: *November 2*, 2017

TO:            COURT / DEFENSE ATTORNEY

DEFENDANT:     BILLY RAY JOHNSON

OFFENSE:       POSSESSION OF CONTROLLED SUBSTANCE

CAUSE #:       241-1243-17

I.    **WITNESS LIST:** (X) States Response to Request to List Witnesses ( ) See attached subpoena request

(X)    Any and all law enforcement agents, civilians, and/or individuals listed and/or mentioned in offense reports, laboratory reports, and any other material provided through discovery and/or listed herein.

II.   **ADDITIONAL WITNESSES:**

(X) a)    for purposes of proving identity of defendant with regard to evidence or prior offenses:
Inv. Craig Williams (TPD), Sgt. Jeff Rackliff (TPD), Inv. Donald Malmstrom (TPD), Inv. Noel Martin (SCSO), Inv. Justin Hall, Inv. Travis Breazeale and any other current or former officer with the Tyler Police Department or Smith County Sheriff's Office, any current or former prosecutor, or any current or former probation or parole officer.

(X) b)    Jo Ann Williamson, Christi McDowell, Ken Tullos or any other custodian of law enforcement property rooms.

(X) c)    Nelson Downing, Chet Thomas, Jay Zehran, or any other current or former employee or agent of Smith County Juvenile Services, Gerald Hayden, Clifford Balch or any other current or former employee of Smith County Adult Probation Services, and/or any current or former parole officer with the State of Texas to offer testimony at punishment stage.

(X) d)    Amanda Cook (TPD), Paula Cain (SCSO), Yolanda Muhammad (9-1-1 Center), or any other current or former dispatcher or call taker.

**EXPERT WITNESSES:**

(X) a)    Scott Brown (DPS) - Technical Supervisor, Sgt. Ricky White (DPS), Sgt. Jimmy Jackson (DPS), Sgt. Adam Nelson (DPS), Trooper Nicholas Castle (DPS), or Trooper Steven Hodge (DPS) - Drug Recognition Experts, on all cases involving the possession or consumption of alcohol or any controlled substance.

(X) b)    D. Keith Pridgen, Claybion Cloud, Karen Ream, Karen Shumate, Chance Cline, Eloisa Esparza, Karen Collins, Stephanie Jackson, Caroline Allen, Robert Prince, and/or Nathan Tunnell (DPS Laboratory - Tyler).

III.  **PHYSICAL EVIDENCE:**

( ) Photos, Diagrams

( ) Narcotics and Paraphernalia

( ) See Lab Report Attached

(X) All physical evidence is available and a time may be arranged for viewing by contacting Melissa Wilgus at 590-1720, 48 hours prior to time wishing to view same.

( ) See Property Report Attached

( ) Video

( ) Other *Flashdrive*

IV.   **WRITTEN CONFESSION:** ( ) yes (X) no ( ) see attached

V.    **ORAL STATEMENTS:** (X) yes ( ) no ( ) see attached

VI.   **VIDEO STATEMENTS:** All videos and/or photographs are available and a time may be arranged for viewing by contacting Melissa Wilgus at 590-1720, 48 hours prior to time wishing to view same.

( X a) Defendant: (X) yes ( ) no

( b) Witness: (X) yes ( ) no ( ) available pursuant to Rule 615 of Texas Rules of Evidence

VII.  **DEFENDANT'S PRIOR CRIMINAL RECORD:** ( ) none ( ) attached ( ) pen pack available for inspection

(X) all other convictions detailed in attached criminal history

VIII. (X) **STATE INTENDS TO OFFER EXTRANEOUS OFFENSES OR BAD ACTS INCLUDED IN ATTACHED DOCUMENTS, AND PROVIDED THROUGH DISCOVERY, INCLUDING DEFENDANT'S PRIOR CRIMINAL HISTORY AS WELL AS ANY BOND VIOLATION COMMITTED BY THE DEFENDANT WHILE ON BOND FOR THIS OFFENSE, UNDER 404(B) AND 609 RULES OF EVIDENCE AND 37.07(3)(G) CODE OF CRIMINAL PROCEDURE**

IX.   The State requests notice of the name and address of each person the Defendant may use at trial to present evidence under Rules 702, 703, and 705, Texas Rules of Evidence, pursuant to Article 39.14(b), Texas Code of Criminal Procedure.

X.    **EXCULPATORY EVIDENCE:** (X) see attached

XI.   THIS CERTIFIES THAT BATES STAMPED DOCUMENTS, NUMBERED __1__ THROUGH __99__, WERE MADE AVAILABLE TO DEFENSE COUNSEL ON THE ABOVE FILE-MARKED DATE.

EXHIBIT 1

# CRIMINAL DOCKET – CAUSE NO. 241-1243-17

| NAMES OF PARTIES | ATTORNEYS | OFFENSE | DATE OF FILING |
|---|---|---|---|
| THE STATE OF TEXAS | MATT BINGHAM – STATE | POSS CS PG 1 <1G | 09/14/2017 |
| VS. | | Offense Date:   05/13/2017<br>Arrest Date:   05/13/2017 | CHARGING INSTRUMENT: |
| **BILLY RAY JOHNSON**<br>BlackMale  DOB:        1959<br>1238 CR 24  Tyler, TX  75705 | CLIFTON ROBERSON | Bond Amt:      $10K<br>Bond Co: | INDICTMENT |

| DATE OF ORDERS Month/Day/Year | | | ORDERS OF THE COURT |
|---|---|---|---|
| 09/14/2017 | | | INDICTMENT |
| 09/14/2017 | | | GRAND JURY MINUTES |
| 09/20/2017 | | | ORDER OF TRANSFER |
| 09/20/2017 | | | ORDER TRANSFER ( ) / RECEIVING ( ) |
| 09 | 20 | 17 | CAPIAS, PRECEPT AND CONDITIONS OF BOND ISSUED |
| 09 | 20 | 17 | SCHEDULING ORDER |
| 11 | 15 | 17 | *Case Called - defendant present w/ attorney, defendant Plead Guilty and Sentenced to Nine (9) months State Jail Facility* |
| 11 | 15 | 17 | PLEA PAPERS |
| 11 | 15 | 17 | TRIAL COURT CERTIFICATION |
| 11 | 15 | 17 | WAIVER OF MOTION FOR NEW TRIAL |
| 11 | 15 | 17 | ACKNOWLEDMENT OF DISCOVERY AND COMPLIANCE |
| 11 | 15 | 17 | CHANGE IN STATUS |
| 11 | 15 | 17 | JUDGMENT OF CONVICTION |

EXHIBIT 1

Page 1 of 1

**INDICTMENT**   241-1243-17

| | |
|---|---|
| THE STATE OF TEXAS | IN THE 114TH DISTRICT COURT |
| VS. | OF |
| BILLY RAY JOHNSON | SMITH COUNTY, TEXAS |

3549014 FSJ

Charge: Possession of a Controlled Substance   Article:  481.115   Control #: 17-04174

### IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS:

THE GRAND JURORS, duly selected, organized, sworn and impaneled as such for the County of Smith, State of Texas, at the July-December Term, 2017, of the 114TH Judicial District Court in and for said County, a quorum thereof being present, upon their oaths present in and to said Court, that on or about the 12th day of May, 2017, and anterior to the presentment of this Indictment, in the County of Smith and State of Texas, BILLY RAY JOHNSON did then and there intentionally and knowingly possess a controlled substance, namely, methamphetamine, in an amount of less than one gram, including any adulterants and dilutants;

AGAINST THE PEACE AND DIGNITY OF THE STATE.

Foreman of the Grand Jury

F I L E D

SEP 14 2017

CLERK, 114th JUD. DIST. COURT
BY

17-50861434

| | | |
|---|---|---|
| Original- Pink | State's Copy- Green | Defendant's Copy- Canary |

EXHIBIT 1

**THE STATE OF TEXAS**
**COUNTY OF SMITH**

    I, Lois Rogers, Clerk of the District Court within and for the County and State aforesaid, do hereby certify that the foregoing contains a true and correct copy of the Indictment in Cause No. _____, of the State of Texas vs _____ as now on file in this office.

    IN TESTIMONY WHEREOF I hereto set my hand and seal, this _____ day of _____, A.D. 20_____.

                              **LOIS ROGERS**
                             Clerk of the District Court

By_____         Smith County, Texas
           Deputy

---

NO. _____

THE STATE OF TEXAS
VS

**INDICTMENT**

OFFENSE

D. Matt Bingham
Criminal District Attorney
Smith County, Texas

A TRUE BILL

Foreman of the Grand Jury

AMOUNT OF BAIL: $ *10,000*
File this _____ day of _____
20\_\_\_\_\_

LOIS ROGERS
Clerk of the District Court
Smith County, Texas

BY: _____
       Deputy

WITNESSES

EXHIBIT 1



## Bail Bond - BILLY JOHNSON

241-1243-17

| | | | |
|---|---|---|---|
| **Surety Bail Bond #508614** | **Warrant:** ONSIGHT | **Court:** | 241st District Court |
| **Bond Company:** Strike Three Bonds | **Cause No.:** | **Date:** | 8/11/2017 |
| **Principal:** BILLY JOHNSON | **Book No.:** B17-03263 | **Time:** | 8:00 AM |
| **Status:** Reviewed 5/17/2017 | **SO#:** 106145 | **Place:** | 100 N. Broadway, Room 220 |
| | | **Receipt:** | 10662 - $0.00 |

### Agreement:

Know all men by these presents, that we, BILLY JOHNSON, as principal, and the undersigned Strike Three Bonds as sureties, are held and firmly bound unto the STATE OF TEXAS, in the penal sum of $1,500.00 Dollars and, in addition thereto, we are bound for the payment of all fees and expenses that may be incurred by any peace officer in re-arresting the said principal in the event any of the hereinafter stated conditions of this bond are violated for the payment of which sum or sums well and truly to be made, we do bind ourselves, and each of us, heirs, executors, and administrators, jointly and severally.

The conditions of this bond are that the defendant was arrested on 5/13/2017 and has been charged with **POSS CS PG 1 <1G, a State Jail Felony offense and to secure his/her release from custody** is entering into this obligation binding him/her to appear before the 241st District Court, the State of Texas.

Now therefore, if the said principal shall well and truly make his personal appearance before said court instanter as well as before any other court to which the same may be transferred and for any and all subsequent proceedings that may be had relative to said charge in the course of criminal actions based on said charge, and there remain from day to day and term to term of said courts, until discharged by due course of law, then and there to answer said accusation against him/her, this obligation shall become void, otherwise to remain in full force and effect.

Taken and approved: 5/17/2017                    By (Deputy): JOHN MCLEAN

F I L E D

Surety (Owner/Agent): Strike Three Bonds (Owner, Judy Bobbitt)
BY /s/ Judy Bobbitt                              this 17 day of May, 2017

SEP 19 2017

| | |
|---|---|
| Surety Employee: DWAYNE HUNT | CoSurety: GWENDOLYN SMITH |
| Address: PO Box 8328 | Address: 20544 FM 850 |
| City/State/Zip: Tyler, TX 75711 | City/State/Zip: ARP/TX/75750 |
| Phone: 903-597-9050 | Phone: 590-6550 |
| Submitted: 5/17/2017 | /s/ GWENDOLYN SMITH |
| Status: Reviewed at 5/17/2017 | |

LOIS ROGERS
CLERK, 241st DIST. COURT, SMITH CO. TX
BY _____ DEPUTY

### Principal Identification:

| | | |
|---|---|---|
| SSN: ***-**-3978 | Address: 1238 CR 24 | Hair: BLK |
| DL#/State: ****9260 / TX | City/State/Zip: Tyler, TX 75705 | Eyes: BRO |
| DOB:        1959 | Phone: 903-565-0619 | Height: 6' 1 |
| Sex: Male | | Weight: 180 |
| Race: Black | | **Right Thumb Print:** |

Signed by Principal: _Billy R. Johnson_                    Dated: Wednesday, May 17, 2017

### Declaration of Sureties:

THE STATE OF TEXAS
COUNTY OF SMITH
We, each of us, Judy Bobbitt and GWENDOLYN SMITH pursuant to section 132.001 of the Texas Civil Practice and Remedies Code does hereby declare under penalty of perjury that he or she is worth in his or her own right at least the sum of $3,000.00 Dollars, after deducting from his or her property all that which is exempt by the Constitution and Laws of the State from forced sale, and after the payment of all our debts, of every description, whether individual or security debts, and after satisfying all encumbrances upon our property which are known to us: and that the surety or agent of the surety resides in the County of Smith and has property in the State liable to execution worth:

THE SAID Strike Three Bonds SUM OF $3,000.00 DOLLARS
THE SAID COSURETY GWENDOLYN SMITH SUM OF $6,000.00 DOLLARS

BY /s/ Judy Bobbitt _____ this 17 day of May, 2017

BY JOHN MCLEAN _____, DEPUTY this 17 day of May, 2017

page 1 of 1                                          5/17/2017

Smith County - All Rights Reserved

EXHIBIT 1



| | | SO Number | Booking Number | PID |
| --- | --- | --- | --- | --- |
| | | 106145 | B17-03263 | 30389 |
| | **Smith County Sheriff's Office Booking Sheet** | Arresting Agency | | Incident Case # |
| | | Smith County Sheriff's Office | | 17-12218; 17-12218; 17-12218 |

## Arrested Person Information

| Name (Last, First, Middle) | | | | Alias / Nickname | | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| JOHNSON, BILLY RAY | | | | | | | |

| DOB | Gender | Race | Ethnicity | DL Number | DL State | DL Type | SSN |
| --- | --- | --- | --- | --- | --- | --- | --- |
| /195 9 | Male | Black | Non Hispanic | 09219260 | Texas | Class C | 978 |

| Address | City | State | Zip | Home Phone | Work Phone | Cell Phone |
| --- | --- | --- | --- | --- | --- | --- |
| 1238 CR 24 | TYLER | TX | 75705 | 903-565-0619 | 903-565-0619 | 903-565-0619 |

| POB | Hgt / | Weight | Hair | Eyes | Build |
| --- | --- | --- | --- | --- | --- |
| DALLAS, TX United States | 6 Ft. 1 In. | 180 | Black | Brown | MED |

| Complexion | State | FBI # | State ID | Person ID | Other Agency # | Agency |
| --- | --- | --- | --- | --- | --- | --- |
| Dark | United States | 107746TA2 | 03951524 | 30389 | | |

## Arrest/Booking Info

| Arrest Date | Arrest Time |
| --- | --- |
| 05/13/2017 | 1:15 AM |
| Arresting Agency | Arrest Officer/Badge Number |
| Smith County Sheriff's Office | NIETO, E. / 389635 |
| Arrest Location | |
| GISH/ MELISSA RD | |
| Booking Date | Booking Time |
| 05/13/2017 | 5:12 AM |
| Custody Status | Classification |
| F. Pretrial Felons (do not include Parole Violators, etc.) | Medium Pre-Sentence (5) |
| Inmate Account Balance | Inmate Current Cell |
| 6.28 | Holding Tank 3 |

## Property

| Quantity | Description | Location | Bag # |
| --- | --- | --- | --- |
| 1 | clothing , misc items | Property | GB 0273 |

## Charge(s)

| Warrant # | Hold Reason | Offense | Code | Issuing Auth | TRN # | Bond Amt | Bond Type | Fine |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| ON SIGHT | Warrantless/On-View | TAMPER/FABRICATE PHYS EVID W/INTENT TO IMPAIR | 48040003 | 241 | 9061743419 | 3,000.00 | Surety Bond | |
| ON SIGHT | Warrantless/On-View | POSS CS PG 1 <1G | 35990014 | 241 | 9061743419 | 1,500.00 | Surety Bond | |
| ON SIGHT | Warrantless/On-View | POSS CS PG 1 <1G | 35990014 | 241 | 9061743419 | 1,500.00 | Surety Bond | |

EXHIBIT 1

Cause No. 241-1243-17

| THE STATE OF TEXAS | IN THE 241st District Court |
| --- | --- |
| VS | OF |
| BILLY RAY JOHNSON | SMITH COUNTY TEXAS |

## BILL OF COSTS

| Fee Code | Fee Description | Initial | Balance |
| --- | --- | --- | --- |
| DCSCSO | Arrest Fee - Smith County Sheriff's Office $5.00 | $5.00 | $5.00 |
| DCCLERK | Clerk's Filing Fee $40 | $40.00 | $40.00 |
| DCCCC | Consolidated Court Costs Fee $133 | $133.00 | $133.00 |
| DCCTF | Court Technology Fee $4 | $4.00 | $4.00 |
| DCCHS | Courthouse Security Fee $5 | $5.00 | $5.00 |
| DCDCP | Drug Court Program $60 | $60.00 | $60.00 |
| DCEFILE | E-Filing Fee $5 | $5.00 | $5.00 |
| DCIDF | Indigent Defense Fee $2 | $2.00 | $2.00 |
| DCSJFC | Judicial Support Fee - (County) $.60 | $0.60 | $0.60 |
| DCSJFS | Judicial Support Fee - (State) $5.40 | $5.40 | $5.40 |
| DCJRF | Jury Reimbursement Fee $4 | $4.00 | $4.00 |
| DCRMP | Records Management & Preservation Fee $2.50 | $2.50 | $2.50 |
| DCRM | Records Management Fee $22.50 | $22.50 | $22.50 |

Total: | $289.00 | $289.00 |

An additional time payment fee of $25.00 will be assessed if any part of a fine, court costs, or restitution is paid on or after the 31ST day after the date the judgment assessing the fine, court costs or restitution is entered. *See Texas Local Government Code, Section 133.103.*

Date: 11/20/2017            Deputy: *Terry Morrow*

Terry Morrow



EXHIBIT 1

CASE NO. . 241-1243-17          COUNT 1

INCIDENT NO./TRN: 9061743419

| | | | |
|---|---|---|---|
| THE STATE OF TEXAS | § | IN THE 241ST DISTRICT COURT 2017 | FILED |
| | § | | |
| V. | § | | |
| | § | CLERK, 241st DISTRICT COURT, SMITH CO. TX | |
| BILLY RAY JOHNSON | § | SMITH COUNTY, TEXAS BY | DEPUTY |
| | § | | |
| STATE ID NO.: TX-03951524 | § | | |

# JUDGMENT OF CONVICTION BY COURT

## WAIVER OF JURY TRIAL

| Judge Presiding: | HON. Jack Skeen Jr. | Date Order Entered: 11/15/2017 |
|---|---|---|
| Attorney for State: | **JEFF BULLOCK** | Attorney for Defendant: **CLIFTON ROBERSON** |

Offense:
**POSS CS PG 1 <1G**

| Charging Instrument: | Statute for Offense: |
|---|---|
| Adult Felony - Filed by Indictment | 481.115(b) |

Date of Offense:
05/13/2017

| Degree of Offense: | Plea to Offense: | Findings on Deadly Weapon: |
|---|---|---|
| **State Jail Felony** | **Guilty** | **N/A** |

Terms of Plea Bargain:
**REFLECTED IN JUDGMENT**

| Plea to 1st Enhancement Paragraph: | **N/A** | Plea to 2nd Enhancement/Habitual Paragraph: | **N/A** |
|---|---|---|---|
| Findings on 1st Enhancement Paragraph: | **N/A** | Findings on 2nd Enhancement/Habitual Paragraph: | **N/A** |
| Plea on Jurisdictional Paragraph: | **N/A** | | |
| Findings on Jurisdictional Paragraph: | **N/A** | | |

| Punishment and Place of Confinement: | **NINE (9) MONTHS State Jail Facility** |
|---|---|

DATE SENTENCE IMPOSED: **11/16/2017**          DATE SENTENCE TO COMMENCE: **11/16/2017**

The Court Finds Defendant is convicted of a State Jail Felony and **IS NOT**
presumptively entitled to diligent participation credit in accordance with
Code of Criminal Procedure, article 42.12, Section 15(h).  TEX.CODE CRIM. PROC. Art. 42.0199

## THIS SENTENCE SHALL RUN CONCURRENTLY

| Fine: | Court Costs: | Restitution: | Restitution Payable to: |
|---|---|---|---|
| $0.00 | $289.00 | $0.00 | |

Sex Offender Registration Requirements DO NOT APPLY to the Defendant.

| Time Credited: | 102 Days |
|---|---|

EXHIBIT 1

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in Smith County, Texas. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**

XXX Defendant appeared in person with Counsel.

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. The Court then admonished Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court found Defendant guilty of the offense indicated above. In the presence of Defendant, the Court pronounced sentence against Defendant.

The Court FINDS Defendant committed the above offense and ORDERS, ADJUDGES AND DECREES that Defendant is GUILTY of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

**Punishment Options**

XXX **Confinement in a State Jail Facility.** The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the Director, State Jail Facility. The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the Smith County District Clerk's Office. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

**Execution / Suspension of Sentence (select one)**

XXX The Court ORDERS Defendant's sentence EXECUTED.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

**XXX Attachment A, Order to withdraw funds, is incorporated into this judgment and made a part hereof.**

**Furthermore, the following special findings or orders apply:**

Court approves Defendant's written waiver of right to appeal.

**Signed and Ordered on This 15th Day Of November, 2017**

X _____

Jack Skeen Jr., JUDGE PRESIDING

Clerk: Denise Langston

Right Thumb

EXHIBIT 1

CASE NO. . 241-1243-17       COUNT 1

INCIDENT NO./TRN: 9061743419

| THE STATE OF TEXAS | § | IN THE 241ST DISTRICT COURT |
| | § | |
| V. | § | |
| | § | |
| BILLY RAY JOHNSON | § | SMITH COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX-03951524 | § | |

## ATTACHMENT A
## ORDER TO WITHDRAW FUNDS

TO;  INMATE TRUST ACCOUNT TEXAS DEPARTMENT OF CRIMINAL JUSTICE

COPY TO:   **BILLY RAY JOHNSON**          TDCJ#:          SID#:

GREETINGS:

THE ABOVE named Texas Department of Criminal Justice offender has of this date been assessed court costs, fees and/or restitution in the 241ST District of Smith County, Texas, in the above entitled cause in accordance with the sentence imposed as reflected in the judgment to which this Order is attached. The Court finds that the offender is unable to pay court costs, fees and/or fines and or restitution on this date and that the funds shall be withdrawn from the offender's Inmate Trust Account.  Court costs, fees and/or fines and/or restitution have been incurred in the amount $289.00 .

THE COURT ORDERS that payment be made out of the offender's Inmate Trust account as follows:

Pay an initial amount equal to the lesser of:

      (1)  15% of the account balance up to and including $100, plus 25% of any portion of the account balance that is between $100.01 and $500 inclusive, plus 50% of any partition of the account Balance that is more than $500; or

      (1)  The total amount of court costs, fees and/or fines and/or restitution that remains unpaid. After the payment of the initial amount, the offender shall pay an amount equal to the lesser of:

      (1)  10% of each deposit in the offender's Inmate Trust Account; or
      (1)  The total amount of court costs, fees and/or fines and/or restitution that remains unpaid/ Payments are to continue until the total amount of the court costs, fees and/or fines and/or restitution are paid, or the offender is released from confinement.

On receipt of a copy of this Judgment, the department (Inmate Trust Account) shall withdraw money from the trust account of the offender, hold same in a separate account, and shall forward said money to the Smith County District District Clerk, 100 North Broadway #204 Tyler, Texas 75702 on the earlier of the following dates:
      (1)  Monthly
      (1)  The date the total amount to be forwarded equals the total amount which remains unpaid; or
      **(2)  The date the offender is released.**

THIS ORDER is entered and incorporated into the Judgment and Sentence of this Court and pursuant to Government Code, Section 501.014 on **This  15th day of November, 2017**

EXHIBIT 1



FILED
LOIS ROGERS
DISTRICT CLERK
2017 NOV 30 PM 12: 26
SMITH COUNTY TEXAS
BY _____ DEPUTY

# PEN PACK COVER SHEET

## TO: SMITH COUNTY JAIL, COMMITMENTS DIVISION

### WHEN PEN PACKS ARE RECEIVED BY YOUR OFFICE PLEASE SIGN THIS FORM AND RETURN IT TO Terry Morrow IN THE DISTRICT CLERK'S OFFICE

### THANK YOU

**Terry Morrow241st District Court FELONY CRIMINAL CLERK**

## DEFENDANT: BILLY RAY JOHNSON

## CAUSE NUMBER: 241-1243-17

DATE PEN PACK COMPLETED: _____11.20.2017_____

PEN PACK COMPLETED BY: Terry Morrow

DATE PEN PACK SENT: _____11/28/17_____

DATE RECEIVED: _____11-28-17_____

RECEIVED BY: _____Sgt Blalock_____

*NOTE: IF THIS FORM IS NOT RETURNED TO: Terry Morrow
IN THE DISTRICT CLERK'S OFFICE, THE CLERK WILL ASSUME
THAT THE PEN PACK WAS NOT RECEIVED

PLEASE RETURN AS SOON AS POSSIBLE.

EXHIBIT 1

CAUSE NUMBER: 241-1243-17

| THE STATE OF TEXAS | § | IN THE 241ST JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| BILLY RAY JOHNSON | § | SMITH COUNTY, TEXAS |

FILED
NOV 15 2017

CLERK, 241st JUDICIAL DISTRICT COURT SMITH CO., TX
DEPUTY

POSSESSION OF CONTROLLED SUBSTANCE

### AGREED PUNISHMENT RECOMMENDATION

As a result of negotiations between the parties, it is mutually recommended to the Court that:

1. Punishment be assessed at:
   _____ years in the TDCJ-ID
   _____ in the Smith County Jail
   _____ in a State Jail Facility
   $_____ Fine

2. ( ) PROBATION is recommended of the ( ) Term ( ) Fine
   ( ) Both for a period of _____ years.

3. ( ) A SPECIAL CONDITION of the recommended sentence being payment of RESTITUTION in the amount **to be determined by the PSI**.

4. ( ) Prosecution to Proceed only on COUNT_____

5. ( ) MOTION TO DISMISS will be filed in_____

6. ( ) Pursuant to PC Article 12.45, the Court can consider the following unadjudicated offenses: _____

7. ( ) DEFERRED ADJUDICATION OF GUILT is recommended pursuant to CCP Art. 42.12 (3d) for a period of _____ years.

8. ( ) OPEN PLEA_____

It is expressly provided and understood by the parties that this instrument constitutes only an offer when signed and dated by the State's attorneys. Completion of this instrument in the manner stated will constitute an acceptance of the offer and the State will be absolutely bound by the terms and conditions contained herein.

It is further expressly provided and understood by the parties that no court, or judge thereof, may be bound by this instrument or required in any manner to adhere to or to follow any agreements entered into by the State, the Defendant, or his attorney.

**ANY CHANGES, ADDITIONS OR ALTERATIONS TO THE ORIGINAL CONTENT OF THIS DOCUMENT MUST BE INITIALED AND DATED BY ALL PARTIES TO THE CHANGES, ADDITIONS, OR ALTERATIONS FOR THEM TO BE VALID.**

_____
ASSISTANT CRIMINAL DISTRICT
ATTORNEY

Billy R. Johnson
DEFENDANT

11/14/17
DATED

11/13/17
DATED

_____
CHIEF PROSECUTOR
**STATE'S EXHIBIT #1**

_____
ATTORNEY FOR DEFENDANT

EXHIBIT 1

**CAUSE NUMBER: 241-1243-17**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 241ST JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| BILLY RAY JOHNSON | § | SMITH COUNTY, TEXAS |

## <u>ACKNOWLEDGMENT OF ADMONISHMENTS</u>

Comes now the defendant in the above styled and numbered cause, with his attorney of record, and would acknowledge to this Honorable Court that he has read, and understands, the admonishments enumerated below. In addition to having read and understood the admonishments, Defendant further acknowledges to this Honorable Court that he is fully aware of the consequences of the plea that he is entering in this cause. Specifically the Defendant acknowledges reading and understanding that:

1.  The offense for which Defendant is charged is **POSSESSION OF CONTROLLED SUBSTANCE**, and the range of punishment for such offense is <u>State Jail 180 days - 2 yrs. fine not to exceed $10,000.00</u>

2.  The recommendation of the Prosecuting Attorney as to punishment is not binding on the Court. Should the Court reject any plea agreement existing between the State and the Defendant, the Defendant shall be permitted to withdraw the plea of guilty or nolo contendere;

3.  If the punishment assessed does not exceed the punishment recommended by the Prosecutor and agreed to by the Defendant and his attorney, the Trial court must give its permission to the Defendant before he may prosecute an appeal or any matter in the case, except for those matters raised by written motions filed prior to trial;

4.  If the Defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this Country, or the denial of naturalization under Federal Law.



EXHIBIT 1

5.   If the Defendant is placed on deferred adjudication for a felony offense under article 42A.101 of the Texas Code of Criminal Procedure and subsequently receives a discharge and dismissal under section 42A.111, the Defendant may petition the Court for an order of non-disclosure unless the Defendant is ineligible to pursue that right because of the nature of the offense for which the Defendant was placed on deferred adjudication of the Defendant's criminal history makes him/her ineligible. Such petition may not be filed sooner than the fifth anniversary of the discharge and dismissal. See Texas Government Code § 411.081.

Under the provisions of Article 26.13, V.A.C.C.P., Defendant hereby acknowledges that he has read and understands the aforementioned admonishments, and that the Defendant is aware of the consequences of his plea.

SIGNED on this, the 10th day of _____ November, 2017.

_____
DEFENDANT

_____
ATTORNEY FOR DEFENDANT

NOV 1 5 2017

CLERK, 241st JUDICIAL COURT, SMITH CO. TX
BY _____ DEPUTY

EXHIBIT 1

**CAUSE NUMBER: 241-1243-17**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 241ST JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| BILLY RAY JOHNSON | § | SMITH COUNTY, TEXAS |

## WAIVER OF TRIAL BY JURY

Comes now the Defendant in writing and in open court, together with his attorney and shows this Court that I understand that I have a right to trial by jury whether I plead "guilty" or "not guilty", and that, understanding my right to trial by jury, I knowingly and intentionally waive my right to trial by jury and request a trial before the Court upon my plea of guilty.

_____
DEFENDANT

_____
ATTORNEY FOR DEFENDANT

## APPROVAL BY THE STATE

Comes now the State, by and through her District Attorney, and consents and agrees to the Waiver of a Jury herein and to the trial of this cause before the Court.

_____
ATTORNEY FOR THE STATE

## APPROVAL BY THE COURT

It clearly appearing to the Court that the Defendant understands his right to trial by jury and that he intentionally and voluntarily waived that right in writing and in open court and it further appearing to the Court that the State has joined in the Waiver of trial by Jury, the Court approves the Waiver of Trial by Jury of the Defendant.

F I L E D

NOV 15 2017

CLERK, 241st JUDICIAL DIST. COURT SMITH CO., TX
BY _____ DEPUTY

_____
JUDGE PRESIDING

EXHIBIT 1

CAUSE NUMBER: 241-1243-17

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 241ST JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| BILLY RAY JOHNSON | § | SMITH COUNTY, TEXAS |

### WAIVER OF CONFRONTATION AND AGREEMENT TO STIPULATE

Comes now the Defendant in writing and in open court, together with his attorney and shows this Court that I understand my right to remain silent and make no statement and that any statement made by me may be used in evidence against me at my trial.  The Defendant would further show this Court that I understand my right to have all witnesses appear and testify in Court and my right to confront the witnesses and to cross-examine them.  The Defendant would further show this Court that understanding these rights, I intentionally and voluntarily waive my right to remain silent and my right to the appearance, confrontation and cross-examination of the witnesses and agree to the oral and written stipulation of the testimony and evidence and to the introduction of testimony by affidavits, written statements of witnesses and other documentary evidence by the State.

DEFENDANT

SWORN TO AND SUBSCRIBED before me, the undersigned authority, on the 15th day of ___November___, 2017, to certify which witness my hand and seal of office.

DISTRICT CLERK OF SMITH COUNTY, TEXAS

By: _____
DEPUTY CLERK

I have explained to the Defendant his right to remain silent and his right to the appearance, confrontation and cross-examination of witnesses and I approve his waiver of those rights and his agreement to stipulate.

ATTORNEY FOR DEFENDANT

### APPROVAL BY THE COURT

It clearly appearing to the Court that the Defendant understands his right to remain silent and his right to the appearance, confrontation and cross-examination of witnesses and that he voluntarily waives those rights and agrees to stipulate the testimony and evidence, the waiver and the agreement to stipulate is hereby approved.

JUDGE PRESIDING

FILED

NOV 15 2017

LOIS ROGERS
CLERK, 241st JUD. DIST. COURT SMITH CO., TX
BY_____ DEPUTY

EXHIBIT 1

**CAUSE NUMBER: 241-1243-17**

| THE STATE OF TEXAS | § | IN THE 241ST JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| BILLY RAY JOHNSON | § | SMITH COUNTY, TEXAS |

## STIPULATION OF EVIDENCE

My name is **BILLY RAY JOHNSON**, and I am the Defendant in the above entitled and numbered cause appearing in person and with my attorney present. I hereby consent in writing and in open court to the stipulation of the evidence in this case and in so doing expressly waive the appearance, confrontation and cross-examination of witnesses. I further consent to the introduction of hearsay testimony by affidavit, written statements of witnesses and other documentary evidence, accordingly, having waived my Federal and State constitutional and statutory rights against self-incrimination, I agree to stipulate that the following facts are true and correct and constitute the evidence in this case; that in the County of Smith and State of Texas, on or about the 12th day of May, 2017, and anterior to the presentment of this Indictment, in the County of Smith and State of Texas, BILLY RAY JOHNSON did then and there intentionally and knowingly possess a controlled substance, namely, methamphetamine, in an amount of less than one gram, including any adulterants and dilutants;

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____          _____
DEFENDANT                                                          ATTORNEY FOR DEFENDANT

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, on the ____ day of _____, 2017, by the above named Defendant in open court during the trial of the above numbered and entitled cause.

FILED

NOV 15 2017

CLK KN. 241st JUD. DIST. CT. — SMITH CO. TX
DEPUTY

**STATE'S EXHIBIT #2**

_____
LOIS ROGERS, Clerk of the
District Court, Smith County, Texas
By: _____
Deputy Clerk

_____
JUDGE PRESIDING

EXHIBIT 1

**CAUSE NUMBER: 241-1243-17**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 241ST JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| BILLY RAY JOHNSON | § | SMITH COUNTY, TEXAS |

### AGREEMENT TO STIPULATE TESTIMONY

This day in open Court, the Defendant in the above entitled and numbered cause and his/her counsel and the State's attorney do hereby enter into an agreement that the Defendant waives the appearance, confrontation, and the cross-examination of witnesses in this cause and agrees that the testimony of said witnesses may be stipulated into the record by the State's attorney; such testimony being the same as the witnesses would give if they were present in Court and were testifying under oath, and the Defendant further consents to the introduction of testimony by affidavit, written statements of witnesses, and all other documentary evidence that may be introduced by the State.

_____          _____
ATTORNEY FOR DEFENDANT                         DEFENDANT

Before the said Defendant enters his/her plea herein, each of the above requests of the Defendant herein and are hereby consented to and approved by me, the attorney representing the State herein.

_____
ASSISTANT DISTRICT ATTORNEY

The above and foregoing Waiver of Jury Trial and Agreement to Stipulate Testimony of the Defendant herein having been duly considered by the Court, and it appearing to the Court that the Defendant is herein charged with a felony, that the Defendant is represented by counsel, and that the attorney representing the state herein has given the consent and approval to same, the Defendant has waived the ten (10 ) day waiting period for trial, after appointment of counsel; therefore, consent and approval of the Court are hereby given to such procedure.

_____
JUDGE OF SAID COURT

EXHIBIT 1

CAUSE NUMBER 241-1243-17

| THE STATE OF TEXAS | § | IN THE 241ST JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| BILLY RAY JOHNSON | § | SMITH COUNTY, TEXAS |

### REQUEST FOR COURT TO ALLOW WAIVER OF
### PRE-SENTENCE INVESTIGATION AND REPORT

Comes now the Defendant in the above styled and numbered cause, joined herein by his attorney, and having entered his/her plea of GUILTY to the charge set forth herein and, pursuant to Article 42A.252, of the Texas Code of Criminal Procedure, moves the Court to allow this Defendant, BILLY RAY JOHNSON, to waive the making of any required Pre-Sentence Investigation and Report.

It is further moved and requested by the Defendant as follows:

1.　　The State and Defendant agree that there is sufficient information in the record to permit the meaningful exercise of sentencing discretion without the necessity of a pre-sentence investigation.

2.　　That this Court assess punishment to this Defendant pursuant to the agreed Plea Recommendation signed by this Defendant and by the attorney representing the State, and that said assessment of punishment and subsequent sentencing be made without a Pre-Sentence Investigation and Report prepared by the Adult Probation Officer of Smith County, Texas, or one of his assistants or by any person.

3.　　That this Honorable Court assess punishments and sentencing forthwith.

4.　　That this Honorable Court allow this Defendant to waive the making, investigation or preparation of any required Pre-Sentence Investigation and Report prior to assessment of punishment and sentencing in this cause.

_____　　　_____
ATTORNEY FOR DEFENDANT　　　　　　　　DEFENDANT

### O R D E R

The above and foregoing Request for Waiver of Pre-Sentence Investigation and Report having been duly considered by the Court and it appearing to the Court that the interests of justice will be served by approving and granting same, the approval of the Court is hereby given and such Defendant is hereby allowed to waive the making of such Pre-Sentence Investigation and Report.

SIGNED this _____ day of _____, 2017.

_____
JUDGE PRESIDING

FILED
NOV 15 2017
CLERK 241ST DISTRICT COURT

EXHIBIT 1

CAUSE NUMBER 241-1243-17

| THE STATE OF TEXAS | § | IN THE 241ST JUDICIAL |
|---|---|---|
| VS. | § | DISTRICT COURT OF |
| BILLY RAY JOHNSON | § | SMITH COUNTY, TEXAS |

## ADVICE OF DEFENDANT'S RIGHT TO APPEAL

The Court, pursuant to TEX. R. APP. P. 25.2 advised the Defendant as follows:

1.   Texas law gives a defendant convicted of a crime the right to appeal his conviction.

2.   If you pled guilty or no contest and accepted the punishment recommended by the prosecutor, however, you cannot appeal your conviction unless this Court gives you permission. If you waived or gave up your right to appeal, you cannot appeal your conviction.

3.   If you did not plead guilty, you may have the right to appeal. If you want to appeal, you must give notice of appeal in writing to this Court's clerk within 30 days.

4.   If an attorney represents you in the court of appeals, your attorney must mail a copy of the court of appeals' judgment and opinion to your last known address. You must tell your attorney, in writing, of any change of address.

5.   If you are not satisfied with your appeal's result, you can ask the Court of Criminal Appeals to review your case by filing a petition for discretionary review within 30 days of the opinion's issuance in the court of appeals. If you fail to inform your attorney of any change of your address, you may lose the opportunity to seek discretionary review.

The Defendant declares the following to the Court (choose one):

1.   ☑   I read and write English. I have read and I understand this document. _B. J_(Defendant initial here if true); or

2.   ☐   I speak English. _____ (name of reader) read this document to me. I understand its contents. _____ (Defendant initial here if true); or

3.   ☐   I do not speak English. _____ (name translator) translated this document for me. I understand its contents. _____ Defendant initial here if true.)

_Billy R. Johnson_
Defendant's signature

Sworn to and subscribed before me on the __15th__ day of __November__, 2017.

_____
Smith County Deputy District Clerk

F I L E D

NOV 15 2017

CLERK, 241st JUD DIST CO. SMITH CO., TX

_____
PRESIDING JUDGE
241ST District Court
Smith County, Texas

EXHIBIT 1

FILED
LOIS ROGERS

## PRECEPT TO SERVE COPY OF INDICTMENT

2017 OCT 17 PM 1:54

SMITH COUNTY, TEXAS
BY_____DEPUTY

CAUSE NO. 241-1243-17

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 241ST DISTRICT COURT |
| VS. | § | OF |
| BILLY RAY JOHNSON | § | SMITH COUNTY, TEXAS |

TO THE SHERIFF OF SMITH COUNTY, GREETINGS:

**YOU ARE HEREBY COMMANDED** to serve BILLY RAY JOHNSON, the Defendant in Cause No. 241-1243-17, wherein the State of Texas is Plaintiff, and BILLY RAY JOHNSON is the Defendant, in person, with the accompanying certified copy of the original TRUE BILL OF INDICTMENT now on file in said Court.

**HEREIN FAIL NOT**, but of this Writ make due return as the law directs.

GIVEN UNDER MY HAND AND OFFICIAL SEAL, on this the 20th day of September, 2017



LOIS ROGERS, CLERK
241st District Court
SMITH COUNTY, TEXAS

BY: *Terry Morrow*
Terry Morrow, DEPUTY

### SHERIFF'S RETURN

Came to hand the ___10___ day of ___Oct.___, 201_7_, at ___353___ o'clock _P_.M., and executed by delivering the accompanying certified copy of Indictment No. 241-1243-17 to the Defendant herein, in person at ___353___ o'clock _P_.M. on the _10_ day of ___Oct.___, 201_7_.

SHERIFF _____

BY: _____ COUNTY, TEXAS
DEPUTY SHERIFF/CONSTABLE

ORIGINAL

EXHIBIT 1

CAUSE NUMBER 241-1243-17

| THE STATE OF TEXAS | | IN THE 241ST JUDICIAL |
| VS. | | DISTRICT COURT OF |
| BILLY RAY JOHNSON | | SMITH COUNTY, TEXAS |

**STATES NOTICE OF INTENT TO OFFER EVIDENCE UNDER ARTICLE 404 (b), 609 OF THE TEXAS RULES OF CRIMINAL EVIDENCE AND ARTICLE 37.07 OF THE TEXAS CODE OF CRIMINAL PROCEDURE**

TO THE HONORABLE JUDGE OF SAID COURT:

   Comes now, the State of Texas, by and through **KENNETH BIGGS**, and provides written notice of its intent to offer evidence under Article 404(b), 609 of the Texas Rules of Criminal Evidence and Article 37.07 of the Texas Code of Criminal Procedure, specifically as follows:

| Date of Conv. | Charge | Cause# | Court |
|---|---|---|---|
| 11-19-2010 | Possession of Marijuana | 002-84009-10 | CCL#2, Smith County, TX |
| 07-12-2007 | Possession of Marijuana | 001-82874-07 | CCL, Smith County, TX |
| 10-27-1998 | Man/Del of CS | 0709974W | Crim.DC#1, Tarrant Co., TX |
| 01-06-1995 | Delivery of Cocaine | F93-55582 | Crim.DC#5, Dallas Co., TX |
| 12-11-1987 | Driving While Intoxicated | Unknown | Smith County, TX |

| Date of Offense | Charge | Cause# | Court |
|---|---|---|---|
| 05-13-2017 | PCS | 241-1242-17 | 241st DC, Smith County, TX |
| 05-12-2017 | Tamper with Phys Evidence | 241-1241-17 | 241st DC, Smith County, TX |

   And the State further gives notice of intent to offer evidence of any extraneous or bad acts which are included in the discovery materials provided now, or in any supplemental discovery materials provided, and any matter noted in open Court or contained in motions filed with the Court.

RESPECTFULLY SUBMITTED,

KENNETH BIGGS, Assistant
Criminal District Attorney
Smith County, Texas
State Bar Number 24071983

EXHIBIT 1

## CERTIFICATE OF SERVICE

I, KENNETH BIGGS, hereby certify that a true and correct copy of the foregoing Notice of Intent to Offer Evidence under Article 404(b), 609 of the Texas Rules of Criminal Evidence and Article 37.07 of the Texas Code of Criminal Procedure has been provided to the Defense Attorney for the Defendant, on this the 2 day of November , 2017.

KENNETH BIGGS,
Assistant Criminal District Attorney

EXHIBIT 1

CAUSE NUMBER 241-1243-17

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | § | IN THE 241ST JUDICIAL |
| | § | |
| **VS.** | § | DISTRICT COURT OF |
| | § | |
| **BILLY RAY JOHNSON** | § | SMITH COUNTY, TEXAS |

## STATE'S MOTION FOR NOTICE OF DEFENSE EXPERT

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, the State of Texas, by and through her Assistant Criminal District Attorney in and for Smith County, Texas, and requests pursuant to Article 39.14 (b) of the Texas Code of Criminal Procedure, notice of the name and address of each person the defendant intends to call as a witness in the above styled cause under Rules 702, 703 and 705 of the Texas Rules of Criminal Evidence. Pursuant to this motion, the State would show the Court the following:

I.

Article 39.14 (b) of the Texas Code of Criminal Procedure says that "on motion of a party and on notice to the other parties, the court in which an action is pending may order one or more of the other parties to disclose to the party making the motion the name and address of each person the other party may use at trial to present evidence under Rules 702, 703, and 705, Texas Rules of Evidence. The court shall specify in the order the time and manner in which the other party must make the disclosure to the moving party, but in specifying the time in which the other party shall make disclosure not later than the 20th day before the date the trial begins."

II.

As evidence by the attached Certificate of Service, the State has sent to the attorney for the defendant the above styled motion. This motion is to serve as the State's Notice pursuant to Article 39.14 (b) of the Texas Code of Criminal Procedure.

III.

The State would request this Honorable Court to order the defendant and his counsel to disclose to the State of Texas the name and address of each person the defendant may use during any phase of trial to present evidence under Rules, 702, 703, and 705 of the Texas Rules of Evidence. The State of Texas would further request that defendant shall make such disclosure in writing, filed with this honorable Court and delivered to the State of Texas, such disclosure on or before ten (10) days from the date of signing the attached order and not later than 20th day before the date that trial is set to begin.

EXHIBIT 1

IV.

The State of Texas would request a special setting for a hearing on said motion.

Wherefore premises considered, the State of Texas would request this Honorable Court Grant said Motion.

Respectfully submitted,

KENNETH BIGGS, Assistant
Criminal District Attorney
State Bar Number 24071983

## CERTIFICATE OF SERVICE

I, KENNETH BIGGS, Assistant Criminal District Attorney, hereby certify that a true and correct copy of the State's Motion for Notice of Defense Expert has been provided to the Defense Attorney for Defendant, on this the ___2__ day of November , 2017.

KENNETH BIGGS, Assistant
Criminal District Attorney

EXHIBIT 1

CAUSE NUMBER : 241-1243-17

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 241ST JUDICIAL |
| | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| BILLY RAY JOHNSON | § | SMITH COUNTY, TEXAS |

## STATE'S MOTION TO OBTAIN FINGERPRINTS OF DEFENDANT

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now the STATE OF TEXAS, by and through her undersigned Assistant Criminal District Attorney, with this Motion to Obtain Fingerprints of Defendant, and in support thereof respectfully shows the Court the following:

I.

The State intends to introduce certified copies of prior convictions relating to this Defendant in the trial of this case. The witness used to introduce said evidence will be a fingerprint expert.

II.

In order for said expert to make a comparison of the prints on the certified copies, he will need a set of fingerprints from the Defendant to compare with those contained in the certified copies.

WHEREFORE, PREMISES CONSIDERED, the State respectfully requests the Court to allow the State's expert to obtain a set of fingerprints, at some time prior to or during the trial, from the Defendant in this case for the purpose of comparison.

RESPECTFULLY SUBMITTED,

KENNETH BIGGS, Assistant
Criminal District Attorney
Smith County, Texas
State Bar Number 24071983

EXHIBIT 1

## CERTIFICATE OF SERVICE

I, KENNETH BIGGS, hereby certify that a true and correct copy of the foregoing

State's Motion to Obtain Fingerprints of Defendant has been provided to the Defense

Attorney for Defendant, on this the ___2___ day of November, 2017.

KENNETH BIGGS
Assistant Criminal District Attorney

EXHIBIT 1

CAUSE NUMBER: 241-1243-17

| | | |
|---|---|---|
| THE STATE OF TEXAS | 2017 NOV -2 | IN THE 241ST JUDICIAL |
| VS. | SMITH C | DISTRICT COURT OF |
| BILLY RAY JOHNSON | BY | SMITH COUNTY, TEXAS |

## STATE'S MOTION IN LIMINE

TO THE HONORABLE JUDGE OF SAID COURT

Comes now, The State of Texas, by and through her Assistant Criminal District Attorney, who moves this honorable Court In Limine to direct the Attorney for the Defense, the Defendant, any defense witnesses, or anyone associated with the Defendant in this cause, not to allude, refer to or discuss, either directly or indirectly in any way, any of the following matters in the presence of either the jury or the jury panel until such time as (1) a hearing has been held outside the presence of the jury or the jury panel as to the admissibility of the items and (2) this honorable Court has determined that the matter in question is proper for the jury to consider:

1.

Any mention that the State has filed a motion in limine, motion to shuffle or any other motion, or that any portion of same that has been granted or that the defense has been in any way prevented by the Honorable Court from offering any such evidence without first approaching the bench outside the hearing of the jury to gain a ruling on its admissibility.

2.

Any mention of any offers or plea negotiations made with respect to this case or any other case.

3.

Any explanation of the matters inquired about in the State's "have you heard" questions, as such merely test the credibility of the reputation witnesses and are not substantial evidence of the defendant's bad conduct which may be explained by the defendant.

4.

After voir dire, any reference during the guilt/innocence phrase of the trial regarding the punishment range for this particular offense.

5.

Any mention of anyone's opinion as to the guilt or innocence of the defendant.

EXHIBIT 1

6.

Any statement, motion or request for discovery made within the hearing or presence of the jury or jury panel. Any mention that the Defendant has filed a motion for discovery, the items contained within the motion or that a hearing on said motion was had and certain requests were denied by the Court.  In support of such motion, the State would show this honorable Court that such motion, statement or request in a matter of law to be decided by this court and not to be considered by the jury or jury panel.  Such statement, motion or request would necessarily leave the jury or jury panel with the impression that the State is concealing evidence or failing to disclose all that is required by law.

7.

Any mention that a civil suit has, could, or will be filed involving this cause of action.

8.

Any mention that the Defendant has filed a motion to suppress, the items contained within the motion or that a hearing on said motion was had and it was denied by the Court.

9.

Any mention of any polygraph test.

10.

Asking the prosecutor to stipulate to any fact in the presence of the jury.

11.

The disposition of any case against co-defendants/accomplices, unless said co-defendant and or accomplice testifies.

12.

Any explanation of the offenses or facts surrounding the offenses for which the defendant has been previously convicted.

13.

Any mention that the defendant's parole/probation can/will be revoked due to the trial offense, or that a revocation of his parole/probation is sufficient punishment.

14.

Any mention that the trial court may order any punishment that the defendant received in this case to be served consecutively with any other sentence that the defendant has received previously, because concurrent or consecutive sentencing is within the discretion of the Court and is not a proper matter for the jury's consideration.

EXHIBIT 1

15.

Any mention that the complainant(s) in the State's prosecution wish to dismiss criminal charges against the defendant, including but not limited to any affidavit executed by the complainant.

16.

Any mention that any other hearings, including, but not limited to parole revocation, probation revocation, protective order hearings, child welfare or custody hearings, or any other hearings arising from or encompassing any or all of the facts in this cause, have been held, if they were, and the results or finding of said hearing officers, jury, or other fact finders, unless in support of this motion the State would show this honorable Court that such evidence, if not tested for legal admissibility prior to the admission before the jury could result in improper evidence being admitted before the jury which would be of such nature as to irreversibly and improperly taint the jury to the extent that:

1. No instructions to the jury could cure the admission of such improper evidence before          the jury and,
2. Therefore any alleged probative value would be outweighed by the danger of its unfair prejudice.

17.

Any evidence offered by the defense in any form regarding the character of any witness until such terms as this Court holds hearing in:
1. Its admissibility
2. The qualification and/or competency of the witness to testify as to character as established in **Hernandez v. State** and the T.R.C.E.

18.

Any statement, question, or argument which directly or indirectly intimates that the State of Texas or the Smith County District Attorney's office is responsible for or does set trial dates or dockets for particular cases, including this cause;

Any statement, question or argument which directly or indirectly intimates that the State of Texas or the Smith County District Attorney's Office controls the outcome of any case presented to the Grand Jury, including this cause.

Any statement, reference, or argument, whether directly or indirectly by the attorney for the defendant, to anything in opening argument as to what he expects the defendant's evidence to show, unless he intends to introduce evidence in the defendant's case in chief. Such argument could result in the jury believing that such evidence does exist when in fact no

EXHIBIT 1

evidence to that effect has been introduced, since argument by counsel is not evidence, such statements, reference or argument by counsel for the defendant would improperly taint and mislead the jury to the extent that no instructions to the jury could cure the improper argument before the jury.

Wherefore, Premises Considered, the State requests this Court grant the foregoing Motion.

RESPECTFULLY SUBMITTED,

KENNETH BIGGS, Assistant
Criminal District Attorney
Smith County, Texas
State Bar Number 24071983

## CERTIFICATE OF SERVICE

I, KENNETH BIGGS, hereby certify that a true and correct copy of the above and foregoing Motion In Limine has been provided to the Defense Attorney for the Defendant, on this the _2_ day of November , 2017.

KENNETH BIGGS,
Assistant Criminal District Attorney

EXHIBIT 1

Cause Number 241-1243-17

| | | |
|---|---|---|
| THE STATE OF TEXAS | 2017 NOV -2 | IN THE 241st JUDICIAL |
| VS. | SMITH COUNTY | DISTRICT COURT |
| BILLY JOHNSON | BY §  DY | SMITH COUNTY, TEXAS |

## STATE'S RESPONSE TO REQUEST TO LIST WITNESSES

TO THE HONORABLE JUDGE OF THIS COURT:

Now comes the STATE OF TEXAS by its Assistant Criminal District Attorney, JAMES BULLOCK, and places the defendant on notice that the State may call as witnesses in its case in chief any person referred to any discovery packet or motion filed in this case, including but not limited to

| | |
|---|---|
| Patrick Mahomes | 3110 Oleander Dr. Tyler, TX |
| Brittany Matthews | 315 Amanda Ct. Whitehouse, TX |
| Jake Parker | 17990 Timothy Ct. Tyler, TX |
| Jaylon Dews | 114 Dews Dr. Whitehouse, TX |
| Emma Peckinpaugh | 8823 Mansion Creek cir. Tyler, TX |
| Carol Peckinpaugh | 8823 Mansion Creek Cir. Tyler, TX |
| Michael Pinkerton | Co-Defendant |
| Randi Mahomes | 3110 Oleander Dr. Tyler, TX |
| E. Nieto | Smith County Sheriff's Office |
| Deputy Dalvin | Smith County Constable |
| Deputy Blackmon | Smith County Constable |
| M. Odom | Smith County Sheriff's Office |
| Tim McDonald | Smith County Sheriff's Office |
| J. Railsback | Smith County Sheriff's Office |
| J. Decur | Smith County Sheriff's Office |
| M. Christian | Smith County Sheriff's Office |

Respectfully submitted,

JAMES BULLOCK
Assistant Criminal District Attorney
Smith County, Texas
State Bar Number 24086169

EXHIBIT 1

## CERTIFICATE OF SERVICE

I, JAMES BULLOCK, hereby certify that a true and correct copy of the foregoing Response to Request to List Witnesses has been provided to the Defense Attorney for the Defendant, on this the 2 day of November , 2017.

JAMES BULLOCK
Assistant Criminal District Attorney

EXHIBIT 1

FILED
Cause Number 241-1243-17
DISTRICT

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 241st JUDICIAL |
| | § 2017 NOV -2 P | |
| VS. | § | DISTRICT COURT |
| | § SMITH COU | |
| BILLY JOHNSON | § BY Q HA | SMITH COUNTY, TEXAS |

### STATE'S NOTICE OF INTENT TO CALL EXPERT WITNESSES

TO THE HONORABLE JUDGE OF THIS COURT:

Now comes the STATE OF TEXAS by its Assistant Criminal District Attorney, JAMES BULLOCK, and provides notice pursuant to Article 39.14 (b) of the Texas Code of Criminal Procedure, that the State intends to call the following individual(s) as a witness in the above styled cause under rules 702, 703, 704, and 705 of the Texas Rules of Criminal Evidence:

| | |
|---|---|
| Noel Martin | Smith County Sheriff's Office |
| Travis Breazeale | Smith County Sheriff's Office |
| Christi McDowell | Smith County Sheriff's Office |
| James McDowell | Smith County Sheriff's Office |
| Brixey Lewis | Smith County Sheriff's Office |
| Paula Cain | Smith County Sheriff's Office – Dispatch Custodian |
| Marie Taylor | Smith County Jail – Nurse |
| Brian Bulman | Tyler Police Department |
| Donald Malmstrom | Tyler Police Department |
| Craig Williams | Tyler Police Department |
| Jamie Tarrant | Tyler Police Department |
| Jeff Rackliff | Tyler Police Department |
| Matthew Smyser | Tyler Police Department |
| Chris Miller | Tyler Police Department |
| Ethan Johnson | Tyler Police Department |
| Darin Grissom | Tyler Police Department |
| David Cook | Tyler Police Department |
| Amanda Cook | Tyler Police Department – Dispatch Custodian |
| Jimmy Jackson | Texas Department of Public Safety, Tyler, Tx |
| Nick Castle | Texas Department of Public Safety, Tyler, Tx |
| Trevor Phillips | Texas Department of Public Safety, Tyler, Tx |
| Joe Hogue | Texas Department of Public Safety, Tyler, Tx |
| Scott Brown | Texas Department of Public Safety, Tyler, Tx |
| Robert Prince | Texas DPS Crime Lab, Tyler, Tx |
| Claybion Cloud | Texas DPS Crime Lab, Tyler, Tx |
| Karen Ream | Texas DPS Crime Lab, Tyler, Tx |
| Stephanie Jackson | Texas DPS Crime Lab, Tyler, Tx |
| Caroline Allen | Texas DPS Crime Lab, Tyler, Tx |
| Karen Shumate | Texas DPS Crime Lab, Tyler, Tx |
| Karen Collins | Texas DPS Crime Lab, Tyler, Tx |

JAMES BULLOCK
Assistant Criminal District Attorney
Smith County, Texas
State Bar Number 24086169

EXHIBIT 1

## CERTIFICATE OF SERVICE

I, JAMES BULLOCK, hereby certify that a true and correct copy of the foregoing Notice of Intent to Call Expert has been provided to the Defense Attorney for the Defendant, on this the ___2___ day of _November_ , 2017.

JAMES BULLOCK
Assistant Criminal District Attorney

EXHIBIT 1

**CAUSE NUMBER: 241-1243-17**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 241ST JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| BILLY RAY JOHNSON | § | SMITH COUNTY, TEXAS |

**TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL**

I, **JACK SKEEN, JR.**, certify this criminal case:

1. _____ is not a plea-bargain case, and the Defendant has the right of appeal. (or)
2. _____ is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn and waived, and the Defendant has the right of appeal. (or)
3. _____ is a plea-bargain case, but the trial court has given permission to appeal, and the Defendant has the right of appeal. (or)

4. _____ is a plea-bargain case, and the Defendant has **NO** right of appeal. (or)
5. _____ the Defendant has waived the right of appeal.
6. _____ the Defendant waived appeal at the time he was sentenced to probation.

November 15, 2017

**Date Signed**

_Jack Skeen, Jr._

Honorable Jack Skeen, Jr.
Judge, 241st Judicial District Court
Smith County, Texas

I, have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal cause, including any right to file a pro se petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeal's judgment and opinion to my last known address and that I have only 30 days in which to file a pro se petition for discretionary review in the court of appeals. TEX.R.APP.P 68.2. I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a pro se petition for discretionary review.

_Billy R. Johnson_

**Defendant**

Mailing address:

_____

Telephone No. _____
Fax No. (if any) _____

Defendant's Counsel
State Bar of Texas ID # _1b99b020_
Mailing Address: _1139 First Plea_
_Tyler, TX 75702_
Telephone No. _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_
Fax No. (if any) _533-9005_

A DEFENDANT IN A CRIMINAL CASE HAS THE RIGHT OF APPEAL UNDER THESE RULES. THE TRIAL COURT SHALL ENTER A CERTIFICATION OF THE DEFENDANT'S RIGHT TO APPEAL IN EVERY CASE IN WHICH IT ENTERS A JUDGMENT OF GUILT OR OTHER APPEALABLE ORDER. IN A PLEA-BARGAIN CASE THAT IS. A CASE IN WHICH A DEFENDANT'S PLEA WAS GUILTY OR NOLO CONTENDERE AND THE PUNISHMENT DID NOT EXCEED THE PUNISHMENT RECOMMENDED BY THE PROSECUTOR AND AGREED TO BY THE DEFENDANT A DEFENDANT MAY APPEAL ONLY: (A) THOSE MATTERS THAT WERE RAISED BY WRITTEN MOTION FILED AND RULED ON BEFORE TRIAL, OR AFTER GETTING THE TRIAL COURT'S PERMISSION TO APPEAL. TEXAS RULE OF APPELLATE PROCEDURE 25.2(a)(2).

EXHIBIT 1

**CAUSE NUMBER: 241-1243-17**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 241ST JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| BILLY RAY JOHNSON | § | SMITH COUNTY, TEXAS |

**WAIVER OF MOTION FOR NEW TRIAL AND MOTION IN
ARREST OF JUDGMENT AND WAIVER OF RIGHT TO APPEAL**

Comes now the Defendant in person and in open court with his/her attorney, and would show this Court the following:

1. That judgment of conviction has been rendered or deferred against him/her and that sentence has been imposed or has been suspended in this cause.

2. That the Defendant understands that s/he has thirty (30) days after the date the sentence was imposed or suspended in open court in which to file for a motion for new trial or motion in arrest of judgment;

3. That the Defendant does not intend to file a motion for new trial or motion for arrest of judgment in this case, and expressly waives the thirty (30) day period for filing the same;

4. That the Defendant understands that s/he has a right to appeal his/her conviction only in accordance with the Code of Criminal Procedure of Texas Rules of Appellate Procedure and that s/he has the right to be represented by counsel on appeal by an attorney of his/her own choice and that if s/he is too poor to pay for such attorney or for the record without expense to him/her; and

5. That s/he does not wish to appeal his/her conviction and expressly waives his/her right to appeal.

_____
ATTORNEY FOR DEFENDANT

_____
DEFENDANT

**O R D E R**

On this day came for consideration the Defendant's motion to waive the time for filing a motion for new trial and motion in arrest of judgment and to waive his/her right to appeal, and having considered the same, the said motions are hereby GRANTED and said waivers are accepted.

SIGNED this the _____ day of _____, 2017.

_____
JUDGE PRESIDING

F I L E D
NOV 1 5 2017

EXHIBIT 1

Filed November 15, 2017
Lois Rogers, District Clerk
241st District Court
Willoughby, Shelley



**241ST JUDICIAL DISTRICT COURT**

**COUNTY OF SMITH**

**STATE OF TEXAS**                          Cause Number: **241-1242-17**

**V.**

BILLY RAY JOHNSON                               IN JAIL

## CHANGE IN STATUS IN CRIMINAL CASE

The status of the above styled cause has been changed as follows:

| | |
|---|---|
| Offense: | POSS CS PG 1 <1G |
| Date of Offense: | 05/13/2017 |
| Date of Arrest: | 05/13/2017 |
| Method of Disposition: | Guilty by the Court (OCA) |

| | |
|---|---|
| Defendant found guilty of: | Charge:  POSS CS PG 1 <1G |
| Punishment Assessed: | NINE (9) MONTHS STATE JAIL FACILITY |

| | |
|---|---|
| Sentence to Begin: | 11/15/2017 |
| Credit for Time Served: | 102 DAYS |
| Fine: | |
| Court Cost: | 289.00 |
| Restitution: | |

Comments:

11/15/2017                                    \s\ *Shelley Willoughby*
                                             Judge or Authorized Agent

EXHIBIT 1



## Bail Bond - BILLY JOHNSON

**Surety Bail Bond #508613**

| | | | |
|---|---|---|---|
| Bond Company: | Strike Three Bonds | Warrant: | ONSIGHT | Court: | 241st District Court |

**Surety Bail Bond #508613**
Bond Company: Strike Three Bonds
Principal:      BILLY JOHNSON
Status:        Reviewed 5/17/2017

Warrant:   ONSIGHT
Cause No.:
Book No.:  B17-03263
SO#:       106145

Court:    241st District Court
Date:     8/11/2017
Time:     8:00 AM
Place:    100 N. Broadway, Room 220
Receipt:  10662 - $15.00

### Agreement:

Know all men by these presents, that we, BILLY JOHNSON, as principal, and the undersigned Strike Three Bonds as sureties, are held and firmly bound unto the STATE OF TEXAS, in the penal sum of $1,500.00 Dollars and, in addition thereto, we are bound for the payment of all fees and expenses that may be incurred by any peace officer in re-arresting the said principal in the event any of the hereinafter stated conditions of this bond are violated for the payment of which sum or sums well and truly to be made, we do bind ourselves, and each of us, heirs, executors, and administrators, jointly and severally.

The conditions of this bond are that the defendant was arrested on 5/13/2017 and has been charged with **POSS CS PG 1 <1G, a State Jail Felony offense and to secure his/her release from custody** is entering into this obligation binding him/her to appear before the 241st District Court, the State of Texas.

Now therefore, if the said principal shall well and truly make his personal appearance before said court instanter as well as before any other court to which the same may be transferred and for any and all subsequent proceedings that may be had relative to said charge in the course of criminal actions based on said charge, and there remain from day to day and term to term of said courts, until discharged by due course of law, then and there to answer said accusation against him/her, this obligation shall become void, otherwise to remain in full force and effect.

Taken and approved: 5/17/2017                                By (Deputy): JOHN MCLEAN

Surety (Owner/Agent): Strike Three Bonds (Owner, Judy Bobbitt)
BY /s/ Judy Bobbitt _____ this 17 day of May, 2017

Surety Employee: DWAYNE HUNT                       CoSurety: GWENDOLYN SMITH
Address: PO Box 8328                                Address: 20544 FM 850
City/State/Zip: Tyler, TX 75711                    City/State/Zip: ARP/TX/75750
Phone: 903-597-9050                                Phone: 590-6550
Submitted: 5/17/2017                               /s/ GWENDOLYN SMITH
Status: Reviewed at 5/17/2017

### Principal Identification:

SSN: ***-**-3978                Address: 1238 CR 24                  Hair: BLK
DL#/State: ****9260 / TX        City/State/Zip: Tyler, TX 75705      Eyes: BRO
DOB:     1959                   Phone: 903-565-0619                  Height: 6' 1
Sex: Male                                                            Weight: 180
Race: Black                                                          **Right Thumb Print:**



Signed by Principal: _____        Dated: Wednesday, May 17, 2017

### Declaration of Sureties:

THE STATE OF TEXAS
COUNTY OF SMITH

We, each of us, Judy Bobbitt and GWENDOLYN SMITH  pursuant to section 132.001 of the Texas Civil Practice and Remedies Code does hereby declare under penalty of perjury that he or she is worth in his or her own right at least the sum of $3,000.00 Dollars, after deducting from his or her property all that which is exempt by the Constitution and Laws of the State from forced sale, and after the payment of all our debts, of every description, whether individual or security debts, and after satisfying all encumbrances upon our property which are known to us; and that the surety or agent of the surety resides in the County of Smith and has property in the State liable to execution worth:

THE SAID Strike Three Bonds SUM OF $3,000.00 DOLLARS
THE SAID COSURETY GWENDOLYN SMITH SUM OF $6,000.00 DOLLARS

BY /s/ Judy Bobbitt _____ this 17 day of May, 2017

BY JOHN MCLEAN _____, DEPUTY this 17 day of May, 2017

page 1 of 2                                                             5/17/2017
Smith County - All Rights Reserved

EXHIBIT 1



## Bail Bond - BILLY JOHNSON

**Surety Bail Bond #508613**
Bond Company:Strike Three Bonds
Principal:     BILLY JOHNSON
Status:        Reviewed 5/17/2017

Warrant:  ONSIGHT
Cause No.:
Book No.:  B17-03263
SO#:       106145

Court:    241st District Court
Date:     8/11/2017
Time:     8:00 AM
Place:    100 N. Broadway, Room 220
Receipt:  10662 - $15.00

## Surety Receipt:

### Strike Three Bonds
PO Box 8328, Tyler, TX 75711

Bond Number: 508613    Bond Amount: $1,500.00
Bond Fee Receipt: 10662    Bond Fee: $15.00

Taken and approved: 5/17/2017
By (Deputy): JOHN MCLEAN
Payor): Strike Three Bonds
Address: PO Box 8328
City/State/Zip: Tyler, TX 75711
Phone: 903-597-9050
Submitted: 5/17/2017
Status: Reviewed at 1:30:58 PM

## Principal Identification:

SSN: ***-**-3978
DL#/State: ****9260 / TX
DOB:        1959
Sex: Male
Race: Black

Address: 1238 CR 24
City/State/Zip: Tyler, TX 75705
Phone: 903-565-0619

Hair: BLK
Eyes: BRO
Height: 6' 1
Weight: 180

Bond Amount: $1,500.00
Offense: POSS CS PG 1 <1G
a State Jail Felony

BY /s/ Strike Three Bonds _____ this 17 day of May, 2017

Smith County - All Rights Reserved

EXHIBIT 1

Cause Number 241-1242-17

| THE STATE OF TEXAS | § | IN THE 241st JUDICIAL |
|---|---|---|
| VS. | § | DISTRICT COURT |
| BILLY RAY JOHNSON | § | SMITH COUNTY, TEXAS |

## ACKNOWLEDGMENT OF DISCOVERY AND COMPLIANCE WITH ARTICLE 39.14 OF THE TEXAS CODE OF CRIMINAL PROCEDURE

The undersigned parties hereby certify that the State of Texas has provided discovery equal to or greater than required by Texas Code of Criminal Procedure Art. 39.14. Defense Counsel acknowledges that non-public information received pursuant to Article 39.14 is not subject to disclosure without a court order.  Defense Counsel further acknowledges that he must redact discovery as set forth by statute prior to showing this information to Defendant.  The original Discovery Compliance documents are attached hereto in __1__ pages. The written discovery in this case has been bate-stamped with the numbers 1 through _99 (+ 1 Photo day)_

### SIGNATURES AND ACKNOWLEDGEMENTS

Date: 11/14/17

ATTORNEY FOR THE STATE
Printed Name: _James Gulloch_
State Bar Number: _24086164_

Date: 11/10/17

ATTORNEY FOR THE DEFENDANT
Printed Name: _Clifton L. Roberson_
State Bar Number: _16996022_

__✓__ I, the Defendant herein, acknowledge that my attorney has explained to me, and provided me the opportunity to review the above referenced items.

_____ I, the Defendant herein, acknowledge that the State has provided me an opportunity to review the above referenced items.

Date: 11/10/17

DEFENDANT
Printed Name: _Billy R. Johnson_

The Court accepts this Acknowledgment of Discovery as compliance with Article 39.14 of the Texas Code of Criminal Procedure, and such is filed with the Court on this ___ day of _November_, 2017.

JUDGE PRESIDING

STATE'S EXHIBIT #3

FILED
NOV 15 2017
CLERK, 241st JUD. DIST. COURT, SMITH CO., TX
BY _____ DEPUTY

EXHIBIT 1

**FELONY DISCOVERY COMPLIANCE FORM**
**SMITH COUNTY DISTRICT ATTORNEY'S OFFICE**

DATE: _November 2_, **2017**
TO: **COURT / DEFENSE ATTORNEY**
DEFENDANT: **BILLY RAY JOHNSON**
OFFENSE: **POSSESSION OF CONTROLLED SUBSTANCE**
CAUSE #: **241-1242-17**

I. **WITNESS LIST:** (X) States Response to Request to List Witnesses/ ( ) See attached subpoena request
    (X)    Any and all law enforcement agents, civilians, and/or individuals listed and/or mentioned in offense reports, laboratory reports, and any other material provided through discovery and/or attached hereto.

II. **ADDITIONAL WITNESSES:**
    (X) a)    for purposes of proving identity of defendant with regard to evidence or prior offenses:
        Inv. Craig Williams (TPD), Sgt. Jeff Rackliff (TPD), Inv. Donald Malmstrom (TPD), Inv. Noel Martin (SCSO), Inv. Justin Hall, Inv. Travis Breazeale and any other current or former officer with the Tyler Police Department or Smith County Sheriff's Office, any current or former prosecutor, or any current or former probation or parole officer.
    (X) b)    Jo Ann Williamson, Christi McDowell, Ken Tullos or any other custodian of law enforcement property rooms.
    (X) c)    Nelson Downing, Chet Thomas, Jay Zehran, or any other current or former employee or agent of Smith County Juvenile Services, Gerald Hayden, Clifford Balch or any other current or former employee of Smith County Adult Probation Services, and/or any current or former parole officer with the State of Texas to offer testimony at punishment stage.
    (X) d)    Amanda Cook (TPD), Paula Cain (SCSO), Yolanda Muhammad (9-1-1 Center), or any other current or former dispatcher or call taker.
    **EXPERT WITNESSES:**
    (X) a)    Scott Brown (DPS) - Technical Supervisor, Sgt.  Ricky White (DPS), Sgt. Jimmy Jackson (DPS), Sgt. Adam Nelson (DPS), Trooper Nicholas Castle (DPS), or Trooper Steven Hodge (DPS) - Drug Recognition Experts, on all cases involving the possession or consumption of alcohol or any controlled substance.
    (X) b)    D. Keith Pridgen, Claybion Cloud, Karen Ream, Karen Shumate, Chance Cline, Eloisa Esparza, Karen Collins, Stephanie Jackson, Caroline Allen, Robert Prince, and/or Nathan Tunnell (DPS Laboratory - Tyler).

III. **PHYSICAL EVIDENCE:**
    ( ✓ ) Photos, Diagrams
    ( ✓ ) Narcotics and Paraphernalia
    ( ✓ ) See Lab Report Attached
    (X) All physical evidence is available and a time may be arranged for viewing by contacting Melissa Wilgus at 590-1720, 48 hours prior to time wishing to view same.
    ( ✓ ) See Property Report Attached
    ( ✓ ) Video
    ( ) Other _1  Flashdrive_____

IV. **WRITTEN CONFESSION:** ( ) yes ( ✓ ) no ( ) see attached

V. **ORAL STATEMENTS:**   ( ✓ ) yes ( ) no ( ) see attached

VI. **VIDEO STATEMENTS:** All videos and/or photographs are available and a time may be arranged for viewing by contacting Melissa Wilgus at 590-1720, 48 hours prior to time wishing to view same.

    ( ✓ a) Defendant: ( ✓ ) yes ( ) no
    ( ) b) Witness:   ( ) yes ( ) no ( ) available pursuant to Rule 615 of Texas Rules of  Evidence

VII. **DEFENDANT'S PRIOR CRIMINAL RECORD:** ( ) none ( ✓ ) attached ( ) pen pack available for inspection
        (X) all other convictions detailed in attached criminal history

VIII.    (X) STATE INTENDS TO OFFER EXTRANEOUS OFFENSES OR BAD ACTS INCLUDED IN ATTACHED DOCUMENTS, AND PROVIDED THROUGH DISCOVERY, INCLUDING DEFENDANT'S PRIOR CRIMINAL HISTORY AS WELL AS ANY BOND VIOLATION COMMITTED BY THE DEFENDANT WHILE ON BOND FOR THIS OFFENSE, UNDER 404(B) AND 609 RULES OF EVIDENCE AND 37.07(3)(G) CODE OF CRIMINAL PROCEDURE

IX    The State requests notice of the name and address of each person the Defendant may use at trial to present evidence under Rules 702, 703, and 705, Texas Rules of Evidence, pursuant to Article 39.14(b), Texas Code of Criminal Procedure.

X.    **EXCULPATORY EVIDENCE:** (X) see attached

XI.    THIS CERTIFIES THAT BATES STAMPED DOCUMENTS, NUMBERED ___1___ THROUGH _99_ , WERE MADE AVAILABLE TO DEFENSE COUNSEL ON THE ABOVE FILE-MARKED DATE.

EXHIBIT 1




**CAPIAS**
**SAME AS 17-508613J4**
CAUSE NO. 241-1242-17

FILED
LOIS ROGERS
DISTRICT CLERK

2017 SEP 27 PM 12: 07

SMITH COUNTY TEXAS

BY _____ DEPUTY

THE STATE OF TEXAS
VS.
**BILLY RAY JOHNSON**
ADDRESS: **1238 CR 24 Tyler, TX 75705**
D.O.B.:      **1959**; TX DL: **TX      9260**
RACE: **Black**; SEX: **Male**; SSN:      **3978**
WT: **180 Lbs.**; HT:  **6 Ft. 1 In.** ; HAIR: **Black**; EYES:  **Brown**
BOND AMOUNT: **$10,000.00 WITH CONDITIONS**

IN THE 241ST DISTRICT COURT
OF
SMITH COUNTY, TEXAS

### T H E   S T A T E   O F   T E X A S

TO ANY **PEACE OFFICER** OF THE STATE OF TEXAS, GREETINGS:

**YOU ARE HEREBY COMMANDED** to arrest BILLY RAY JOHNSON and safely keep said Defendant, so that you have said Defendant before the Honorable District Court of the 241st District Court of Texas, sitting in and for Smith County, Texas, at the Courthouse of said County, in the City of Tyler, Texas, INSTANTER this term of said Court, then and there to answer **THE STATE OF TEXAS** upon an **INDICTMENT** in said Court pending, wherein said Defendant is charged with the offense of **POSS CS PG 1 <1G** in violation of the Penal Laws of said State.

**HEREIN FAIL NOT,** but of this Writ make due return **INSTANTER**, with your action thereon.

**WITNESS** my signature and official seal of office in the City of Tyler, Texas, on this the 20th day of September, 2017

_____
Jack Skeen, Jr.
JUDGE, 241st District Court
SMITH COUNTY, TEXAS

LOIS ROGERS, DISTRICT CLERK
241st District Court
SMITH COUNTY, TEXAS

BY: *Terry Morrow*
Terry Morrow, DEPUTY

### S H E R I F F ' S   R E T U R N

Came to hand the _____ day of _____, A.D., 201___, and executed on the _____ day of _____, A.D., 201___, by arresting the within named Defendant, BILLY   RAY   JOHNSON,   who   has   (given   bond)   (been   placed   in jail)_____ Returned   on   this   the   _____   day   of _____, 201___

Fees: Making arrest................ $_____
_____ Miles going b/p/r/c........ _____
_____ Miles returning b/p/r/c.. _____
              **TOTAL $_____**

SERVED SO
Arresting Agency
SHERIFF/CONSTABLE SCS ___ COUNTY, TEXAS
Detaining Facility
Officer Name ___ Booking
BY:
Date of Arrest ___ 9/24/17
DEPUTY SHERIFF/CONSTABLE
Returned By _____

EXHIBIT 1

**FELONY DISCOVERY COMPLIANCE FORM**
**SMITH COUNTY DISTRICT ATTORNEY'S OFFICE**

FILED
LOIS ROGERS
DISTRICT CLERK

**DATE:** November 2, 2017
**TO:** COURT / DEFENSE ATTORNEY
**DEFENDANT:** BILLY RAY JOHNSON
**OFFENSE:** POSSESSION OF CONTROLLED SUBSTANCE
**CAUSE #:** 241-1242-17

2017 NOV -2 P

SMITH COUNTY

I.  **WITNESS LIST:** (X) States Response to Request to List Witnesses/ ( ) See attached subpoena request
   (X)   Any and all law enforcement agents, civilians, and/or individuals listed and/or mentioned in offense reports, laboratory reports, and any other material provided through discovery and/or attached hereto.

II.  **ADDITIONAL WITNESSES:**
   (X) a)   for purposes of proving identity of defendant with regard to evidence or prior offenses:
   Inv. Craig Williams (TPD), Sgt. Jeff Rackliff (TPD), Inv. Donald Malmstrom (TPD), Inv. Noel Martin (SCSO), Inv. Justin Hall, Inv. Travis Breazeale and any other current or former officer with the Tyler Police Department or Smith County Sheriff's Office, any current or former prosecutor, or any current or former probation or parole officer.
   (X) b)   Jo Ann Williamson, Christi McDowell, Ken Tullos or any other custodian of law enforcement property rooms.
   (X) c)   Nelson Downing, Chet Thomas, Jay Zehran, or any other current or former employee or agent of Smith County Juvenile Services, Gerald Hayden, Clifford Balch or any other current or former employee of Smith County Adult Probation Services, and/or any current or former parole officer with the State of Texas to offer testimony at punishment stage.
   (X) d)   Amanda Cook (TPD), Paula Cain (SCSO), Yolanda Muhammad (9-1-1 Center), or any other current or former dispatcher or call taker.
   **EXPERT WITNESSES:**
   (X) a)   Scott Brown (DPS) - Technical Supervisor, Sgt. Ricky White (DPS), Sgt. Jimmy Jackson (DPS), Sgt. Adam Nelson (DPS), Trooper Nicholas Castle (DPS), or Trooper Steven Hodge (DPS) - Drug Recognition Experts, on all cases involving the possession or consumption of alcohol or any controlled substance.
   (X) b)   D. Keith Pridgen, Clayblon Cloud, Karen Ream, Karen Shumate, Chance Cline, Eloisa Esparza, Karen Collins, Stephanie Jackson, Caroline Allen, Robert Prince, and/or Nathan Tunnell (DPS Laboratory - Tyler).

III.  **PHYSICAL EVIDENCE:**
   ( ✓) Photos, Diagrams
   ( ✗) Narcotics and Paraphernalia
   ( ✓) See Lab Report Attached
   (X) All physical evidence is available and a time may be arranged for viewing by contacting Melissa Wilgus at 590-1720, 48 hours prior to time wishing to view same.
   ( ✓) See Property Report Attached
   ( ) Video
   ( ) Other _1 Flashdrive_

IV.  **WRITTEN CONFESSION:** ( ) yes (✗) no ( ) see attached

V.  **ORAL STATEMENTS:** (✓) yes ( ) no ( ) see attached

VI.  **VIDEO STATEMENTS:** All videos and/or photographs are available and a time may be arranged for viewing by contacting Melissa Wilgus at 590-1720, 48 hours prior to time wishing to view same.

   ( ✓) a) Defendant: (✓) yes ( ) no
   ( ) b) Witness:  ( ) yes ( ) no ( ) available pursuant to Rule 615 of Texas Rules of Evidence

VII.  **DEFENDANT'S PRIOR CRIMINAL RECORD:** ( ) none (✓) attached ( ) pen pack available for inspection
   (X) all other convictions detailed in attached criminal history

VIII.  **(X) STATE INTENDS TO OFFER EXTRANEOUS OFFENSES OR BAD ACTS INCLUDED IN ATTACHED DOCUMENTS, AND PROVIDED THROUGH DISCOVERY, INCLUDING DEFENDANT'S PRIOR CRIMINAL HISTORY AS WELL AS ANY BOND VIOLATION COMMITTED BY THE DEFENDANT WHILE ON BOND FOR THIS OFFENSE, UNDER 404(B) AND 609 RULES OF EVIDENCE AND 37.07(3)(G) CODE OF CRIMINAL PROCEDURE**

IX  The State requests notice of the name and address of each person the Defendant may use at trial to present evidence under Rules 702, 703, and 705, Texas Rules of Evidence, pursuant to Article 39.14(b), Texas Code of Criminal Procedure.

X.  **EXCULPATORY EVIDENCE:** (X) see attached

XI.  THIS CERTIFIES THAT BATES STAMPED DOCUMENTS, NUMBERED __1__ THROUGH __99__, WERE MADE AVAILABLE TO DEFENSE COUNSEL ON THE ABOVE FILE-MARKED DATE.

EXHIBIT 1

# CRIMINAL DOCKET – CAUSE NO. 241-1242-17

| NAMES OF PARTIES | ATTORNEYS | OFFENSE | | DATE OF FILING |
|---|---|---|---|---|
| THE STATE OF TEXAS | MATT BINGHAM – STATE | POSS CS PG 1 <1G | | 09/14/2017 |
| VS. | | Offense Date: | 05/13/2017 | CHARGING |
| | | Arrest Date: | 05/13/2017 | INSTRUMENT: |
| BILLY RAY JOHNSON<br>BlackMale DOB: 1959<br>1238 CR 24 Tyler, TX 75705 | CLIFTON ROBERSON | Bond Amt:<br>Bond Co: | $10K | INDICTMENT |

| DATE OF ORDERS<br>Month/Day/Year | | | ORDERS OF THE COURT |
|---|---|---|---|
| 09/14/2017 | | | INDICTMENT |
| 09/14/2017 | | | GRAND JURY MINUTES |
| 09/20/2017 | | | ORDER OF TRANSFER |
| 09/20/2017 | | | ORDER TRANSFER ( ) / RECEIVING ( ) |
| 09 | 20 | 17 | CAPIAS, PRECEPT AND CONDITIONS OF BOND ISSUED |
| 09 | 20 | 17 | SCHEDULING ORDER |
| 11 | 15 | 17 | *Case Called defendant present W/ attorney - defendant Sentenced to Nine (9) Months State Jail.* |
| 11 | 15 | 17 | PLEA PAPERS |
| 11 | 15 | 17 | TRIAL COURT CERTIFICATION |
| 11 | 15 | 17 | WAIVER OF MOTION FOR NEW TRIAL |
| 11 | 15 | 17 | ACKNOWLEDGMENT OF DISCOVERY AND COMPLIANCE |
| 11 | 15 | 17 | CHANGE IN STATUS |
| 11 | 15 | 17 | JUDGMENT OF CONVICTION |

EXHIBIT 1

Page 1 of 1

**INDICTMENT**   241-1242-17

| | |
|---|---|
| THE STATE OF TEXAS | IN THE 114TH DISTRICT COURT |
| VS. | OF |
| BILLY RAY JOHNSON | SMITH COUNTY, TEXAS |

3599001-4

Charge: Possession of a Controlled Substance   Article:  481.115  Control #: 17-04173

### IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS:

THE GRAND JURORS, duly selected, organized, sworn and impaneled as such for the County of Smith, State of Texas, at the July-December Term, 2017, of the 114TH Judicial District Court in and for said County, a quorum thereof being present, upon their oaths present in and to said Court, that on or about the 12th day of May, 2017, and anterior to the presentment of this Indictment, in the County of Smith and State of Texas, BILLY RAY JOHNSON did then and there intentionally and knowingly possess a controlled substance, namely, cocaine, in an amount of less than one gram, including any adulterants and dilutants;

AGAINST THE PEACE AND DIGNITY OF THE STATE.

Foreman of the Grand Jury

F I L E D

SEP 14 2017

CLERK, 114TH JUDICIAL COURT

17-5086BJ4

Original- Pink         State's Copy- Green         Defendant's Copy- Canary

EXHIBIT 1

**THE STATE OF TEXAS**
**COUNTY OF SMITH**

      I, Lois Rogers, Clerk of the District Court within and for the County and State aforesaid, do hereby certify that
the foregoing contains a true and correct copy of the Indictment in Cause No. _____, of the State of Texas
vs _____ as now on file in this office.

      IN TESTIMONY WHEREOF I hereto set my hand and seal, this _____ day of
_____, A.D. 20_____.

                                       **LOIS ROGERS**
                                  Clerk of the District Court

By_____       Smith County, Texas
          Deputy

---

NO. _____

THE STATE OF TEXAS
VS

**INDICTMENT**

OFFENSE

D. Matt Bingham
Criminal District Attorney
Smith County, Texas

A TRUE BILL

Foreman of the Grand Jury

AMOUNT OF BAIL: $ *10,000*
File this _____ day of _____
20 _____

LOIS ROGERS
Clerk of the District Court
Smith County, Texas

BY: _____
       Deputy

WITNESSES

EXHIBIT 1



## Bail Bond - BILLY JOHNSON

**Surety Bail Bond #508613**

| | | | |
|---|---|---|---|
| Bond Company: | Strike Three Bonds | Warrant: | ONSIGHT |
| Principal: | BILLY JOHNSON | Cause No.: | |
| Status: | Reviewed 5/17/2017 | Book No.: | B17-03263 |
| | | SO#: | 106145 |

Court: 241st District Court
Date: 8/11/2017
Time: 8:00 AM
Place: 100 N. Broadway, Room 220
Receipt: 10662 - $15.00

### Agreement:

Know all men by these presents, that we, BILLY JOHNSON, as principal, and the undersigned Strike Three Bonds as sureties, are held and firmly bound unto the STATE OF TEXAS, in the penal sum of $1,500.00 Dollars and, in addition thereto, we are bound for the payment of all fees and expenses that may be incurred by any peace officer in re-arresting the said principal in the event any of the hereinafter stated conditions of this bond are violated for the payment of which sum or sums well and truly to be made, we do bind ourselves, and each of us, heirs, executors, and administrators, jointly and severally.

The conditions of this bond are that the defendant was arrested on 5/13/2017 and has been charged with POSS CS PG 1 <1G, a State Jail Felony offense and to secure his/her release from custody is entering into this obligation binding him/her to appear before the 241st District Court, the State of Texas.

Now therefore, if the said principal shall well and truly make his personal appearance before said court instanter as well as before any other court to which the same may be transferred and for any and all subsequent proceedings that may be had relative to said charge in the course of criminal actions based on said charge, and there remain from day to day and term to term of said courts, until discharged by due course of law, then and there to answer said accusation against him/her, this obligation shall become void, otherwise to remain in full force and effect.

Taken and approved: 5/17/2017

By (Deputy): JOHN MCLEAN

Surety (Owner/Agent): Strike Three Bonds (Owner, Judy Bobbitt)
BY /s/ Judy Bobbitt _____ this 17 day of May, 2017

**FILED**
SEP 19 2017

| | |
|---|---|
| Surety Employee: DWAYNE HUNT | CoSurety: GWENDOLYN SMITH |
| Address: PO Box 8328 | Address: 20544 FM 850 |
| City/State/Zip: Tyler, TX 75711 | City/State/Zip: ARP/TX/75750 |
| Phone: 903-597-9050 | Phone: 590-6550 |
| Submitted: 5/17/2017 | /s/ GWENDOLYN SMITH |
| Status: Reviewed at 5/17/2017 | |

### Principal Identification:

| | |
|---|---|
| SSN: ***-**-3978 | Address: 1238 CR 24 |
| DL#/State: ****9260 / TX | City/State/Zip: Tyler, TX 75705 |
| DOB:     1969 | Phone: 903-585-0619 |
| Sex: Male | |
| Race: Black | |

Hair: BLK
Eyes: BRO
Height: 6' 1
Weight: 180
**Right Thumb Print:**

Signed by Principal: _____

Dated: Wednesday, May 17, 2017

### Declaration of Sureties:

**INSUFFICIENT BOND**

THE STATE OF TEXAS
COUNTY OF SMITH

We, each of us, Judy Bobbitt and GWENDOLYN SMITH pursuant to section 132.001 of the Texas Civil Practice and Remedies Code does hereby declare under penalty of perjury that he or she is worth in his or her own right at least the sum of $3,000.00 Dollars, after deducting from his or her property all that which is exempt by the Constitution and Laws of the State from forced sale, and after the payment of all our debts, of every description, whether individual or security debts, and after satisfying all encumbrances upon our property which are known to us; and that the surety or agent of the surety resides in the County of Smith and has property in the State liable to execution worth:

THE SAID Strike Three Bonds SUM OF $3,000.00 DOLLARS
THE SAID COSURETY GWENDOLYN SMITH SUM OF $6,000.00 DOLLARS

BY /s/ Judy Bobbitt _____ this 17 day of May, 2017

BY JOHN MCLEAN _____, DEPUTY this 17 day of May, 2017

page 1 of 2                                        5/17/2017
Smith County - All Rights Reserved

EXHIBIT 1

 ## Bail Bond - BILLY JOHNSON

| | | | | |
|---|---|---|---|---|
| **Surety Bail Bond #508613** | | | | |
| **Bond Company:** Strike Three Bonds | **Warrant:** | ONSIGHT | **Court:** | 241st District Court |
| **Principal:** BILLY JOHNSON | **Cause No.:** | | **Date:** | 8/11/2017 |
| **Status:** Reviewed 5/17/2017 | **Book No.:** | B17-03263 | **Time:** | 8:00 AM |
| | **SO#:** | 106145 | **Place:** | 100 N. Broadway, Room 220 |
| | | | **Receipt:** | 10662 - $15.00 |

### Surety Receipt:

## Strike Three Bonds
PO Box 8328, Tyler, TX 75711

Bond Number: 508613    Bond Amount: $1,500.00
Bond Fee Receipt: 10662    Bond Fee: $15.00

Taken and approved: 5/17/2017
By (Deputy): JOHN MCLEAN
Payor): Strike Three Bonds
Address: PO Box 8328
City/State/Zip: Tyler, TX 75711
Phone: 903-597-9050
Submitted: 5/17/2017
Status: Reviewed at 1:30:58 PM

### Principal Identification:

| | | |
|---|---|---|
| SSN: ***-**-3978 | Address: 1238 CR 24 | Hair: BLK |
| DL#/State: ****9260 / TX | City/State/Zip: Tyler, TX 75705 | Eyes: BRO |
| DOB:      959 | Phone: 903-565-0619 | Height: 6' 1 |
| Sex: Male | | Weight: 180 |
| Race: Black | | |

Bond Amount: $1,500.00
Offense: POSS CS PG 1 <1G
a State Jail Felony

BY /s/ Strike Three Bonds _____ this 17 day of May, 2017

EXHIBIT 1



# SMITH COUNTY JAIL RELEASE SHEET

## Inmate Information

| Inmate Name:<br>JOHNSON, BILLY RAY | DOB:<br>1959 | |
|---|---|---|
| AKA: | PID #:<br>30389 | |
| SO #:<br>106145 | Booking #:<br>B17-03263 | |

## Arrest Information

| Arrest Date:<br>05/13/2017 | Arrest Time:<br>1:15 AM | Arrest Location:<br>GISH/ MELISSA RD |
|---|---|---|
| Arresting Department:<br>Smith County Sheriff's Office | Arresting Officer/Badge Number:<br>NIETO, E./389635 | |

## Charge Information

| Warrant | Hold Reason | Offense | Code | Issuing Auth | Bond # | Bond Amt | Bond Type | Fine |
|---|---|---|---|---|---|---|---|---|
| ON SIGHT | Warrantless/On-View | TAMPER/FABRICATE PHYS EVID W/INTENT TO IMPAIR | 48040003 | 241 | Set by Judge | 3,000.00 | Surety Bond | |
| ON SIGHT | Warrantless/On-View | POSS CS PG 1 <1G | 35990014 | 241 | Set by Judge | 1,500.00 | Surety Bond | |
| ON SIGHT | Warrantless/On-View | POSS CS PG 1 <1G | 35990014 | 241 | Set by Judge | 1,500.00 | Surety Bond | |

## Release Information

| Release Date:<br>05/17/2017 | Release Time:<br>7:11 PM |
|---|---|
| Release Officer:<br>MCLEAN, JOHN | Release Reason:<br>STRIKE THREE BONDS |

## Property Information

| Quantity | Description | Location | Bag # |
|---|---|---|---|
| 1 | clothing , misc items | Released | GB 0273 |

Inmate Signature                                           Date

EXHIBIT 1

Cause No. 241-1242-17

| THE STATE OF TEXAS | IN THE 241st District Court |
| --- | --- |
| VS | OF |
| BILLY RAY JOHNSON | SMITH COUNTY TEXAS |

## BILL OF COSTS

| Fee Code | Fee Description | Initial | Balance |
| --- | --- | --- | --- |
| DCSCSO | Arrest Fee - Smith County Sheriff's Office $5.00 | $5.00 | $5.00 |
| DCCLERK | Clerk's Filing Fee $40 | $40.00 | $40.00 |
| DCCCC | Consolidated Court Costs Fee $133 | $133.00 | $133.00 |
| DCCTF | Court Technology Fee $4 | $4.00 | $4.00 |
| DCCHS | Courthouse Security Fee $5 | $5.00 | $5.00 |
| DCDCP | Drug Court Program $60 | $60.00 | $60.00 |
| DCEFILE | E-Filing Fee $5 | $5.00 | $5.00 |
| DCIDF | Indigent Defense Fee $2 | $2.00 | $2.00 |
| DCSJFC | Judicial Support Fee - (County) $.60 | $0.60 | $0.60 |
| DCSJFS | Judicial Support Fee - (State) $5.40 | $5.40 | $5.40 |
| DCJRF | Jury Reimbursement Fee $4 | $4.00 | $4.00 |
| DCRMP | Records Management & Preservation Fee $2.50 | $2.50 | $2.50 |
| DCRM | Records Management Fee $22.50 | $22.50 | $22.50 |

Total: | $289.00 | $289.00 |

An additional time payment fee of $25.00 will be assessed if any part of a fine, court costs, or restitution is paid on or after the 31ST day after the date the judgment assessing the fine, court costs or restitution is entered.  ***See Texas Local Government Code, Section 133.103.***

Date: 11/20/2017          Deputy:  *Terry Morrow*

Terry Morrow



EXHIBIT 1

F I L E D

| | |
|---|---|
| **THE STATE OF TEXAS** | CASE NO. . 241-1242-17     COUNT 1 |
| | INCIDENT NO./TRN: 9061743419 |
| | § |
| | § **IN THE 241ST DISTRICT COURT** |
| **V.** | § |
| | § |
| **BILLY RAY JOHNSON** | § |
| | § **SMITH COUNTY, TEXAS** |
| STATE ID NO.: TX-03951524 | § |

CLERK, 241st JUDICIAL COURT, SMITH CO., TX
BY                                           DEPUTY

# JUDGMENT OF CONVICTION BY COURT
## WAIVER OF JURY TRIAL

| | | | |
|---|---|---|---|
| Judge Presiding: | Hon. Jack Skeen Jr. | Date Order Entered: 11/15/2017 | |
| Attorney for State: | **JEFF BULLOCK** | Attorney for Defendant: | **CLIFTON ROBERSON** |

Offense:
**POSS CS PG 1 <1G**

| Charging Instrument: | Statute for Offense: |
|---|---|
| Adult Felony - Filed by Indictment | 481.115(b) |

Date of Offense:
05/13/2017

| Degree of Offense: | Plea to Offense: | Findings on Deadly Weapon: |
|---|---|---|
| **State Jail Felony** | **Guilty** | **N/A** |

Terms of Plea Bargain:
**REFLECTED IN JUDGMENT**

| Plea to 1st Enhancement Paragraph: | N/A | Plea to 2nd Enhancement/Habitual Paragraph: | N/A |
|---|---|---|---|
| Findings on 1st Enhancement Paragraph: | N/A | Findings on 2nd Enhancement/Habitual Paragraph: | N/A |
| Plea on Jurisdictional Paragraph: | N/A | | |
| Findings on Jurisdictional Paragraph: | N/A | | |

| Punishment and Place of Confinement: | **NINE (9) MONTHS State Jail Facility** |
|---|---|

DATE SENTENCE IMPOSED: **11/15/2017**     DATE SENTENCE TO COMMENCE: **11/15/2017**

The Court Finds Defendant is convicted of a State Jail Felony and **IS NOT**
presumptively entitled to diligent participation credit in accordance with
Code of Criminal Procedure, article 42.12, Section 15(h).  TEX.CODE CRIM. PROC. Art. 42.0199

**THIS SENTENCE SHALL RUN CONCURRENTLY**

| Fine: | Court Costs: | Restitution: | Restitution Payable to: |
|---|---|---|---|
| $0.00 | $289.00 | $180.00 | DPS LAB |

Sex Offender Registration Requirements DO NOT APPLY to the Defendant.

| Time Credited: | 102 Days |
|---|---|

EXHIBIT 1

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in Smith County, Texas. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel  (select one)**

XXX Defendant appeared in person with Counsel.

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. The Court then admonished Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court found Defendant guilty of the offense indicated above. In the presence of Defendant, the Court pronounced sentence against Defendant.

The Court FINDS Defendant committed the above offense and ORDERS, ADJUDGES AND DECREES that Defendant is GUILTY of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

**Punishment Options**

XXX **Confinement in a State Jail Facility.** The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the  Director, State Jail Facility. The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the Smith County District Clerk's Office. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

**Execution / Suspension of Sentence  (select one)**

XXX The Court ORDERS Defendant's sentence EXECUTED.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

**XXX   Attachment A, Order to withdraw funds, is incorporated into this judgment and made a part hereof.**

**Furthermore, the following special findings or orders apply:**

Court approves Defendant's written waiver of right to appeal.

Cause Number 241-1241-17, Tampering with Evidence, 12.45 Dismissed.

---

**Signed and Ordered on This 15th Day Of November, 2017**

X _____
Jack Skeen Jr., JUDGE PRESIDING

Clerk:  Denise Langston

Right Thumb

EXHIBIT 1

CASE NO. . 241-1242-17      COUNT 1

INCIDENT NO./TRN: 9061743419

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 241ST DISTRICT COURT |
| | § | |
| v. | § | |
| | § | |
| BILLY RAY JOHNSON | § | SMITH COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX-03951524 | § | |

**ATTACHMENT A**
**ORDER TO WITHDRAW FUNDS**

TO;  INMATE TRUST ACCOUNT TEXAS DEPARTMENT OF CRIMINAL JUSTICE

COPY TO:   **BILLY RAY JOHNSON**         TDCJ#:           SID#:

GREETINGS:

THE ABOVE named Texas Department of Criminal Justice offender has of this date been assessed court costs, fees and/or restitution in the 241ST District of Smith County, Texas, in the above entitled cause in accordance with the sentence imposed as reflected in the judgment to which this Order is attached. The Court finds that the offender is unable to pay court costs, fees and/or fines and or restitution on this date and that the funds shall be withdrawn from the offender's Inmate Trust Account.  Court costs, fees and/or fines and/or restitution have been incurred in the amount $289.00 .

THE COURT ORDERS that payment be made out of the offender's Inmate Trust account as follows:

Pay an initial amount equal to the lesser of:

        (1)  15% of the account balance up to and including $100, plus 25% of any portion of the account balance that is between $100.01 and $500 inclusive, plus 50% of any partition of the account
            Balance that is more than $500; or

        (1)  The total amount of court costs, fees and/or fines and/or restitution that remains unpaid.
            After the payment of the initial amount, the offender shall pay an amount equal to the lesser of:

        (1)  10% of each deposit in the offender's Inmate Trust Account; or
        (1)  The total amount of court costs, fees and/or fines and/or restitution that remains unpaid/
        Payments are to continue until the total amount of the court costs, fees and/or fines and/or restitution are paid, or the offender is released from confinement.

On receipt of a copy of this Judgment, the department (Inmate Trust Account) shall withdraw money from the trust account of the offender, hold same in a separate account, and shall forward said money to the Smith County District District Clerk, 100 North Broadway #204 Tyler, Texas 75702 on the earlier of the following dates:
        (1)  Monthly
        (1)  The date the total amount to be forwarded equals the total amount which remains unpaid; or
        (2)  The date the offender is released.

THIS ORDER is entered and incorporated into the Judgment and Sentence of this Court and pursuant to Government Code, Section 501.014 on **This  15th day of November, 2017**

EXHIBIT 1



FILED
LOIS ROGERS
DISTRICT CLERK

2017 NOV 30 PM 12: 26

SMITH COUNTY TEXAS
BY_____

# PEN PACK COVER SHEET

## TO: SMITH COUNTY JAIL, COMMITMENTS DIVISION

**WHEN PEN PACKS ARE RECEIVED BY YOUR OFFICE PLEASE SIGN THIS FORM AND RETURN IT TO <u>Terry Morrow</u> IN THE DISTRICT CLERK'S OFFICE**

## THANK YOU

<u>Terry Morrow</u>241st District Court FELONY CRIMINAL CLERK

## DEFENDANT: <u>BILLY RAY JOHNSON</u>

## CAUSE NUMBER: <u>241-1242-17</u>

DATE PEN PACK COMPLETED: ___11.20.2017_____

PEN PACK COMPLETED BY:  <u>Terry Morrow</u>

DATE PEN PACK SENT: ___11/28/17___

DATE RECEIVED:_____11-28-17_____

RECEIVED BY: _____Sgt Blalock_____

***NOTE: IF THIS FORM IS NOT RETURNED TO: <u>Terry Morrow</u> IN THE DISTRICT CLERK'S OFFICE, THE CLERK WILL ASSUME THAT THE PEN PACK WAS NOT RECEIVED**

**PLEASE RETURN AS SOON AS POSSIBLE.**

EXHIBIT 1

**CAUSE NUMBER: 241-1242-17**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 241ST JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| BILLY RAY JOHNSON | § | SMITH COUNTY, TEXAS |

POSSESSION OF CONTROLLED SUBSTANCE

*[stamp: NOV 15 2017, CLERK, 241st JUDICIAL COURT, SMITH CO. TX, BY _____ DEPUTY]*

### AGREED PUNISHMENT RECOMMENDATION

As a result of negotiations between the parties, it is mutually recommended to the Court that:

1. ( ✓ ) Punishment be assessed at: *Kim c/w/cw 241-1243-17*
   _____ years in the TDCJ-ID    *Pcs*
   *cw* _____ in the Smith County Jail
   *B.J. 9* _____ in a State Jail Facility    *Time Credit 8/11/17 – present*
   $ _____ Fine

2. ( ) PROBATION is recommended of the ( ) Term ( ) Fine
   ( ) Both for a period of _____ years.

3. ( ✓ ) A SPECIAL CONDITION of the recommended sentence being payment
   of RESTITUTION in the amount **to be determined by the PSI.**    *180.00 lab fee*

4. ( ) Prosecution to Proceed only on COUNT_____

5. ( ) MOTION TO DISMISS will be filed in_____

6. ( ✓ ) Pursuant to PC Article 12.45, the Court can consider the following
   unadjudicated offenses: *241-1241-17 Tampering with evidence*

7. ( ) DEFERRED ADJUDICATION OF GUILT is recommended pursuant to
   CCP Art. 42.12 (3d) for a period of _____ years.

8. ( ) OPEN PLEA _____

It is expressly provided and understood by the parties that this instrument constitutes only an offer when signed and dated by the State's attorneys. Completion of this instrument in the manner stated will constitute an acceptance of the offer and the State will be absolutely bound by the terms and conditions contained herein.

It is further expressly provided and understood by the parties that no court, or judge thereof, may be bound by this instrument or required in any manner to adhere to or to follow any agreements entered into by the State, the Defendant, or his attorney.

**ANY CHANGES, ADDITIONS OR ALTERATIONS TO THE ORIGINAL CONTENT OF THIS DOCUMENT MUST BE INITIALED AND DATED BY ALL PARTIES TO THE CHANGES, ADDITIONS, OR ALTERATIONS FOR THEM TO BE VALID.**

_____
ASSISTANT CRIMINAL DISTRICT
ATTORNEY

_____11/14/17_____
DATED

CHIEF PROSECUTOR
**STATE'S EXHIBIT #1**

*Billy R. Johnson*
DEFENDANT

_____11/13/17_____
DATED

_____
ATTORNEY FOR DEFENDANT

EXHIBIT 1

**CAUSE NUMBER: 241-1242-17**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 241ST JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| BILLY RAY JOHNSON | § | SMITH COUNTY, TEXAS |

<u>**ACKNOWLEDGMENT OF ADMONISHMENTS**</u>

      Comes now the defendant in the above styled and numbered cause, with his attorney of record, and would acknowledge to this Honorable Court that he has read, and understands, the admonishments enumerated below. In addition to having read and understood the admonishments, Defendant further acknowledges to this Honorable Court that he is fully aware of the consequences of the plea that he is entering in this cause. Specifically the Defendant acknowledges reading and understanding that:

1.    The offense for which Defendant is charged is **POSSESSION OF CONTROLLED SUBSTANCE**, and the range of punishment for such offense is *State Jail 180days- 2yr) fine not to exceed $10,000.00*

2.    The recommendation of the Prosecuting Attorney as to punishment is not binding on the Court. Should the Court reject any plea agreement existing between the State and the Defendant, the Defendant shall be permitted to withdraw the plea of guilty or nolo contendere;

3.    If the punishment assessed does not exceed the punishment recommended by the Prosecutor and agreed to by the Defendant and his attorney, the Trial court must give its permission to the Defendant before he may prosecute an appeal or any matter in the case, except for those matters raised by written motions filed prior to trial;

4.    If the Defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this Country, or the denial of naturalization under Federal Law.



EXHIBIT 1

5.   If the Defendant is placed on deferred adjudication for a felony offense under article 42A.101 of the Texas Code of Criminal Procedure and subsequently receives a discharge and dismissal under section 42A.111, the Defendant may petition the Court for an order of non-disclosure unless the Defendant is ineligible to pursue that right because of the nature of the offense for which the Defendant was placed on deferred adjudication of the Defendant's criminal history makes him/her ineligible. Such petition may not be filed sooner than the fifth anniversary of the discharge and dismissal. See Texas Government Code § 411.081.

Under the provisions of Article 26.13, V.A.C.C.P., Defendant hereby acknowledges that he has read and understands the aforementioned admonishments, and that the Defendant is aware of the consequences of his plea.

SIGNED on this, the ____ day of ____ November, 2017.

_____                    _____
DEFENDANT                                     ATTORNEY FOR DEFENDANT

F I L E D

NOV 1 5 2017

CLERK, 241st JUDICIAL COURT, SMITH CO. TX
BY _____ DEPUTY

EXHIBIT 1

**CAUSE NUMBER: 241-1242-17**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 241ST JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| BILLY RAY JOHNSON | § | SMITH COUNTY, TEXAS |

### WAIVER OF TRIAL BY JURY

Comes now the Defendant in writing and in open court, together with his attorney and shows this Court that I understand that I have a right to trial by jury whether I plead "guilty" or "not guilty", and that, understanding my right to trial by jury, I knowingly and intentionally waive my right to trial by jury and request a trial before the Court upon my plea of guilty.

DEFENDANT           ATTORNEY FOR DEFENDANT

### APPROVAL BY THE STATE

Comes now the State, by and through her District Attorney, and consents and agrees to the Waiver of a Jury herein and to the trial of this cause before the Court.

ATTORNEY FOR THE STATE

### APPROVAL BY THE COURT

It clearly appearing to the Court that the Defendant understands his right to trial by jury and that he intentionally and voluntarily waived that right in writing and in open court and it further appearing to the Court that the State has joined in the Waiver of trial by Jury, the Court approves the Waiver of Trial by Jury of the Defendant.

JUDGE PRESIDING

EXHIBIT 1

CAUSE NUMBER: 241-1242-17

| THE STATE OF TEXAS | § | IN THE 241ST JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| BILLY RAY JOHNSON | § | SMITH COUNTY, TEXAS |

### WAIVER OF CONFRONTATION AND AGREEMENT TO STIPULATE

Comes now the Defendant in writing and in open court, together with his attorney and shows this Court that I understand my right to remain silent and make no statement and that any statement made by me may be used in evidence against me at my trial.  The Defendant would further show this Court that I understand my right to have all witnesses appear and testify in Court and my right to confront the witnesses and to cross-examine them.  The Defendant would further show this Court that understanding these rights, I intentionally and voluntarily waive my right to remain silent and my right to the appearance, confrontation and cross-examination of the witnesses and agree to the oral and written stipulation of the testimony and evidence and to the introduction of testimony by affidavits, written statements of witnesses and other documentary evidence by the State.

_____
DEFENDANT

SWORN TO AND SUBSCRIBED before me, the undersigned authority, on the _____ day of ___NOVember___, 2017, to certify which witness my hand and seal of office.

DISTRICT CLERK OF SMITH COUNTY, TEXAS

By: _____
DEPUTY CLERK

I have explained to the Defendant his right to remain silent and his right to the appearance, confrontation and cross-examination of witnesses and I approve his waiver of those rights and his agreement to stipulate.

_____
ATTORNEY FOR DEFENDANT

### APPROVAL BY THE COURT

It clearly appearing to the Court that the Defendant understands his right to remain silent and his right to the appearance, confrontation and cross-examination of witnesses and that he voluntarily waives those rights and agrees to stipulate the testimony and evidence, the waiver and the agreement to stipulate is hereby approved.

_____
JUDGE PRESIDING

FILED

NOV 1 5 2017

CLERK 241ST JUD. DIST. COURT, SMITH CO. TX

EXHIBIT 1

CAUSE NUMBER: 241-1242-17

| THE STATE OF TEXAS | § | IN THE 241ST JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| BILLY RAY JOHNSON | § | SMITH COUNTY, TEXAS |

### STIPULATION OF EVIDENCE

My name is **BILLY RAY JOHNSON**, and I am the Defendant in the above entitled and numbered cause appearing in person and with my attorney present.  I hereby consent in writing and in open court to the stipulation of the evidence in this case and in so doing expressly waive the appearance, confrontation and cross-examination of witnesses. I further consent to the introduction of hearsay testimony by affidavit, written statements of witnesses and other documentary evidence, accordingly, having waived my Federal and State constitutional and statutory rights against self-incrimination, I agree to stipulate that the following facts are true and correct and constitute the evidence in this case; that in the County of Smith and State of Texas, on or about the 12th day of May, 2017, and anterior to the presentment of this Indictment, in the County of Smith and State of Texas, BILLY RAY JOHNSON did then and there intentionally and knowingly possess a controlled substance, namely, cocaine, in an amount of less than one gram, including any adulterants and dilutants;

AGAINST THE PEACE AND DIGNITY OF THE STATE.

DEFENDANT                                          ATTORNEY FOR DEFENDANT

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, on the ____ day of _____, 2017, by the above named Defendant in open court during the trial of the above numbered and entitled cause.

LOIS ROGERS, Clerk of the
District Court, Smith County, Texas
By: _____
Deputy Clerk

F I L E D

NOV 15 2017

**STATE'S EXHIBIT #2**                    JUDGE PRESIDING

EXHIBIT 1

## CAUSE NUMBER: 241-1242-17

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 241ST JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| BILLY RAY JOHNSON | § | SMITH COUNTY, TEXAS |

### AGREEMENT TO STIPULATE TESTIMONY

This day in open Court, the Defendant in the above entitled and numbered cause and his/her counsel and the State's attorney do hereby enter into an agreement that the Defendant waives the appearance, confrontation, and the cross-examination of witnesses in this cause and agrees that the testimony of said witnesses may be stipulated into the record by the State's attorney; such testimony being the same as the witnesses would give if they were present in Court and were testifying under oath, and the Defendant further consents to the introduction of testimony by affidavit, written statements of witnesses, and all other documentary evidence that may be introduced by the State.

_____     _____
ATTORNEY FOR DEFENDANT                    DEFENDANT

Before the said Defendant enters his/her plea herein, each of the above requests of the Defendant herein and are hereby consented to and approved by me, the attorney representing the State herein.

_____
ASSISTANT DISTRICT ATTORNEY

The above and foregoing Waiver of Jury Trial and Agreement to Stipulate Testimony of the Defendant herein having been duly considered by the Court, and it appearing to the Court that the Defendant is herein charged with a felony, that the Defendant is represented by counsel, and that the attorney representing the state herein has given the consent and approval to same, the Defendant has waived the ten (10 ) day waiting period for trial, after appointment of counsel; therefore, consent and approval of the Court are hereby given to such procedure.

FILED

AUG 1 5 2017

JUDGE OF SAID COURT

EXHIBIT 1

## CAUSE NUMBER 241-1242-17

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 241ST JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| BILLY RAY JOHNSON | § | SMITH COUNTY, TEXAS |

### REQUEST FOR COURT TO ALLOW WAIVER OF
### PRE-SENTENCE INVESTIGATION AND REPORT

Comes now the Defendant in the above styled and numbered cause, joined herein by his attorney, and having entered his/her plea of GUILTY to the charge set forth herein and, pursuant to Article 42A.252, of the Texas Code of Criminal Procedure, moves the Court to allow this Defendant, BILLY RAY JOHNSON, to waive the making of any required Pre-Sentence Investigation and Report.

It is further moved and requested by the Defendant as follows:

1.     The State and Defendant agree that there is sufficient information in the record to permit the meaningful exercise of sentencing discretion without the necessity of a pre-sentence investigation.

2.     That this Court assess punishment to this Defendant pursuant to the agreed Plea Recommendation signed by this Defendant and by the attorney representing the State, and that said assessment of punishment and subsequent sentencing be made without a Pre-Sentence Investigation and Report prepared by the Adult Probation Officer of Smith County, Texas, or one of his assistants or by any person.

3.     That this Honorable Court assess punishments and sentencing forthwith.

4.     That this Honorable Court allow this Defendant to waive the making, investigation or preparation of any required Pre-Sentence Investigation and Report prior to assessment of punishment and sentencing in this cause.

_____          _____
ATTORNEY FOR DEFENDANT                        DEFENDANT

### O R D E R

The above and foregoing Request for Waiver of Pre-Sentence Investigation and Report having been duly considered by the Court and it appearing to the Court that the interests of justice will be served by approving and granting same, the approval of the Court is hereby given and such Defendant is hereby allowed to waive the making of such Pre-Sentence Investigation and Report.

SIGNED this 15th day of November, 2017.

_____
JUDGE PRESIDING

F I L E D

NOV 15 2017

CLERK 241st JUDICIAL COURT SMITH CO. TX
BY _____ DEPUTY

EXHIBIT 1

**CAUSE NUMBER 241-1242-17**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 241ST JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| BILLY RAY JOHNSON | § | SMITH COUNTY, TEXAS |

## ADVICE OF DEFENDANT'S RIGHT TO APPEAL

The Court, pursuant to TEX. R. APP. P. 25.2 advised the Defendant as follows:

1.  Texas law gives a defendant convicted of a crime the right to appeal his conviction.

2.  If you pled guilty or no contest and accepted the punishment recommended by the prosecutor, however, you cannot appeal your conviction unless this Court gives you permission. If you waived or gave up your right to appeal, you cannot appeal your conviction.

3.  If you did not plead guilty, you may have the right to appeal. If you want to appeal, you must give notice of appeal in writing to this Court's clerk within 30 days.

4.  If an attorney represents you in the court of appeals, your attorney must mail a copy of the court of appeals' judgment and opinion to your last known address. You must tell your attorney, in writing, of any change of address.

5.  If you are not satisfied with your appeal's result, you can ask the Court of Criminal Appeals to review your case by filing a petition for discretionary review within 30 days of the opinion's issuance in the court of appeals. If you fail to inform your attorney of any change of your address, you may lose the opportunity to seek discretionary review.

The Defendant declares the following to the Court (choose one):

1.  ☑  I read and write English. I have read and I understand this document. *B. J.* (Defendant initial here if true); or

2.  ☐  I speak English. _____ (name of reader) read this document to me. I understand its contents. _____ (Defendant initial here if true); or

3.  ☐  I do not speak English. _____ (name translator) translated this document for me. I understand its contents. _____ Defendant initial here if true.)

*Billy R. Johnson*
Defendant's signature

Sworn to and subscribed before me on the 15th day of November, 2017.

_____
Smith County Deputy District Clerk

_____
PRESIDING JUDGE
241ST District Court
Smith County, Texas

F I L E D

NOV 15 2017

Clerk, 241st District Court
By _____

EXHIBIT 1

FILED
LOIS ROGERS
DISTRICT CLERK

# PRECEPT TO SERVE COPY OF INDICTMENT

2017 OCT 17 PM 1: 54

SMITH COUNTY, TEXAS
BY _____ DEPUTY

CAUSE NO. 241-1242-17

| THE STATE OF TEXAS | § | IN THE 241ST DISTRICT COURT |
| VS. | § | OF |
| BILLY RAY JOHNSON | § | SMITH COUNTY, TEXAS |

TO THE SHERIFF OF SMITH COUNTY, GREETINGS:

**YOU ARE HEREBY COMMANDED** to serve BILLY RAY JOHNSON, the Defendant in Cause No. 241-1242-17, wherein the State of Texas is Plaintiff, and BILLY RAY JOHNSON is the Defendant, in person, with the accompanying certified copy of the original TRUE BILL OF INDICTMENT now on file in said Court.

**HEREIN FAIL NOT**, but of this Writ make due return as the law directs.

GIVEN UNDER MY HAND AND OFFICIAL SEAL, on this the 20th day of September, 2017



LOIS ROGERS, CLERK
241st District Court
SMITH COUNTY, TEXAS

BY: *Terry Morrow*
Terry Morrow, DEPUTY

## SHERIFF'S RETURN

Came to hand the __10__ day of _____ OCt __, 201 7 , at __353__ o'clock P.M., and executed by delivering the accompanying certified copy of Indictment No. 241-1242-17 to the Defendant herein, in person at __355__ o'clock P .M. on the __10__ day of _____ OCt. _____, 201 7 .

_____
SHERIFF
_____ COUNTY, TEXAS
BY: _____
DEPUTY SHERIFF/CONSTABLE

ORIGINAL

EXHIBIT 1



CAUSE NUMBER 241-1242-17

| THE STATE OF TEXAS | | IN THE 241ST JUDICIAL |
| VS. | 2017 NOV -2 PM | DISTRICT COURT OF |
| BILLY RAY JOHNSON | SMITH CO... ...AS BY | SMITH COUNTY, TEXAS |

### STATES NOTICE OF INTENT TO OFFER EVIDENCE UNDER ARTICLE 404 (b), 609 OF THE TEXAS RULES OF CRIMINAL EVIDENCE AND ARTICLE 37.07 OF THE TEXAS CODE OF CRIMINAL PROCEDURE

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, the State of Texas, by and through **KENNETH BIGGS**, and provides written notice of its intent to offer evidence under Article 404(b), 609 of the Texas Rules of Criminal Evidence and Article 37.07 of the Texas Code of Criminal Procedure, specifically as follows:

| Date of Conv. | Charge | Cause# | Court |
| --- | --- | --- | --- |
| 11-19-2010 | Possession of Marijuana | 002-84009-10 | CCL#2, Smith County, TX |
| 07-12-2007 | Possession of Marijuana | 001-82874-07 | CCL, Smith County, TX |
| 10-27-1998 | Man/Del of CS | 0709974W | Crim.DC#1, Tarrant Co., TX |
| 01-06-1995 | Delivery of Cocaine | F93-55582 | Crim.DC#5, Dallas Co., TX |
| 12-11-1987 | Driving While Intoxicated | Unknown | Smith County, TX |

| Date of Offense | Charge | Cause# | Court |
| --- | --- | --- | --- |
| 05-13-2017 | PCS | 241-1243-17 | 241st DC, Smith County, TX |
| 05-12-2017 | Tamper with Phys Evidence | 241-1241-17 | 241st DC, Smith County, TX |

And the State further gives notice of intent to offer evidence of any extraneous or bad acts which are included in the discovery materials provided now, or in any supplemental discovery materials provided, and any matter noted in open Court or contained in motions filed with the Court.

RESPECTFULLY SUBMITTED,

KENNETH BIGGS, Assistant
Criminal District Attorney
Smith County, Texas
State Bar Number 24071983

EXHIBIT 1

### CERTIFICATE OF SERVICE

I, KENNETH BIGGS, hereby certify that a true and correct copy of the foregoing Notice

of Intent to Offer Evidence under Article 404(b), 609 of the Texas Rules of Criminal Evidence

and Article 37.07 of the Texas Code of Criminal Procedure has been provided to the Defense

Attorney for the Defendant, on this the _2_ day of _November_, 2017.

KENNETH BIGGS,
Assistant Criminal District Attorney

EXHIBIT 1

FILED
LOIS ROG...
DISTR...

CAUSE NUMBER 241-1242-17

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | 2017 NOV -2  P... | **IN THE 241ST JUDICIAL** |
| **VS.** | SMITH COU...  § | **DISTRICT COURT OF** |
| **BILLY RAY JOHNSON** | BY_____§_____ | **SMITH COUNTY, TEXAS** |

<u>**STATE'S MOTION FOR NOTICE OF DEFENSE EXPERT**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

      Comes now, the State of Texas, by and through her Assistant Criminal District Attorney in and for Smith County, Texas, and requests pursuant to Article 39.14 (b) of the Texas Code of Criminal Procedure, notice of the name and address of each person the defendant intends to call as a witness in the above styled cause under Rules 702, 703 and 705 of the Texas Rules of Criminal Evidence. Pursuant to this motion, the State would show the Court the following:

I.

      Article 39.14 (b) of the Texas Code of Criminal Procedure says that "on motion of a party and on notice to the other parties, the court in which an action is pending may order one or more of the other parties to disclose to the party making the motion the name and address of each person the other party may use at trial to present evidence under Rules 702, 703, and 705, Texas Rules of Evidence. The court shall specify in the order the time and manner in which the other party must make the disclosure to the moving party, but in specifying the time in which the other party shall make disclosure not later than the 20th day before the date the trial begins."

II.

      As evidence by the attached Certificate of Service, the State has sent to the attorney for the defendant the above styled motion. This motion is to serve as the State's Notice pursuant to Article 39.14 (b) of the Texas Code of Criminal Procedure.

III.

      The State would request this Honorable Court to order the defendant and his counsel to disclose to the State of Texas the name and address of each person the defendant may use during any phase of trial to present evidence under Rules, 702, 703, and 705 of the Texas Rules of Evidence. The State of Texas would further request that defendant shall make such disclosure in writing, filed with this honorable Court and delivered to the State of Texas, such disclosure on or before ten (10) days from the date of signing the attached order and not later than 20th day before the date that trial is set to begin.

EXHIBIT 1

IV.

The State of Texas would request a special setting for a hearing on said motion.

Wherefore premises considered, the State of Texas would request this Honorable Court Grant said Motion.

Respectfully submitted,

KENNETH BIGGS, Assistant
Criminal District Attorney
State Bar Number 24071983

## CERTIFICATE OF SERVICE

I, KENNETH BIGGS, Assistant Criminal District Attorney, hereby certify that a true and correct copy of the State's Motion for Notice of Defense Expert has been provided to the Defense Attorney for Defendant, on this the ___2___ day of November, 2017.

KENNETH BIGGS, Assistant
Criminal District Attorney

EXHIBIT 1

CAUSE NUMBER : 241-1242-17

| | |
|---|---|
| THE STATE OF TEXAS | IN THE 241ST JUDICIAL |
| VS. | DISTRICT COURT OF |
| BILLY RAY JOHNSON | SMITH COUNTY, TEXAS |

## STATE'S MOTION TO OBTAIN FINGERPRINTS OF DEFENDANT

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now the STATE OF TEXAS, by and through her undersigned Assistant Criminal District Attorney, with this Motion to Obtain Fingerprints of Defendant, and in support thereof respectfully shows the Court the following:

I.

The State intends to introduce certified copies of prior convictions relating to this Defendant in the trial of this case. The witness used to introduce said evidence will be a fingerprint expert.

II.

In order for said expert to make a comparison of the prints on the certified copies, he will need a set of fingerprints from the Defendant to compare with those contained in the certified copies.

WHEREFORE, PREMISES CONSIDERED, the State respectfully requests the Court to allow the State's expert to obtain a set of fingerprints, at some time prior to or during the trial, from the Defendant in this case for the purpose of comparison.

RESPECTFULLY SUBMITTED,

KENNETH BIGGS, Assistant
Criminal District Attorney
Smith County, Texas
State Bar Number 24071983

EXHIBIT 1

## CERTIFICATE OF SERVICE

I, KENNETH BIGGS, hereby certify that a true and correct copy of the foregoing

State's Motion to Obtain Fingerprints of Defendant has been provided to the Defense

Attorney for Defendant, on this the _____2_____ day of November, 2017.

KENNETH BIGGS
Assistant Criminal District Attorney

EXHIBIT 1

FILED
LOIS ROGERS

CAUSE NUMBER: 241-1242-17

| THE STATE OF TEXAS | 2017 NOV -2 | § | IN THE 241ST JUDICIAL |
| | | § | |
| VS. | SMITH COU... | § | DISTRICT COURT OF |
| | BY _____ | § | |
| BILLY RAY JOHNSON | | § | SMITH COUNTY, TEXAS |

## STATE'S MOTION IN LIMINE

TO THE HONORABLE JUDGE OF SAID COURT

Comes now, The State of Texas, by and through her Assistant Criminal District Attorney, who moves this honorable Court In Limine to direct the Attorney for the Defense, the Defendant, any defense witnesses, or anyone associated with the Defendant in this cause, not to allude, refer to or discuss, either directly or indirectly in any way, any of the following matters in the presence of either the jury or the jury panel until such time as (1) a hearing has been held outside the presence of the jury or the jury panel as to the admissibility of the items and (2) this honorable Court has determined that the matter in question is proper for the jury to consider:

1.

Any mention that the State has filed a motion in limine, motion to shuffle or any other motion, or that any portion of same that has been granted or that the defense has been in any way prevented by the Honorable Court from offering any such evidence without first approaching the bench outside the hearing of the jury to gain a ruling on its admissibility.

2.

Any mention of any offers or plea negotiations made with respect to this case or any other case.

3.

Any explanation of the matters inquired about in the State's "have you heard" questions, as such merely test the credibility of the reputation witnesses and are not substantial evidence of the defendant's bad conduct which may be explained by the defendant.

4.

After voir dire, any reference during the guilt/innocence phrase of the trial regarding the punishment range for this particular offense.

5.

Any mention of anyone's opinion as to the guilt or innocence of the defendant.

EXHIBIT 1

6.

Any statement, motion or request for discovery made within the hearing or presence of the jury or jury panel. Any mention that the Defendant has filed a motion for discovery, the items contained within the motion or that a hearing on said motion was had and certain requests were denied by the Court. In support of such motion, the State would show this honorable Court that such motion, statement or request in a matter of law to be decided by this court and not to be considered by the jury or jury panel. Such statement, motion or request would necessarily leave the jury or jury panel with the impression that the State is concealing evidence or failing to disclose all that is required by law.

7.

Any mention that a civil suit has, could, or will be filed involving this cause of action.

8.

Any mention that the Defendant has filed a motion to suppress, the items contained within the motion or that a hearing on said motion was had and it was denied by the Court.

9.

Any mention of any polygraph test.

10.

Asking the prosecutor to stipulate to any fact in the presence of the jury.

11.

The disposition of any case against co-defendants/accomplices, unless said co-defendant and or accomplice testifies.

12.

Any explanation of the offenses or facts surrounding the offenses for which the defendant has been previously convicted.

13.

Any mention that the defendant's parole/probation can/will be revoked due to the trial offense, or that a revocation of his parole/probation is sufficient punishment.

14.

Any mention that the trial court may order any punishment that the defendant received in this case to be served consecutively with any other sentence that the defendant has received previously, because concurrent or consecutive sentencing is within the discretion of the Court and is not a proper matter for the jury's consideration.

EXHIBIT 1

15.

Any mention that the complainant(s) in the State's prosecution wish to dismiss criminal charges against the defendant, including but not limited to any affidavit executed by the complainant.

16.

Any mention that any other hearings, including, but not limited to parole revocation, probation revocation, protective order hearings, child welfare or custody hearings, or any other hearings arising from or encompassing any or all of the facts in this cause, have been held, if they were, and the results or finding of said hearing officers, jury, or other fact finders, unless in support of this motion the State would show this honorable Court that such evidence, if not tested for legal admissibility prior to the admission before the jury could result in improper evidence being admitted before the jury which would be of such nature as to irreversibly and improperly taint the jury to the extent that:

1. No instructions to the jury could cure the admission of such improper evidence before            the jury and,
2. Therefore any alleged probative value would be outweighed by the danger of its unfair prejudice.

17.

Any evidence offered by the defense in any form regarding the character of any witness until such terms as this Court holds hearing in:
1. Its admissibility
2. The qualification and/or competency of the witness to testify as to character as established in **Hernandez v. State** and the T.R.C.E.

18.

Any statement, question, or argument which directly or indirectly intimates that the State of Texas or the Smith County District Attorney's office is responsible for or does set trial dates or dockets for particular cases, including this cause;

Any statement, question or argument which directly or indirectly intimates that the State of Texas or the Smith County District Attorney's Office controls the outcome of any case presented to the Grand Jury, including this cause.

Any statement, reference, or argument, whether directly or indirectly by the attorney for the defendant, to anything in opening argument as to what he expects the defendant's evidence to show, unless he intends to introduce evidence in the defendant's case in chief. Such argument could result in the jury believing that such evidence does exist when in fact no

EXHIBIT 1

evidence to that effect has been introduced, since argument by counsel is not evidence, such statements, reference or argument by counsel for the defendant would improperly taint and mislead the jury to the extent that no instructions to the jury could cure the improper argument before the jury.

Wherefore, Premises Considered, the State requests this Court grant the foregoing Motion.

RESPECTFULLY SUBMITTED,

KENNETH BIGGS, Assistant
Criminal District Attorney
Smith County, Texas
State Bar Number 24071983

## CERTIFICATE OF SERVICE

I, KENNETH BIGGS, hereby certify that a true and correct copy of the above and foregoing Motion In Limine has been provided to the Defense Attorney for the Defendant, on this the _2_ day of _November_ , 2017.

KENNETH BIGGS,
Assistant Criminal District Attorney

EXHIBIT 1

FILED
LOIS ROGERS

Cause Number 241-1242-17

2017 NOV -2 8P

SMITH CO. S

BY _____

| | |
|---|---|
| THE STATE OF TEXAS | IN THE 241st JUDICIAL |
| VS. | DISTRICT COURT |
| BILLY JOHNSON | SMITH COUNTY, TEXAS |

## STATE'S RESPONSE TO REQUEST TO LIST WITNESSES

TO THE HONORABLE JUDGE OF THIS COURT:

Now comes the STATE OF TEXAS by its Assistant Criminal District Attorney, JAMES BULLOCK, and places the defendant on notice that the State may call as witnesses in its case in chief any person referred to any discovery packet or motion filed in this case, including but not limited to

| | |
|---|---|
| Patrick Mahomes | 3110 Oleander Dr. Tyler, TX |
| Brittany Matthews | 315 Amanda Ct. Whitehouse, TX |
| Jake Parker | 17990 Timothy Ct. Tyler, TX |
| Jaylon Dews | 114 Dews Dr. Whitehouse, TX |
| Emma Peckinpaugh | 8823 Mansion Creek cir. Tyler, TX |
| Carol Peckinpaugh | 8823 Mansion Creek Cir. Tyler, TX |
| Michael Pinkerton | Co-Defendant |
| Randi Mahomes | 3110 Oleander Dr. Tyler, TX |
| E. Nieto | Smith County Sheriff's Office |
| Deputy Dalvin | Smith County Constable |
| Deputy Blackmon | Smith County Constable |
| M. Odom | Smith County Sheriff's Office |
| Tim McDonald | Smith County Sheriff's Office |
| J. Railsback | Smith County Sheriff's Office |
| J. Decur | Smith County Sheriff's Office |
| M. Christian | Smith County Sheriff's Office |

Respectfully submitted,

**JAMES BULLOCK**
Assistant Criminal District Attorney
Smith County, Texas
State Bar Number 24086169

EXHIBIT 1

## CERTIFICATE OF SERVICE

I, JAMES BULLOCK, hereby certify that a true and correct copy of the foregoing Response to Request to List Witnesses has been provided to the Defense Attorney for the Defendant, on this the ⸺2⸺ day of ⸺November⸺ , 2017.

JAMES BULLOCK
Assistant Criminal District Attorney

EXHIBIT 1



Cause Number 241-1242-17

| | | |
|---|---|---|
| THE STATE OF TEXAS  | § | IN THE 241st JUDICIAL |
| VS. | § | DISTRICT COURT |
| BILLY JOHNSON | § | SMITH COUNTY, TEXAS |

## STATE'S NOTICE OF INTENT TO CALL EXPERT WITNESSES

TO THE HONORABLE JUDGE OF THIS COURT:

Now comes the STATE OF TEXAS by its Assistant Criminal District Attorney, JAMES BULLOCK, and provides notice pursuant to Article 39.14 (b) of the Texas Code of Criminal Procedure, that the State intends to call the following individual(s) as a witness in the above styled cause under rules 702, 703, 704, and 705 of the Texas Rules of Criminal Evidence:

| | |
|---|---|
| Noel Martin | Smith County Sheriff's Office |
| Travis Breazeale | Smith County Sheriff's Office |
| Christi McDowell | Smith County Sherriff's Office |
| James McDowell | Smith County Sheriff's Office |
| Brixey Lewis | Smith County Sheriff's Office |
| Paula Cain | Smith County Sheriff's Office – Dispatch Custodian |
| Marie Taylor | Smith County Jail – Nurse |
| Brian Bulman | Tyler Police Department |
| Donald Malmstrom | Tyler Police Department |
| Craig Williams | Tyler Police Department |
| Jamie Tarrant | Tyler Police Department |
| Jeff Rackliff | Tyler Police Department |
| Matthew Smyser | Tyler Police Department |
| Chris Miller | Tyler Police Department |
| Ethan Johnson | Tyler Police Department |
| Darin Grissom | Tyler Police Department |
| David Cook | Tyler Police Department |
| Amanda Cook | Tyler Police Department – Dispatch Custodian |
| Jimmy Jackson | Texas Department of Public Safety, Tyler, Tx |
| Nick Castle | Texas Department of Public Safety, Tyler, Tx |
| Trevor Phillips | Texas Department of Public Safety, Tyler, Tx |
| Joe Hogue | Texas Department of Public Safety, Tyler, Tx |
| Scott Brown | Texas Department of Public Safety, Tyler, Tx |
| Robert Prince | Texas DPS Crime Lab, Tyler, Tx |
| Claybion Cloud | Texas DPS Crime Lab, Tyler, Tx |
| Karen Ream | Texas DPS Crime Lab, Tyler, Tx |
| Stephanie Jackson | Texas DPS Crime Lab, Tyler, Tx |
| Caroline Allen | Texas DPS Crime Lab, Tyler, Tx |
| Karen Shumate | Texas DPS Crime Lab, Tyler, Tx |
| Karen Collins | Texas DPS Crime Lab, Tyler, Tx |

JAMES BULLOCK
Assistant Criminal District Attorney
Smith County, Texas
State Bar Number 24086169

EXHIBIT 1

## CERTIFICATE OF SERVICE

I, JAMES BULLOCK, hereby certify that a true and correct copy of the foregoing Notice of Intent to Call Expert has been provided to the Defense Attorney for the Defendant, on this the 2 day of November , 2017.

JAMES BULLOCK
Assistant Criminal District Attorney

EXHIBIT 1

CAUSE NUMBER: 241-1242-17

| THE STATE OF TEXAS | § | IN THE 241ST JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| BILLY RAY JOHNSON | § | SMITH COUNTY, TEXAS |

## TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL

I, **JACK SKEEN, JR.**, certify this criminal case:

1. _____ is not a plea-bargain case, and the Defendant has the right of appeal. (or)
2. _____ is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn and waived, and the Defendant has the right of appeal. (or)
3. _____ is a plea-bargain case, but the trial court has given permission to appeal, and the Defendant has the right of appeal. (or)
4. ✓ is a plea-bargain case, and the Defendant has **NO** right of appeal. (or)
5. _____ the Defendant has waived the right of appeal.
6. _____ the Defendant waived appeal at the time he was sentenced to probation.

_November 15, 2017_
**Date Signed**

_Jack Skeen_
**Honorable Jack Skeen, Jr.**
**Judge, 241st Judicial District Court**
**Smith County, Texas**

FILED
NOV 15 2017
CLERK, 241st JUD. DIST. COURT, SMITH CO. TX
DEPUTY

I, have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal cause, including any right to file a pro se petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeal's judgment and opinion to my last known address and that I have only 30 days in which to file a pro se petition for discretionary review in the court of appeals. TEX.R.APP.P 68.2. I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a pro se petition for discretionary review.

_Billy R. Johnson_
**Defendant**

Mailing address: _____

_____

Telephone No. _____
Fax No. (if any) _____

**Defendant's Counsel**
State Bar of Texas ID # _16 896020_
Mailing Address: _134 First Place_
_Tyler, TX 75702_
Telephone No. _____
Fax No. (if any) _____

A DEFENDANT IN A CRIMINAL CASE HAS THE RIGHT OF APPEAL UNDER THESE RULES. THE TRIAL COURT SHALL ENTER A CERTIFICATION OF THE DEFENDANT'S RIGHT TO APPEAL IN EVERY CASE IN WHICH IT ENTERS A JUDGMENT OF GUILT OR OTHER APPEALABLE ORDER. IN A PLEA-BARGAIN CASE THAT IS. A CASE IN WHICH A DEFENDANT'S PLEA WAS GUILTY OR NOLO CONTENDERE AND THE PUNISHMENT DID NOT EXCEED THE PUNISHMENT RECOMMENDED BY THE PROSECUTOR AND AGREED TO BY THE DEFENDANT A DEFENDANT MAY APPEAL ONLY: (A) THOSE MATTERS THAT WERE RAISED BY WRITTEN MOTION FILED AND RULED ON BEFORE TRIAL, OR AFTER GETTING THE TRIAL COURT'S PERMISSION TO APPEAL. TEXAS RULE OF APPELLATE PROCEDURE 25.2(a)(2).

EXHIBIT 1

**CAUSE NUMBER: 241-1242-17**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 241ST JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| BILLY RAY JOHNSON | § | SMITH COUNTY, TEXAS |

### WAIVER OF MOTION FOR NEW TRIAL AND MOTION IN ARREST OF JUDGMENT AND WAIVER OF RIGHT TO APPEAL

Comes now the Defendant in person and in open court with his/her attorney, and would show this Court the following:

1. That judgment of conviction has been rendered or deferred against him/her and that sentence has been imposed or has been suspended in this cause.

2. That the Defendant understands that s/he has thirty (30) days after the date the sentence was imposed or suspended in open court in which to file for a motion for new trial or motion in arrest of judgment;

3. That the Defendant does not intend to file a motion for new trial or motion for arrest of judgment in this case, and expressly waives the thirty (30) day period for filing the same;

4. That the Defendant understands that s/he has a right to appeal his/her conviction only in accordance with the Code of Criminal Procedure of Texas Rules of Appellate Procedure and that s/he has the right to be represented by counsel on appeal by an attorney of his/her own choice and that if s/he is too poor to pay for such attorney or for the record without expense to him/her; and

5. That s/he does not wish to appeal his/her conviction and expressly waives his/her right to appeal.

_____          _____
ATTORNEY FOR DEFENDANT                    DEFENDANT

### O R D E R

On this day came for consideration the Defendant's motion to waive the time for filing a motion for new trial and motion in arrest of judgment and to waive his/her right to appeal, and having considered the same, the said motions are hereby GRANTED and said waivers are accepted.

SIGNED this the 15th day of November, 2017.

_____
JUDGE PRESIDING

EXHIBIT 1

# SMITH COUNTY D.A.'S CASE PRESENTATION FORM

NAME ( Last, First Middle)   Johnson, Billy Ray

PID ▉▉▉▉▉ency   SCSO   Case# 2017·12218   DA File# 170239

Address 1238 CR24   City Tyler   St Tx

Race/Sex B/M   DOB 5·4·2017   ADD'L ID ▉▉▉▉▉▉

Offense TAMPERING W/ PHYSICAL EVIDENCE   CJISOffense Code 48040003

Grade Of Offense   MISD:   C B A   FELONY   SJ ③ 2 1 Capital   F3

ARREST STATUS   Non-arrest   (On-Sight)   Warrant#

Co-Def _____

| | | |
|---|---|---|
| Offense Date | 5·12·2017 | Arrest Date | 5·12·2017 |
| Complainant | STATE OF TEXAS | Victim | Patrick Mahomes II |
| Related Case # | 2017·12218 | Cr43 TRN # | |

***********************************************************************

| YES | NO | Case Folder Contents | |
|---|---|---|---|
| X | | Offense Report | |
| X | | Supplement Reports | |
| | X | Tech Services | |
| X | | Arrest Report | |
| X | | Book-in Sheet | |
| X | | Miranda Warning | |
| X | | Arrest Warrant W/ Affidavit | |
| | X | Magistrates Warning | |
| X | | Complete Criminal History (Including D.L.) | |
| | X | Complainants Sworn Statement | |
| X | | Witness Statements | BODY·CAM VIDEO |
| | | Confession Statement | |
| X | | Video & Audio recordings | Location: BODY·CAM VIDEO |
| X | | Photographs Available | Location: DOWNLOADED INTO PATROL – PICTURES |
| | X | Medical Reports | |
| | X | Lab Reports / Ordered | |
| | X | Grand Jury Subpoenas | |
| | X | Accident Report | |
| | X | A.L.R. Reports | |
| | X | DPS Billing for Services TLE-14 | |
| | X | Other   AFFIDAVIT, VEHICLE INVENTORY, PROPERTY INVENTORY SHEET | |

E.NIETO
Deputy J. Eakin - Smith County Sheriff's Office
Presenting Officer/ Agency

Emily Starkey   5/26/17
Receiving DA/Clerk   Date

Supervisor Approval

EXHIBIT 1



# SMITH COUNTY SHERIFF'S OFFICE

Report for 17-12218

| | |
|---|---|
| **Nature:** ROBBERY | **Location:** SESO |
| **How Received:** 911 Line | **Agency:** SCSO |
| **Address:** 8821 Mansion Creek Cir | |
| TYLER TX 75707 | |

**Offense Codes:** ROMC
**Responsible Officer:** NIETO E    **Disposition:** CAM 05/14/17
**When Reported:** 21:17:02 05/12/17    **Occurred Between:** 21:16:40 05/12/17 and 21:16:56 05/12/17

## Offense Codes

| | |
|---|---|
| **Reported:** () | **Observed:** |

**Additional Offense:** ROMC ROBBERY OTHER
WEAPON MISC

## Circumstances

NIGHT Night (6 p.m. - 6 a.m.)
INV Investigation
LT20 Residence or Home

**Responding Officers:** | **Unit:**

| Responding Officers: | Unit : |
|---|---|
| DAVLIN A | 308 |
| BLACKMON J | 301 |
| NIETO E | 55 |
| ODOM M | 34 |
| CHRISTIAN M | S4 |
| DECUR J | 41 |
| MCDONALD T | D19 |
| RAILSBACK J | 21 |
| CERVANTES J | 44 |

**Last Radio Log:** **:**:** **/**/**    **Clearance:** RTF(REPORT TO FOLLOW)
**When Reported:** 21:17:02 05/12/17    **Disposition:** CAM **Date:** 05/14/17
**Code Enforcement**    **Occurred between:** 21:16:40 05/12/17
**Status:**
**Misc Entry:**    **and:** 21:16:56 05/12/17

**Modus Operandi:**    **Description :**    **Method :**
Day of Week    Preferred Day of Week    Monday

05/26/17

EXHIBIT 1

| Demeanor | Personal Demeanor | Talkative |
|---|---|---|
| Suspect Actions | Suspect's Actions | Chased Victim |
| Scene | Type of Crime Scene | Street |

## Involvements

| Date | Type | Description | |
|---|---|---|---|
| 05/13/17 | Name | MAHOMES, PATRICK LAVON II | Victim |
| 05/13/17 | Name | PARKER, JAKE CAMERON | Victim |
| 05/13/17 | Name | MATTHEWS, BRITTANY LYNNE | Victim |
| 05/13/17 | Name | DEWS, JAYLON ISAIAH | Victim |
| 05/13/17 | Name | *PECKINPAUGH, CAROL YVONNE* | *Witness* |
| 05/13/17 | Name | PECKINPAUGH, EMMA NICOLE | Witness |
| 05/13/17 | Name | PINKERTON, MICHAEL BLAKE | Suspect |
| 05/13/17 | Name | JOHNSON, BILLY RAY | Suspect |
| 05/13/17 | Name | MAHOMES, RANDI GAIL | Person of Interest |
| 05/13/17 | Name | MAHOMES, PATRICK LEVON | Person of Interest |
| 05/13/17 | Property | BRO Wallet LEATHER 60 | Property |
| 05/13/17 | Property | Identification PATRICK MAHOMES 0 | Property |
| 05/13/17 | Property | Insurance Card PATRICK MAHOMES 0 | Property |
| 05/13/17 | Property | BRO Wallet FOSSIL LEATHER 120 | Property |
| 05/13/17 | Property | GRN CURRENCY CASH 10 | Property |
| 05/13/17 | Property | Credit Card 0 | Property |
| 05/13/17 | Property | Insurance Card MEDICAL 0 | Property |
| 05/13/17 | Vehicle | SIL GRY 2003 FORD TAU TX | Vehicle |
| 05/15/17 | Evidence | BLK XL T SHIRT | Evidence Incident |
| 05/15/17 | Evidence | PAIR OF GRAY MADDEN SIZ 8 SHOE | Evidence Incident |
| 05/15/17 | Evidence | BLU HOTEL CARD | Evidence Incident |
| 05/15/17 | Evidence | *SOUTHSIDE BANK CARD* | Evidence Incident |
| 05/15/17 | Evidence | CHASE BANK CARD | Evidence Incident |
| 05/15/17 | Evidence | TX DRIVERS LICENSE | Evidence Incident |
| 05/15/17 | Evidence | TWISTED ROOT GIFT CARD | Evidence Incident |
| 05/15/17 | Evidence | SET OF CAR KEYS | Evidence Incident |
| 05/22/17 | Evidence | PURP CONT W/ CRACK ROCK | Evidence Incident |
| 05/22/17 | Evidence | PIPE W/ UNK QTY METH | Evidence Incident |
| 05/22/17 | Evidence | METAL PIPE W/ RESIDUE | Evidence Incident |
| 05/22/17 | Evidence | DIRTY WHITE TOWEL | Evidence Incident |
| 05/13/17 | Arrest | 37.09(a) | Charged With |
| 05/13/17 | Arrest | 481.115(b) | Charged With |
| 05/13/17 | Arrest | 37.09(a) | Charged With |
| 05/13/17 | Arrest | 481.115(b) | Charged With |
| 05/13/17 | Arrest | 12990002 | Charged With |

| 05/12/17 | Cad Call | 21:17:02 05/12/17 ROBBERY | Initiating Call |

## Vehicles

**Vehicle Number:** 7429

|  |  |
|---|---|
| **State:** TX | **License Type:** PC Regular Passenger Automobile |
| **Vehicle Year:** 2003 | **Expires:** 02/18/17 |
| **Make:** FORD Ford | **Model:** TAU |
| **Color:** SIL / GRY | **Doors:** 4 |
| **Vehicle Type:** PCAR Passenger Car | **Value:** $0.00 |

**Owner:**

**Last:** DRINKWINE          **First:** SANDRA                    **Mid:** RAZ

**Address:** 126 BOLT CRT
BOYD, TX 76023

**DOB:**                    **Dr Lic:**                    **Phone:**

**Height:** 5'04"   **Weight:** 140   **Hair:** BRO   **Eyes:** BRO   **Race:** W   **Sex:** F   **Age:** 54

**Agency:** SCSO SMITH COUNTY SHERIFF'S
OFFICE

**Date Recov/Rcvd:** 05/13/17

**Officer:** DECUR J

**Area:** SESO SHERIFF
SOUTH EAST
ZONE

**UCR Status:**

**Wrecker Service:** ISAA ISAAC'S TOWING
903-592-8697

**Local Status:** CI EOC COUNTY IMPOUND

**Storage Location:**

**Status Date:** 05/13/17

**Release Date:** **/**/**

**Comments:**

## Property

| | |
|---|---|
| **Property Number:** 22504 | |
| **Item:** Wallet | **Owner Applied Nmbr:** |
| **Brand:** | **Model:** LEATHER |
| **Year:** 0 | **Quantity:** 1 |
| **Meas:** | **Serial Nmbr:** |
| **Total Value:** $60.00 | **Color:** BRO |
| **Owner:** MAHOMES PATRICK LAVON ▓▓▓▓ | |
| **Agency:** SCSO SMITH COUNTY SHERIFF'S OFFICE | **Tag Number:** |
| **Accum Amt Recov:** $0.00 | **Officer:** NIETO E |
| **UCR:** PHW Purses, Handbags, Wallets | **UCR Status:** SNR |
| **Local Status:** III | **Storage Location:** |
| **Crime Lab Number:** | **Status Date:** 05/12/17 |
| **Date Released:** **/**/** | **Date Recov/Rcvd:** **/**/** |
| **Released By:** | **Amt Recovered:** $0.00 |
| **Released To:** | **Custody:** **:**:** **/**/** |
| **Reason:** | |

**Comments:** Wallet contained several credit cards, victim stated he had 3 credit cards that were located inside the wallet, nor he knew the numbers. Victim stated he was going to immediately cancel all of his cards. Victim stated he didn't have any cash inside his wallet however he did have his insorance card inside his wallet along with his ID card.

| | |
|---|---|
| **Property Number:** ▓▓▓▓▓ | |
| **Item:** Identification | **Owner Applied Nmbr:** |
| **Brand:** PATRICK MAHOMES | **Model:** |
| **Year:** 0 | **Quantity:** 1 |
| **Meas:** | **Serial Nmbr:** UNKNOWN |
| **Total Value:** $0.00 | **Color:** |
| **Owner:** MAHOMES PATRICK LAVON ▓▓▓▓ | |
| **Agency:** SCSO SMITH COUNTY SHERIFF'S OFFICE | **Tag Number:** |
| **Accum Amt Recov:** $0.00 | **Officer:** NIETO E |
| **UCR:** IDD Identity Documents | **UCR Status:** SRL |
| **Local Status:** III | **Storage Location:** |
| **Crime Lab Number:** | **Status Date:** 05/12/17 |
| **Date Released:** **/**/** | **Date Recov/Rcvd:** **/**/** |
| **Released By:** | **Amt Recovered:** $0.00 |
| **Released To:** | **Custody:** **:**:** **/**/** |
| **Reason:** | |

**Comments:** TX identification card belonging to victim Patrick L. Mahomes.
**Property Number:** ▓▓▓▓
**Item:** Insurance Card                                    **Owner Applied Nmbr:**

| | | | |
|---|---|---|---|
| **Brand:** | PATRICK MAHOMES | **Model:** | |
| **Year:** | 0 | **Quantity:** | 1 |
| **Meas:** | | **Serial Nmbr:** | UNKNOWN |
| **Total Value:** | $0.00 | **Color:** | |
| **Owner:** | MAHOMES PATRICK LAVON ▓▓▓ | | |
| **Agency:** | SCSO SMITH COUNTY SHERIFF'S OFFICE | **Tag Number:** | |
| **Accum Amt Recov:** | $0.00 | **Officer:** | NIETO E |
| **UCR:** | IDD Identity Documents | **UCR Status:** | SRL |
| **Local Status:** | III | **Storage Location:** | |
| **Crime Lab Number:** | | **Status Date:** | 05/12/17 |
| **Date Released:** | **/**/** | **Date Recov/Rcvd:** | **/**/** |
| **Released By:** | | **Amt Recovered:** | $0.00 |
| **Released To:** | | **Custody:** | **:**:** **/**/** |
| **Reason:** | | | |

**Comments:** Medical Insurance card belonging to victim Patrick L. Mahomes, was also located inside his wallet.
**Property Number:** ▓▓▓▓
**Item:** Wallet                                    **Owner Applied Nmbr:**

| | | | |
|---|---|---|---|
| **Brand:** | FOSSIL | **Model:** | LEATHER |
| **Year:** | 0 | **Quantity:** | 1 |
| **Meas:** | | **Serial Nmbr:** | UNKNOWN |
| **Total Value:** | $120.00 | **Color:** | BRO |
| **Owner:** | DEWS JAYLON ISAIAH▓▓▓ | | |
| **Agency:** | SCSO SMITH COUNTY SHERIFF'S OFFICE | **Tag Number:** | |
| **Accum Amt Recov:** | $0.00 | **Officer:** | NIETO E |
| **UCR:** | PHW Purses, Handbags, Wallets | **UCR Status:** | SNR |
| **Local Status:** | III | **Storage Location:** | |
| **Crime Lab Number:** | | **Status Date:** | 05/12/17 |
| **Date Released:** | **/**/** | **Date Recov/Rcvd:** | **/**/** |
| **Released By:** | | **Amt Recovered:** | $0.00 |
| **Released To:** | | **Custody:** | **:**:** **/**/** |
| **Reason:** | | | |
| **Comments:** | | | |

**Property Number:** 22508
**Item:** CURRENCY                                    **Owner Applied Nmbr:**

| | | | | |
|---|---|---|---|---|
| **Brand:** | CASH | | **Model:** | |
| **Year:** | ●) | | **Quantity:** | 1 |
| **Meas:** | | | **Serial Nmbr:** | UNKNOWN |
| **Total Value:** | $10.00 | | **Color:** | GRN |
| **Owner:** | DEWS JAYLON ISAIAH ▓▓ | | | |
| **Agency:** | SCSO SMITH COUNTY SHERIFF'S OFFICE | | **Tag Number:** | |
| **Accum Amt Recov:** | $0.00 | | **Officer:** | NIETO E |
| **UCR:** | MON Money | | **UCR Status:** | SNR |
| **Local Status:** | III | | **Storage Location:** | |
| **Crime Lab Number:** | | | **Status Date:** | 05/12/17 |
| **Date Released:** | **/**/** | | **Date Recov/Rcvd:** | **/**/** |
| **Released By:** | | | **Amt Recovered:** | $0.00 |
| **Released To:** | | | **Custody:** | **:**:** **/**/** |
| **Reason:** | | | | |
| **Comments:** | | | | |
| **Property Number:** | ▓▓ | | | |
| **Item:** | Credit Card | | **Owner Applied Nmbr:** | |

| | | | | |
|---|---|---|---|---|
| **Brand:** | | | **Model:** | |
| **Year:** | :0 | | **Quantity:** | 1 |
| **Meas:** | | | **Serial Nmbr:** | |
| **Total Value:** | $0.00 | | **Color:** | |
| **Owner:** | DEWS JAYLON ISAIAH 53773 | | | |
| **Agency:** | SCSO SMITH COUNTY SHERIFF'S OFFICE | | **Tag Number:** | |
| **Accum Amt Recov:** | $0.00 | | **Officer:** | NIETO E |
| **UCR:** | ▓▓ | | **UCR Status:** | SNR |
| **Local Status:** | III | | **Storage Location:** | |
| **Crime Lab Number:** | | | **Status Date:** | 05/12/17 |
| **Date Released:** | **/**/** | | **Date Recov/Rcvd:** | **/**/** |
| **Released By:** | | | **Amt Recovered:** | $0.00 |
| **Released To:** | | | **Custody:** | **:**:** **/**/** |
| **Reason:** | | | | |
| **Comments:** | | | | |
| **Property Number:** | ▓▓ | | | |
| **Item:** | Insurance Card | | **Owner Applied Nmbr:** | |

| | | | | |
|---|---|---|---|---|
| **Brand:** | MEDICAL | | **Model:** | |
| **Year:** | 0 | | **Quantity:** | 1 |
| **Meas:** | | | **Serial Nmbr:** | UNKNOWN |
| **Total Value:** | $0.00 | | **Color:** | |

| | | | |
|---|---|---|---|
| Owner: | DEWS JAYLON ISAIAH 53773 | | |
| Agency: | SCSO SMITH COUNTY SHERIFF'S OFFICE | Tag Number: | |
| Accum Amt Recov: | $0.00 | Officer: | NIETO E |
| UCR: | ▮▮▮▮▮▮▮▮▮▮ | UCR Status: | SRL |
| Local Status: | *III* | Storage Location: | |
| Crime Lab Number: | | Status Date: | 05/12/17 |
| Date Released: | **/**/** | Date Recov/Rcvd: | 05/12/17 |
| Released By: | | Amt Recovered: | $0.00 |
| Released To: | | Custody: | **:**:** **/**/** |
| Reason: | | | |
| Comments: | This particular insurance card was located inside Billy Ray Johnson's pocket while being searched at the time of the traffic stop. | | |

05/26/17

EXHIBIT 1

## Name Involvements:

**Victim :** ███████

| Last: MAHOMES | First: PATRICK | Mid: LAVON |
|---|---|---|

**Address:** ████████████████

| DOB: ██████ | Dr Lic: ████████ | Phone: ███████████ |
|---|---|---|

Height: 6'02"   Weight: 182   Hair: BRO   Eyes: HAZ   Race: B   Sex: M   Age: 21

**Victim :** ███████

| Last: MATTHEWS | First: BRITTANY | Mid: LYNNE |
|---|---|---|

**Address:** ████████████████

| DOB: █████████ | Dr Lic: ████████ | Phone: ███████████ |
|---|---|---|

Height: 5'04"   Weight: 111   Hair: BLN   Eyes: BLU   Race: W   Sex: F   Age: 21

**Victim :** 53765

| Last: PARKER | First: JAKE | Mid: CAMERON |
|---|---|---|

**Address:** ████████████████

| DOB: ███████ | Dr Lic: █████████ | Phone: █████████████ |
|---|---|---|

Height: 6'01"   Weight: 170   Hair: BRO   Eyes: BRO   Race: W   Sex: M   Age: 21

**Victim :** 53773

| Last: DEWS | First: JAYLON | Mid: ISAIAH |
|---|---|---|

**Address:** ████████████████

| DOB: ████████ | Dr Lic: █████████ | Phone: ███████████ |
|---|---|---|

Height: 6'01"   Weight: 164   Hair: BLK   Eyes: BRO   Race: B   Sex: M   Age: 21

**Witness :** 53766

| Last: PECKINPAUGH | First: EMMA | Mid: NICOLE |
|---|---|---|

**Address:** ████████████████

| DOB: █████████ | Dr Lic: ████████ | Phone: ██████████ |
|---|---|---|

Height: 5'00"   Weight: 125   Hair: BLN   Eyes: BLU   Race: W   Sex: F   Age: 18

**Witness :** 53767

| Last: PECKINPAUGH | First: CAROL | Mid: YVONNE |
|---|---|---|

**Address:** ████████████████

| DOB: ████████ | Dr Lic: █████████ | Phone: ████████████ |
|---|---|---|

Height: 5'00"   Weight: 120   Hair: BRO   Eyes: BRO   Race: W   Sex: F   Age: 49

**Suspect :** 9977

| Last: PINKERTON | First: MICHAEL | Mid: BLAKE |
|---|---|---|



**Address:** ███████████

**DOB:** ████████     **Dr Lic:** ████████     **Phone:** ████████

Height: 5'04"   Weight: 121   Hair: BLN   Eyes: BRO   Race: W   Sex: M   Age: 34

**Suspect :** 53255
**Last:** ████     **First:** BILLY     **Mid:** RAY
**Address:** ███████████

**DOB:** ████████     **Dr Lic:** ████████     **Phone:** ████████

Height: 6'02"   Weight: 185   Hair: BRO   Eyes: BRO   Race: B   Sex: M   Age: 58

**Person of** 53770
**Interest :**
**Last:** MAHOMES     **First:** PATRICK     **Mid:** LEVON
**Address:** ████████

**DOB:** ████████     **Dr Lic:** ████████     **Phone:** ████████

Height: 6'04"   Weight: 210   Hair: BRO   Eyes: BRO   Race: B   Sex: M   Age: 46

**Person of** 53771
**Interest :**
**Last:** MAHOMES     **First:** RANDI     **Mid:** GAIL
**Address:** ████████

**DOB:** ████████     **Dr Lic:** ████████     **Phone:** ████████

Height: 5'08"   Weight: 116   Hair: BRO   Eyes: BRO   Race: W   Sex: F   Age: 41

## Narrative

| Officer: NIETO E - 986 | Page 1 of Narrative |
|---|---|

WatchGuard Video/ Yes
Body Camera/ Yes
Audio/ Yes
Photos/ Yes

On Friday, May 12, 2017, at approximately 2117hrs, I Deputy E. Nieto with the Smith County Sheriff's was dispatched to the residence located at 8821 Mansion Creek Circle in reference to an Aggravated Robbery in progress. While in route to the above address, dispatched advised that the reporting party Brittany L. Matthews (⬛⬛⬛⬛⬛⬛⬛) stated that the suspect may have gun. Upon my arrival at approximately 2134hrs, I observed that Constables deputies from Pct 3 (308) Deputy Dalvin and (301) Deputy Blackmon were already on scene along with Deputy M. Odom with Smith County Sheriff's. I observed the deputies above had already secured the scene, and maintained the safety of the victims. I then made contact with Brittany and s white male later identified as Jake Cameron Parker (⬛⬛⬛⬛ ⬛⬛⬛⬛⬛⬛) who is a friend of Brittany and was also a victim in this incident.

I asked Brittany if she could explain to me what happened from the beginning and if she could provide details. Brittany stated that earlier today she and her boyfriend Patrick L. Mahomes II (⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛), along with two of their friends Jaylon Dews (⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛) and Jake C. Parker had gone to UT Tyler to watch a University of Tyler baseball game. Brittany stated that after the game was over, they all left in Patrick's vehicle (Silver, Chevy, SUV, Tahoe) and headed towards the Shamrock gas station located at the intersection G E Dr. & Loop 323 to buy beer. Brittany stated that when they arrived at the above gas station, the only one who got off of the SUV to buy the beer was Patrick. Brittany stated that while they were at the gas station she didn't notice or see anyone suspicious. Brittany stated that when they left Shamrock gas station she was sitting in the passenger seat, while they headed towards her residence located at 8821 Mansion Creek Cir. Brittany stated that when they pulled up in her driveway, they all stayed in the vehicle for a few moments and talked about random things. Brittany stated a few moments later all subjects above got out of the vehicle at the same time, when all of a sudden she saw an older model, 4 door, tan in color vehicle drive up behind Patrick's Tahoe and blocked him in. Brittany stated she then saw a white male walk up to Patrick and Jaylon demanding them to "give him their shit". Brittany stated due to she was sitting in the passenger side of the vehicle, the white male suspect didn't see her. Brittany stated she immediately ducked down so that the suspect couldn't see her and dialed 911. Brittany stated that while she was on the phone with dispatch she could hear the male suspect kept demanding Patrick, Jaylon, to give him (suspect) their personal belongings. Brittany sated that initially Jake was sitting behind the passenger seat which was directly behind her, but that when Jake heard the suspect demanding Patrick and Jaylon for their things, (wallets, watches, shoes) Jake walked around the vehicle and stood in front of the suspect while Jake was holding the 12 pack of Coors beer. Brittany stated while she continued hiding she was trying to give dispatch as much information as possible. Brittany stated she was extremely scared and feared for life due to she overheard the suspect state several times that he had a "heater" which she understood "heater" being a slang term for gun. Brittany stated while she

EXHIBIT 1

**Narrative Continued**

**Officer: NIETO E - 986**                                                    **Page 2 of Narrative**

remained on the phone with dispatch, she heard the suspect tell Jake to give him the beer. Brittany stated Jake gave the suspect the beer and the suspect continued to demand for more things. Brittany stated she then continued to remain ducked down, and slowly walked over two more cars located south of Patrick's vehicle so that the suspect couldn't see her. Brittany stated a few moments later she saw Jake take off running away from Patrick's vehicle towards the back of her next door neighbors house. Brittany stated as soon as she saw Jake flee from the scene, she immediately got up and ran behind Jake attempting to catch up to Jake. Brittany stated as she ran away from the scene, she jumped a fence located behind her residence which caused her pants to rip. While on scene, I did observe Brittany's pants ripped on her right leg. Brittany stated she was extremely afraid due to the suspect mentioning several times he had a gun. Brittany also informed me that she didn't know who the white suspect was and that she didn't get a very good look at him but that she did know it was a white male subject.

While I speaking with Brittany, Deputy Odom photographed the scene and collected the tennis shoes and t-shirt that the suspect had left behind on scene. Odom secured and logged the above items located into evidence.

I then spoke with Jake who was also a witness and victim in this incident. Jake stated that earlier today he along with his friends Brittany, Jaylon and Patrick where all at at the UT, Tyler campus watching a baseball game. Jake stated that after the game was over they all left together and rode in Patrick's vehicle and headed towards the Shamrock gas station located at the intersection of G E Dr. & Loop 323 to buy beer. Jake stated that the only one out of the four who got off at the gas station above to buy beer was Patrick. Jake stated while they were waiting for Patrick to come out of the above convenient store, he didn't observe anyone suspicious at the gas station. Jake stated that when Patrick came out of the store they all headed to Brittany's residence which is located at the dispatch location. Jake stated that upon arriving at Brittany's residence they all remained in the vehicle for a few moments talking about random things. Jake stated that a few moments later, they got out of Patrick's vehicle and immediately and older model, 4 door, tan in color pulled up diagonally behind Patrick's vehicle.. Jake stated that a white male, approximately 5'6, slender built, blond shaggy hair, got out of the unknown vehicle and approached them in an aggressive manner. Jake stated that the white male started stating things like " Ya'll in the wrong hood, do ya'll know where ya'll at"?, "Which one of ya'll the leader of the group"? "I'm a hoover crip from Chapill Hill"!. Jake stated he was holding the 12 pack of Coors beer, and the white male demanded Jake to give him the beer. Jake stated that Patrick told him (Jake) to go ahead and give the white male the beer. Jake stated he gave the white male the beer due to the white male told them he had a "heater". Jake stated he understood what a "heater" is, in slang terms meaning a gun. Jake stated while the white male stated he had a heater, he was holding his hand inside his waist band threatening to use it. Jake stated he was in fear for his life and at this moment Jake believed that the white male could have possibly potentially had a gun. Jake stated the white male kept mumbling different things and appeared to be getting upset. Jake stated the white male kept demanding them to give him their belongings. Jake stated the specific words that the white male was stating

EXHIBIT 1

## Narrative Continued

were "give me ya'lls shit, give me all ya'll shit". Jake stated after Jaylon and
Patrick had already given the white male their wallets, the white male continued
demanding things he wanted. Jake stated that in one of the occasions that the
white male walked back to his vehicle for some reason, Jake stated he took off
running towards the back of Brittany's residence to remove himself from the
immediate threat. Jake stated a few moments later he heard fast footsteps behind
him and later found out that it was Brittany running behind as she also fled the
scene for her safety. I asked Jake if he knew who the white male was or has he
ever seen him before. Jake stated that he didn't know who the white suspect was
and he had never seen him before. Jake also stated that while on scene the white
male took off his shirt and Jake was able to see that the suspect had black ink
tattoos on his chest and arms.

While on scene, I then spoke with Jaylon. Jaylon stated that earlier today he
and his friends Patrick, Brittany, and Jake where all at the UT Tyler baseball
game watching one of their friends play. Jaylon stated that after the game was
over they all rode with Patrick in Patrick's vehicle to the Shamrock gas station
located on G E Dr. & Loop 323 to buy beer. Jaylon stated Patrick was the only
one who got off at the above gas station to buy beer. Jaylon stated that while
waiting for Patrick, he didn't observe anyone suspicious at the gas station.
Jaylon stated that moments later they all headed towards Brittany's residence
which is located at the initial dispatched location. Jaylon stated that upon
their arrival at Brittany's residence they all remained in the vehicle and
talked for a few moments over random things. Jaylon stated that moments later as
they exited Patrick's vehicle an older model, 4 door, tan in color, vehicle
approached them and parked diagonally directly behind Patrick's vehicle. Jaylon
stated the vehicle above was blocking Patrick in the driveway preventing Patrick
from leaving. Jaylon stated he observed a white male, approximately 5'6, slender
built, shaggy blonde hair, exited the vehicle and approached them in an
aggressive manner. Jaylon stated that the white male made threatening statements
towards him and his friends on scene. Jaylon stated the white male made
statements and asked questions like "Are ya'll from Chapill Hill"? "Which one of
ya'll the leader of the group"? "Ya'll know where yall at"? "I'm a hoover crip,
I got this heater, Yall give me yalls shit"! Jaylon stated the white male kept
demanding things from them, and told Jake to give him the beer. Jaylon stated
Jake gave the white male the beer hoping that the white male would leave but he
didn't however the white male continued demanding more of their belongings.
Jaylon stated that he and his friends didn't attempt to do anything due to they
strongly believed that the white male had a gun on him due to the white male was
stating several times that he had a "heater" while holding his hand inside his
waist band threatening to use it if they didn't comply. Jaylon stated he
understood what a "heater" meant, being a slang term for a gun. Jaylon stated
the white male was very convincing that he had a gun, and he would use it if
they didn't comply. Jaylon stated he was in fear of his life and felt in
imminent danger. Jaylon stated that the white male kept mumbling things and
appeared to be under the influence of an unknown narcotic due to the white
male's behavior. Jaylon stated that in one of the occasions that the white male
walked back to his car and came back, the white male stood in front of them and
looked up into the sky stating "God should, I do this to them", "God I don't
Know if I should do it to them". Jaylon stated at this point he thought that the

**Narrative Continued**

**Officer: NIETO E - 986**                                                    **Page 4 of Narrative**

white male was going to use the gun that the white male had mentioned he had.
Jaylon stated the white male then walked back to his car once again, Patrick
took advantage of the opportunity and told Jaylon to get inside his vehicle.
Jaylon stated he jumped inside Patrick's vehicle and they fled the scene. Jaylon
stated while Patrick was driving away from the scene, Jaylon stated him and
Patrick both noticed the white male got in his vehicle and started following
them. Jaylon stated they were able to get on Loop 323 and were traveling at a
fast speed north bound on Loop 323 to attempt to escape from the white male.
Jaylon stated that Patrick was able to loose the white male near the
intersection of Hwy 64 W & Loop 323. Jaylon stated he observed the white male
turn into Planet Fitness while Patrick continued driving onto Old Henderson Hwy.
Jaylon stated a few moments later, he and Patrick met with Law Enforcement at a
gas station that was located in the area and drove back to where the initial
offense occurred at Brittany'a residence. Jaylon stated that due to being in
fear of his life, he did give the white male his wallet (Fossil, brown, leather,
$120) which contained his medical insurance card, $10, and one credit card.
Jaylon stated that he would immediately cancel his credit card to prevent anyone
using it.

I then spoke with Patrick, who stated that earlier this day he and his
girlfriend Brittany along with two of his friends Jake and Jaylon where all at
UT Tyler watching a baseball game. Patrick stated that when the baseball game
was over, he along with his friends went to the Shamrock located at G E Drive &
Loop 323 to buy a case of beer. Patrick stated he was the only one who got off
at the gas station. Patrick stated after they left the gas station above, he
drove to his girlfriend's house which is located at 8821 Mansion Creek Circle.
Patrick stated that upon him arriving at Brittany's residence him and his
friends s tayed in his vehicle talking for a few moments over random things.
Patrick stated that immediately after they exited his vehicle an older model, 4
door, tan in color vehicle pulled up behind his SUV. Patrick stated that he
immediately didn't recognize the vehicle, Patrick stated he saw a white male,
approximately 5'6, blonde shaggy hair, slender built exit the vehicle and
started approaching him in an aggressive manner. Patrick stated the white male
started making threats and demanding items from him and his friends. Patrick
stated the white male started asking questions and making threatening comments
like " I'm a Hoover Crip from Chapill Hill". "Are yall from Chapill Hil"? "Do
yall even know where yall at"? "This is my hood, I got this heater so give me
yalls shit"! Patrick stated the white male demanded the 12 pack of Coors beer,
so Patrick told Jake to give the white male the beer, hoping the white male
would leave. Patrick stated the white male continued mumbling things and
demanding things. Patrick stated the white male was convincing about him having
a gun due to the white male holding his hand inside his waist band threatening
to use it if they didn't comply. Patrick stated that in one of the occasions
that the white male walked back to his vehicle for some unknown reason, Patrick
stated he quickly took off his watch and his gold necklace and threw them far
away from where he was standing so that the white male couldn't take it away
from him. Patrick stated he was in fear of his life due to him believing the
white male did have a gun. Patrick stated that the white male then came back to
him and stood in front of them stating "God, should I do it to them, I don't
know if I should do it to them God". Patrick stated the white male was looking

## Narrative Continued

**Officer: NIETO E - 986**                                                **Page 5 of Narrative**

up into the sky as he made this statements. Patrick stated he believes that the white male may have been under the influence of some kind of narcotics at the time of the robbery. Patrick stated that the white male then demanded him to give him his shoes. Patrick stated he told the white male that they weren't his size. Patrick stated the white male appeared to get highly upset and walked again back towards his vehicle. Patrick stated that he took the opportunity to jump in his vehicle and flee the scene to remove himself from danger. Patrick stated he told Jaylon to get in the car quickly so they could leave. Patrick stated that he managed to get in his vehicle and flee the scene for his and Jaylon's safety. Patrick stated that they managed to get on Loop 323 and started headed north bound at a fast rate. Patrick stated he observed the white male started following also traveling at a fast speed. Patrick stated he managed to loose the white male near the intersection of Hwy 64 W & Loop 323. Patrick stated he last saw the white male turn into Planet Fitness Gym also located at the above intersection. Patrick stated moments later he was able to meet with Law Enforcement at a gas station near the area and then drove back to Brittany's residence.

While on scene and taking the above statements on my Body-Cam, Detective T. McDonald with the Smith County Sheriff's Office was called out to the crime scene at our location to speak with the victims. Upon Detective McDonald's arrival I briefed him on the occurring events and the information we had gathered at this time. McDonald interviewed the above victims one at a time while I stood by and recorded the interviews on my assigned Body-Cam. While on scene after McDonald had already spoken with the above victims a vehicle traveling at a very slow pace was passing in front of Brittany's residence. At the moment that this vehicle was passing by, all victims involved in this incident were standing outside with McDonald and I. All the victims involved in this incident stated they recognized the vehicle to be the suspects car. Brittany yelled out several times " that's the car"! Due to the above victims recognizing the vehicle belonging to the suspect, I immediately ran to my patrol unit and attempted to catch up the vehicle. As I came up to the first stop sign at the intersection of CR 273 & Mansion Creek Cir, I noticed the vehicle picked up speed as it traveled north bound on CR 273. I picked up speed and continued followed the vehicle as I observed the vehicle turning left onto Gish Ln. and shortly turned left again onto Malisa Circle. I continued following the vehicle onto Malisa Circle and activated my overhead emergency lights attempting to conduct a traffic stop on the above vehicle displaying license plate (#DXP-6927). I conduced a felony stop on the driver who matched the description of the white male identified by the above victims. I handcuffed the white male and secured him in the back of my patrol unit until another unit arrived. I noticed the vehicle was occupied two times due to I could observe a black male sitting on the passenger side. A few moments later Detective McDonald arrived at my location to assist me. The white male was later identified as Michael Pinkerton ▓▓▓▓▓▓▓▓▓▓, I informed Michael that he was being detained at this moment until my investigation was concluded. I then made contact with the passenger who was later identified as Billy Ray Johnson ▓▓▓▓▓▓▓▓. I also detained Billy had him standing in front of my patrol unit while I secured the vehicle and made sure there were no weapons onsite. While speaking with Billy, he was Mirandized in which he stated he understood his rights. While speaking

## Narrative Continued

### Officer: NIETO E - 986                                               Page 6 of Narrative

with Billy, Deputies J. Railsback, J. Decur, and Sgt. M. Christian all arrived at my location to assist me. While I spoke with Billy about how he ended up with Michael on this night, Deputy Railsback located several narcotic items next to the passenger side of Michael's vehicle where Billy was sitting. The items located were (a small metal purple pill container, containing a hard white rock believed to be crack cocaine. This substance was field tested for Cocaine which tested positive. Also a glass pipe was located approximately 2-3 feet from the purple pill container. The glass pipe contained inside a crystal like clear substance believed to be methamphetamine. The glass pipe was also field tested for methamphetamine which also tested positive for meth. A small, brown, metal, *pipe was also* located next to the glass pipe which is also believed to be used to consume narcotics. A small white towel was also located on the ground near the above items. The white towel is believed to belong to the subjects in the vehicle due to another very similar towel to the one located on the ground was found inside the suspect vehicle on the dash board. The items above where photographed and collected as evidence.

Due to I didn't observe any condensation on the items above and the items being located directly next to the passenger side door where Billy was sitting and the window being partially rolled down, I believe Billy threw the items out the window, while I conducted a felony stop on Michael and i was in the process of detaining him. Billy was arrested for Tampering with physical evidence, and Possession of controlled substance 2x, due to one of the narcotic substance testing positive for Cocaine and the other for Methamphetamine. Billy was placed under arrest and transported to the Smith County Jail where he was booked and processed. Michael was also placed under arrest for Aggravated Robbery due to matching very detailed the description of the victims and after Detective McDonald's investigation was concluded. Michael was also transported to the Smith County Jail where he was booked and processed. Upon arriving at the Jail, Michael's tattoos where photographed which matched the description given by the victims.

Victim's Patrick, Jaylon, and Jake also all stated that while Michael was making *threats, he took off his shirt for some reason* in which the victims were able to observe and identify Michael's tattoos.

The items obtained and located on scene where logged and secured in the EOC evidence room. All photographs taken in reference to this case have been uploaded with this case file report.

Deputy E. Nieto #55

EXHIBIT 1

## Supplement

**Officer: DECUR J - 979**                              **Supplement number: 17-12218-1**

**Date:** 04:38:07 05/13/17                                    **Page 1 of Supplement**

```
WatchGuard Video/ YES
Body Camera/ YES
Audio/ YES
Photos/ YES
```

On 05/12/2017 at about 2117 hours I was dispatched to a Robbery call at 8821 Mansion Creek Tyler, Texas 75707. When I arrived at the location I spoke with Randi Mahomes and Patrick Mahomes Sr. who stated that they were notified that their son, Patrick Mahomes Jr., was a victim of a robbery. R. Mahomes stated that she and her ex-husband, P. Mahomas Sr., were then called by P. Mahomes Jr. and took the same thing.

EXHIBIT 1

## Supplement

**Officer: MCDONALD T - 306**                          Supplement number:  17-12218-2
**Date:  04:26:14 05/13/17**                                        Page 1 of Supplement

05/12/2017

On this date, I was notified by Patrol Sgt. Christian that an aggravated robbery
had taken place at 8821 Mansion Creek Cir. Tyler, Smith County TX.  I responded
to the scene and upon my arrival, I made contact with deputies who advised that
a subject pulled behind a Chevy Tahoe belonging to Patrick Mahomes.  The vehicle
was occupied by Mahomes and three other people.

I made contact with Mahomes and the following is a summary of that interview:

Mahomes advised that he and his girlfriend, Brittany Matthews, went to the
University of Texas-Tyler baseball game with friends Jaylon Dews and Jake
Parker.  Mahomes said that they left the baseball game in his vehicle and drove
to the Shamrock gaa station (Lynch Grocery) and bought a case of beer and then
drove to Brittany's residence ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ at approximately 21:00
*hrs to watch a basketball game.*  Mahomes advised that when he got out of the
vehicle, he observed a vehicle that was driving without its headlights on.
Mahomes said that the vehicle then pulled in behind his vehicle in an attempt to
block his vehicle in.  Mahomes described the vehicle as an older model gold
4-door sedan.  Mahomes advised that the driver (the only occupant),  a slender
white male later identified as Michael Blake Pinkerton, ran up to him and said
that the thought he was wanting to fight "us".  Mahomes said that Pinkerton had
his hand in his front part of his pants and started telling him "Give me all
your shit!  Give me all your shit!"  Mahomes said that his friend, Jake Parker,
walked around from the other side of the car with the beer and Pinkerton told
him to give him all of his "shit" too and then told Jake to give him the beer,
which he did.  Mahomes said that Pinkerton continued to demand property from
them.  Mahomes advised that he gave Pinkerton his wallet, which did not have any
money in it.  Mahomes said that his other friend, Jaylon, also gave Pinkerton
his wallet, but refused.  Mahomes advised that Pinkerton looked up started
saying "Should I do it to 'em?  Should I do it to 'em?"  Mahomes said that
Pinkerton then told him that he was a Chapel Hill Hoover Crip and said that
Pinkerton saw that he was wearing red shoes.  Mahomes advised that Pinkerton
told him to give him his shoes to which Mahomes said that he told him no because
that was his only shoes.  Mahomes said that Pinkerton then kicked his shoes off
and told Mahomes to take his shoes.  Mahomes said that he told Pinkerton that he
did not wear that size and Pinkerton got "pissed off" and took his shirt off.
Mahomes said that Pinkerton had a tattoo on his chest that could have been a
cross or something.  Mahomes advised that at this point he no longer thought
Pinkerton had a fire arm, but said that Pinkerton went back to his car.  Mahomes
said that up until this point Pinkerton was reaching down in his waistband as if
he had a firearm.  Believing that Pinkerton was getting a gun from his vehicle,
Mahomes advised that he told Jaylon to get in the car and said they were able to
get around Pinkerton's vehicle and drive away.  Mahomes said that Pinkerton then
followed him in his vehicle all the way to Planet Fitness where he advised that
he was able to get away.  I asked Mahomes to describe Pinkerton.  Mahomes said
that he was approximately 5'6" and "skinny" and had blondish hair.  Mahomes said
that Pinkerton had a little brown mustache as well. I asked Mahomes if he
noticed anyone at the store when he stopped to which he advised that he did not.

## Supplement Continued

**Officer: MCDONALD T - 306**                     Supplement number:  17-12218-2
**Date:** 04:26:14 05/13/17                                    Page 2 of Supplement

I asked Mahomes if he recognized Pinkerton at the baseball game to which he advised that he did not. Mahomes advised that when he was driving on Mansion Creek Cir he observed a vehicle parked near a black and red tow truck and said he thought the vehicle was running, but did not have its lights on. Mahomes said that he could not remember if that was the same vehicle that Pinkerton was in. I asked Mahomes about when Pinkerton was talking to himself and when he twisted off and asked if he believed Pinkerton to be under the influence of something to which he advised that he thought he had taken K2 or crack. I asked Mahomes if Pinkerton ever called anyone out by name, to which he advised that he did not. Mahomes advised that it seemed like Pinkerton did not know what he wanted and just kept telling them to give him their "shit". I asked Mahomes if anyone in the neighborhood knew him and knew he was in town to which he said that some of the neighbors across the street. I asked Mahomes if he could think of anything out of the ordinary or something that stands out to which he advised that Brittany's car was burglarized a while back, but was not sure of any connection between the events. I did not locate any report in reference to this, so it may not have been reported. For the complete interview, see the recording.

After speaking with Mahomes, I made contact with Brittany Matthews and the following is a summary of that interview:

Brittany advised that she was hanging out with her boyfriend, Mahomes, and some other friends, Dews and Parker. Brittany said that they had all went to a baseball game at UT Tyler where she goes to school. I asked Brittany if she knew Jaylon and Jake very well and she advised that she did and said that they were Mahomes best friends. Brittany said that they all left the baseball game and went to the Shamrock station where Mahomes went in to by a 12-pack of beer. Brittany said that she never noticed anyone following them when they were headed to her residence. Brittany said that when they were getting out of the vehicle she observed a car pull up behind them with the music playing very loudly. Brittany said that she and Jake were on the passenger side and that Mahomes and Jaylon were on the driver side of their vehicle. Brittany said that when they got out of the car a guy, Pinkerton, walks up and says "what's up". Brittany said that she this was "sketchy" and stayed on the passenger side of the vehicle while Jake walked around to the front of the vehicle. Brittany said that Pinkerton asked for the beer and had his hand in his pants. Brittany said that Pinkerton then started telling them to "give me this and give me that". Brittany said that she realized what was happening so she dialed 911 (21:16 and 21:22 according to her phone log). Brittany said that at this point she has not actually seen Pinkerton, but has heard all that has happened and because of the way he was talking, she believed that Pinkerton actually had a gun. Brittany advised that she stayed down on the passenger side of the vehicle. I asked Brittany what was Pinkerton saying that made her think that he had a gun to which she said that it was difficult to understand what Pinkerton was saying because she was on 911, but said that she heard him telling the others to give him their wallets and the shoes. Brittany said that she then ran and hid behind a black car that was further away. Brittany said that she attempted to give the 911 operator the license plate number to Pinkerton's vehicle. Brittany said that she then sees Jake take off running past her so she also starts running

## Supplement Continued

**Officer: MCDONALD T - 306**                              Supplement number:  17-12218-2

**Date: 04:26:14 05/13/17**                                          Page 3 of Supplement

away.  Brittany said that she and Jake hop fences behind her residence and she ends up tearing her pants.  I observed a large tear in the right leg of her pants.  Brittany advised that he was able to get to a neighbors residence and they let her in and that she was still on 911 at this time.  Brittany said that she looked out the window and saw that Pinkerton's vehicle and Mahomes' vehicle was gone.  I asked Brittany to describe Pinkerton's vehicle to which she advised that it was a tan older model 4-door sedan.  Brittany said that she walked outside and lost the call with 911, but said that she observed deputies at her residence and also observed Pinkerton's shoes and shirt on this driveway. Brittany said that no one she was with was wearing them.  Brittany said that she then called Jake and told him that he could come back because the police was there and so he came back.  Brittany said that she was able to contact Mahomes and that he told her that he and Jaylon were chased by Pinkerton and that they were at a gas station and were safe.  I asked Brittany if she had ever seen Pinkerton before to which she advised that she had not nor did she see him at the baseball game.  I asked Brittany if she could describe Pinkerton to which she said that she only got a glance at his face and said that he was white and noticed that he was shorter than everyone else.  I asked Brittany to describe Pinkerton's demeanor to which she said that he was not really yelling, but talking in a very "stern voice" and was very demanding saying things like "give me your stuff".  I asked Brittany if Pinkerton ever called anyone by name to which she advised that he did not.  I asked Brittany if she could think of anything that stands out to her as strange to which she advised that it was strange that Pinkerton just came out of no where.  I asked Brittany how many people knew that Mahomes was in town today to which she said that just the neighbors across the street that saw him.  Brittany also thought it was weird that Pinkerton asked for the beer first.  I asked Brittany if she noticed anyone around at the gas station to which she advised that she did not.  For the complete interview see recording.

After speaking with Matthews, I made contact with Jaylon Dews and the following is a summary of that interview:

Jaylon advised that he went to the baseball game at UT Tyler with Mahomes, Brittany, and Jake and they left at approximately 21:30.  Jaylon said that they stopped at a store on the way to get some beer.  I asked Jaylon if he remembered the name of the gas station to which he advised that he did not.  Jaylon said that when they left the store, they came to Brittany's residence and were in the car for a few minutes and when they got out an older model gold vehicle that looked like a Buick type vehicle pulled up.  Jaylon advised that the driver (Pinkerton) came up to them and asked for their wallets and they refused at first and that was when Pinkerton said that he had a gun, so he and Mahomes gave him their wallets and Pinkerton took the beer from Jake.  Jaylon said that Pinkerton went back to his car and then came back and demanded Mahomes' shoes. Jaylon said that Pinkerton looked up to the sky and was saying "God, should I do it to them?" and "Y'all think I'm playing?" and went back to his car again. Jaylon said that Brittany and Jake had took off running and he and Mahomes jumped into Mahomes' car and drove off.  Jaylon said that they drove over to where Texas Roadhouse, McDonald's and Planet Fitness was and pulled into a gas station.  Jaylon said that he then called 911 (21:21 according to his call log).

## Supplement Continued

**Officer: MCDONALD T - 306**                    **Supplement number: 17-12218-2**

**Date: 04:26:14 05/13/17**                              **Page 4 of Supplement**

Jaylon advised that Pinkerton was chasing them Jake could not remember
what gas station he stopped at because he said "things were crazy". I asked
Jaylon to clarify where Pinkerton pulled into and he said he believes it was the
parking lot where Clicks is. Jaylon advised that they talked to the police and
then returned to Brittany's residence. I looked up this incident in Tyler PD's
system and no report was generated. I spoke with a detective from there and he
believes that a 911 call was the only thing they had and it was transferred back
to Smith County Dispatch. I asked Jaylon if there was anyone else in the
vehicle when it pulled up to which he advised that it was just Pinkerton.
Jaylon described Pinkerton as being short, approximately 5'6" and having tattoos
like a cross or wings on his chest and shoulders. Jaylon said that Pinkerton
was not hairy chested, but had a shaggy head of hair. I asked if Pinkerton had
any pimples or marks to which Jaylon advised that he was clean. I asked Jaylon
what specifically did Pinkerton say to which Jaylon said that he
was a Hoover Crip from Chapel Hill and that they shouldn't play with him and
said he started talking to God saying "Should I do it to them". Jaylon said
that after that Pinkerton was just asking for their stuff. Jaylon said that
Pinkerton started talking directly to Mahomes and told him to get on the ground.
Jaylon said that's when Jake and Brittany ran. Jaylon advised that Pinkerton
said "All y'all think I'm joking?" and went back to his car saying that he was
going to get his gun. Jaylon said that Pinkerton was saying "Y'all know how I
get down!" and kept asking "which one of y'all is the gangster of the group?" I
asked Jaylon if he called anyone by name to which Jaylon said that Pinkerton did
not seem like he knew anyone of them. Jaylon advised that he had never seen
Pinkerton before. I asked Jaylon what Pinkerton was wearing to which he said
he had on some shorts of some kind and the black baggie shirt that he took off
and left. I asked Jaylon what was Pinkerton's demeanor to which he advised that
he thought Pinkerton was on something. Jaylon said that Pinkerton was yelling
at them when he thought that they were not scared of him. Jaylon advised that
Pinkerton kept grabbing for the gun in his pants. Jaylon said that
they ran when Pinkerton went back to the vehicle because they thought he had a
gun on him or in the vehicle. I asked Jaylon if he remembers seeing anything at
the baseball game or at the store that stands out to which he advised nothing
ever stood out. Jaylon said that he thought it could be a set up or that
Pinkerton just waited until they got out of the car. I asked Jaylon if he
really thought Pinkerton had a gun to which he said not when started grabbing
for it. I asked Jaylon about Pinkerton having a gun in the car to which he
advised not really, but was not really sure so him and Mahomes fled in Mahomes'
vehicle. I asked Jaylon how tall did he think Pinkerton was to which he advised
that he thought that he was approximately 5'6". For the complete interview see
recording.

After speaking with Dews, I made contact with Jake Parker and the following is a
summary of that interview:

Jake advised that he went to a UT Tyler baseball game with Mahomes, Brittany and
Jaylon. Jake advised that they left the baseball game and stopped at a store an
got a pack of beer then went to Brittany's residence. Jake said that he got out
of the vehicle and walked to the front and saw someone (Pinkerton) walking up
saying "What's up! What's up!" Jake said that at first he thought Pinkerton

## Supplement Continued

**Officer: MCDONALD T - 306**                              **Supplement number:  17-12218-2**

**Date:** 04:26:14 05/13/17                                                  **Page 5 of Supplement**

knew Mahomes because a lot of people walk up to him, but Pinkerton started
saying "Give me what y'all got!" and "Give me the beer!" Jake said that he was
surprised and Mahomes told him to just give Pinkerton the beer. Jake said that
he gave Pinkerton the beer and he started telling them to give him their
wallets. Jake advised that Pinkerton had his hand in his pants (gesturing like
he was grabbing a gun) and they didn't know if he really had a gun or not. Jake
said that Pinkerton walked up on him and he heard a noise and thought he better
get back in case he had a gun. Jake said that at this point Pinkerton took off
his shirt and started asking Jake for his shirt. Jake said that Pinkerton
started walking back to his car and looked up and said something like "Should I
do it?". Jake said that he believed that Pinkerton was on drugs. Jake said
that, when Pinkerton started walking to his car, he took off. Jake described
Pinkerton as a slender white male with black ink tattoos that was approximately
5'7" to 5'8" with blondish brown hair. Jake said that Pinkerton's chest tattoo
went out from the center and said that he had something on his left shoulder. I
asked Jake if Pinkerton had any facial hair to which he advised that if he did
it was not prominent and may have been blond. I asked Jake to describe
Pinkerton's demeanor to which Jake said that he was talking aggressively, but
not really yelling. Jake advised that he mainly addressed Mahomes. Jake said
that Pinkerton was mad because Mahomes was wearing red shoes and took them. I
asked Jake about having a gun and he advised that Pinkerton was trying to make
them believe that he had a gun. Jake advised that Pinkerton told them "Don't
make me pull this heater out!" For the complete interview see recording.

*While on scene, I observed a tan sedan driving east on Mansion Creek Cir.* with
its headlights off. The vehicle matched the description given by Mahomes,
Matthews, Dews, and Parker and it was identified by them as being the suspect
vehicle. I observed what appeared to be a white male driving the vehicle.
Because the driver was operating the vehicle on a public roadway at night with
its headlights off and because the vehicle has been identified by the victims in
this case as the suspect vehicle, I advised Deputy Nieto to initiate a traffic
stop on the vehicle. Nieto was able to initiate a traffic stop on the vehicle
on Malisa Cir. I arrived as Deputy Nieto had detained the driver, who was a
white male with brown shaggy hair that appeared to be approximately 5'06". The
driver was identified as Michael Pinkerton. In the passenger seat of the
vehicle was a black male identified as Billy Ray Johnson. Upon identifying
Johnson, Deputy Nieto found a United Healthcare Insurance card in his wallet
that belonged to Jaylon Dews. In the back seat of the vehicle, I observed a
case of beer that was labeled as a 12-pack of Coors 16 oz. beers which is what
was described by Mahomes as being taken from Parker. I had the vehicle seized
and taken to the EOC for processing. Isaacs Wrecker Service took possession and
transported the vehicle. While on Malisa Cir, deputies located drug
paraphernalia and what appeared to be crack cocaine and meth. A glass pipe was
located that had a white film on the inside of it that field tested positive for
meth (see photos of test). The white pipe appeared to be loaded with meth as
well. A metal container was located that contained what appeared to be a white
rock-like substance that field tested positive for cocaine. The paraphernalia
and narcotics were located approximately 3-5 feet from the front passenger door
of the tan sedan. I observed the front passenger window to be partially rolled
down. I spoke with Deputy Nieto and he advised that the driver was in his view

## Supplement Continued

Officer: MCDONALD T - 306

Supplement number: 17-12218-2

Date: 04:26:14 05/13/17

Page 6 of Supplement

from the time the vehicle stopped until he was detained in the back of his patrol unit. Deputy Nieto advised that he did not observe Pinkerton throw anything. Johnson was read his Miranda Warning (see Nieto's body cam) and questioned. Johnson advised that the drug paraphernalia was not his and that he was just getting a ride. I asked Johnson where he got picked up by Pinkerton to which he advised that he was picked up on CR 24 near Y'alls BBQ. Johnson was taken into custody by Deputy Nieto and transported to the Smith County Jail without incident and charged with Possession of a Controlled Substance >1g. This charge is totally unrelated to the Aggravated Robbery. Johnson may be charged with the Aggravated Robbery at a later date.

I was contacted by Sgt. Christian and advised that more stolen property was located in the roadway of Gish and Malisa. I observed a credit card that belonged to Mahomes and his driver's license. I also observed a debit/credit card with the last name of "Dews" on it. I observed other cards on the roadway that were face down. Deputies photographed these items and collected them to be fingerprinted.

After leaving Gish Ln, I went to the Sheriff's Office located at 227 N. Spring Ave. to interview Pinkerton. This interview was video and audio recorded. I offered Pinkerton a bottle of water because I had a bottle of water. Pinkerton accepted the bottle of water and consumed some of it. I read Pinkerton his Miranda Warning and asked if he wished to speak with me with his rights in mind. Pinkerton refused to acknowledge that he understood his rights, however he continued speaking in a manner described by the victims (listen to recorded interviews of victims and of Pinkerton). After asking Pinkerton multiple times if he understood his rights, I terminated the interview. After the interview was terminated, I placed Pinkerton in handcuffs which were checked for fit and double locked and had a deputy transport him to the Smith County Jail for processing. I then recovered the bottle of water that Pinkerton had left in the interview room in case it can be used to collect Pinkerton's DNA.

*Once out at the jail, I was informed by Deputy Railsback that Pinkerton had informed him that he was Aryan Brotherhood and raised his shirt up and showed him tattoos related to it.* I took photos of Pinkerton's tattoos, which were all black ink tattoos, to document the gang affiliation that he advised Deputy Railsback. Pinkerton had a tattoo on his chest that contained the numbers 23 and 16. Pinkerton advised that it was gang related. In my training and experience, 23 16 refers to the 23rd letter of the alphabet, W and the 16th letter of the alphabet, P. This is commonly used as a reference to "White Power".

Pinkerton's tattoos were very consistent with the description given by the victims.

Collective Summary: After reviewing the details given by victims and observing stolen property inside and near the suspect vehicle I believed that Pinkerton was the actor. Also, each victim advised that in someway or another they believed at some point during this incident, Pinkerton was in possession of a firearm and each fled the scene because they were in fear of Pinkerton having a

## Supplement Continued

**Officer: MCDONALD T - 306**

**Date: 04:26:14 05/13/17**

firearm making this aggravated.


05/13/2017

On this date, I made contact with Joe Lynch, the owner of Lynch's Grocery located at 3400 W. 5th St and requested to see the video of the night before, May 12 at approximately 21:00 hrs. Lynch was able to pull up the video and I observed Mahomes in the store and make a purchase. Lynch printed a receipt for that transaction and it was for $15.14 which is the cost for a 12-pack of 16 oz. Coors Light beers as observed in Pinkerton's vehicle.

I ran the vehicle through NCIC/TCIC and found the registered owner to be Sandra Raz Drinkwine. I made contact with Sandra and she advised that she had just sold that vehicle to a man named Kenny from Tyler. Sandra provided the phone number for Kenny and I was able to locate information for Kenny Wayne Ray. I made contact with Kenny and he advised that he did purchase the 2003 Ford Taurus for his step-son, Pinkerton. Kenny advised that he was aware that Pinkerton was in jail at this time.

On this date, I was contacted by Mahomes who asked if I had located his wallet. I advised that I had not. Mahomes advised that he had a check in his wallet and needed it. I advised that he would need to contact whoever issued the check and have them put a stop payment on it and reissue it to him.

Det. McDonald D19


05/15/2017

On this date, I made contact with Pinkerton at the Smith County Jail and the following is a summary of that interview:

I advised Pinkerton of his Miranda Warning and advised that he could terminate the interview at anytime. Pinkerton advised that he understood his rights and that he wished to speak with detectives about this case. I advised that I had evidence that proved that he committed this offense and I explained in detail what I had seen in his vehicle and that we had recovered evidence with the names of the victims. I asked Pinkerton if he had a firearm during this incident to which he advised that he did not actually have a gun but did do the robbery. Pinkerton admitted that he was driving through and robbed the victims, but advised that he was drunk and did not know why that he robbed them. Pinkerton advised that he has a relative that lives in the area that he was visiting and that he usually drives through that area. Pinkerton said that he remembers asking for someone's wallet and leaving and going to hang out with Billy Ray Johnson. Pinkerton said that he was coming back through to go to his cousin's residence he saw the Smith County Deputy and detective. Pinkerton said that he told Johnson that they were about to get pulled over. Pinkerton was asked what he did with the money that he took to which he advised that he did not buy

## Supplement Continued

**Officer: MCDONALD T - 306**                                     Supplement number:  17-12218-2
**Date:** 04:26:14 05/13/17                                                 **Page 8 of Supplement**

anything with it.  I told Pinkerton that we knew that he was responsible for
this and not Billy Ray even though we found a stolen insurance card on him
because he was not a part of the robbery according to witnesses.  I asked
Pinkerton why he took the beer to which he advised that he did not remember
taking it.  Pinkerton was asked if he had been following the victims in that
vehicle to which he said that he was not and that he did not know them.  I
talked with Pinkerton about picking up Johnson and he advised that he did not
remember picking him up, which I do not believe because Pinkerton has already
told us that he remembered going to hang out with him.  I asked Pinkerton about
the narcotics found on scene to which he advised that he did not know anything
about them.  Pinkerton advised that he always drives through Mansion Creek Cir
because he has an uncle that lives over there.  Pinkerton then says that his
uncle lives on Malisa Cir.  No matter which way you travel, Mansion Creek Cir is
out of the way to and has no intersection Malisa Cir.  I advised Pinkerton that
I had spoke with the registered owner of the vehicle and she advised that she
had sold the vehicle to Kenny Ray, who I know to be Pinkerton's step-father.  I
told Pinkerton that I called Kenny Ray and he told me that he had just bought
that for his step-son, "Blake" Pinkerton.  Pinkerton agreed that was true.
Pinkerton was asked again why he did this and he advised that he did not know.
Pinkerton was asked what he was drinking that night to which he said beer and a
little bit of everything.  I asked Pinkerton if he remembered taking the red
shoes to which he advised that he did not recall.  For the complete interview
see recording.

After the recorded interview, Pinkerton was talking about not having a firearm
but gestured with his hand that inside of his shirt pretending to have a gun.
*This was observed by Det. Rathbun as well, who was standing with me and
Pinkerton.*

I drafted a search warrant for Pinkerton's vehicle and presented it to Judge
Christy Kennedy for review.  The warrant was signed (CK-2017-186) and attached
to this case.  I searched and photographed Pinkerton's vehicle.  While searching
the vehicle, I located a blue Chase Business debit card that belonged to
Mahomes.  I photographed the card and contacted Mahomes so I could get it back
to him.  In the back seat of the vehicle, I located the case of Coors Light that
I observed on the night this incident took place.  In the back passenger seat, I
located a business card for Parole Officer Yolanda Tilley.  I made contact with
her office and they advised that they were aware of the arrest and have revoked
Pinkerton's parole.  I also found a lending agreement from Cash America Pawn
America of Tyler #3 in the front passenger floorboard.  The agreement was signed
by Pinkerton and it was for a digital camera.  The agreement shows that
Pinkerton received $15.00 for the camera.  In the front console, I located a
Samsung smartphone which was logged into evidence for processing upon getting a
search warrant.  After searching, I secured the vehicle and returned the keys to
Evidence.  I did not locate any red shoes, or any wallets in the vehicle.

I made contact with Mahomes in reference to the debit card that was recovered in
the vehicle.  Mahomes advised that I could release it to Brittany Matthews due
to him being out of town.

## Supplement Continued

**Officer: MCDONALD T - 306**                        **Supplement number:  17-12218-2**
**Date: 04:26:14 05/13/17**                                      **Page 9 of Supplement**

I received an email from SCSO Communications Supervisor, Charlotte Rodden, that
contained 2 sound files.  The sound files were of the 911 calls from Brittany
Matthews and from Patrick Mahomes.  The recordings were consistent with the
accounts given by victims at the scene.  I was not able to hear any of the
robbery in the background.  The call recordings have been attached to this case.

Det. McDonald D19


05/17/2017

On this date, I spoke with Brittany Matthews in reference to turning over some
recovered property.  An appointment to meet was set for this date at 11:00 hrs.
I released a debit card to Brittany and she signed for it on the property sheet.

Det. McDonald D19

## Supplement

**Officer: RAILSBACK J - 847**                          **Supplement number:  17-12218-3**

**Date:** 05:15:12 05/13/17                                        **Page 1 of Supplement**

WatchGuard Video/ No
Body Camera/ Yes
Audio/ Yes
Photos/ No

On 5/13/17 I Deputy Railsback overheard on the radio that Deputy Nieto had spotted
the suspect vehicle involved in this robbery. He advised he was performing a traffic
stop on the vehicle at this time.

I arrived at the location of the traffic stop and assisted Deputy Nieto in securing
the scene. I stood by for officer safety. Detective McDonald arrived and advised he
wanted the suspect transported to the downtown office for an interview. I
transported the suspect to the office where he spoke with Detective McDonald. After
the interview was concluded I then transported the suspect to the Smith County Jail
where he was booked in for his charges by Deputy Nieto.

Nothing further

Deputy J. Railsback - 419550

## Supplement

**Officer: ODOM M - 923**                    Supplement number:  17-12218-4
**Date: 03:34:42 05/14/17**                        Page 1 of Supplement

WatchGuard Video/ YES
Body Camera/YES
Audio/NO
Photos/YES

On Friday 05/12/17, I Deputy M. Odom responded to a Robbery call at 8821 Mansion
Creek Tyler, Smith County, TX. The reporting person had stated that a white male
came up to her vehicle, displaying a handgun and demanded money from the male that
were with her.

Upon arrival, Deputy Odom made contact with the RP who was identified as Matthews,
Brittany. Brittany appeared to be still shaken from the incident. Brittany also had
her pants torn, which she stated occurred climbing her neighbors fence. Brittany
decline the request of EMS to the scene. While speaking with Brittany about the
incident, which she did not see much of due to her hiding, a white male who was
later identified as Parker, Jake walked back to the scene. Jake initially had his
shirt off and appeared to be slightly out of breath and sweating as if he had been
running. Jake stated that during the incident he took off running from the scene.
Brittany stated that the suspect, left his t-shirt and shoes at the scene. Initially
Brittany thought that her boyfriend Mahomes, Patrick may have been kidnapped by the
suspect due to Patrick's vehicle (2017 Silver Chevrolet Tahoe TX Temp Tag #20H0384)
not being at the scene, but it was later verified that Patrick had fled from the
scene in his vehicle.

Deputy Odom made contact with Peckinpaugh, Emma and her mother Peckinpaugh, Carol
who live at 8823 Mansion Creek which is next door to 8821 where the incident took
place. Both Emma and Carol stated that they were inside their residence watching a
movie, when they heard a noise coming from their backyard. Upon checking the
backyard, Emma located her neighbor Matthews, Brittany in the backyard. Emma and
Carol stated that Brittany stated that someone was robbing her and her friends. Emma
stated they called 911 to report the incident. Both Emma and Carol stated prior to
hearing the noise in the back yard, they did not hear or see anything.

Deputy Odom also made contact with Dews, Jaylon who was the left rear passenger in
Mahomes, Patrick vehicle. Jaylon stated that Patrick, Brittany, Jake and him all
left the UT-Tyler Baseball game and were returning back to Mansion Creek. Jaylon
stated upon pulling back up at the residence, a vehicle parked behind them and a
white male approached them on the left side of the vehicle and began demanding
stuff. Jaylon stated that the white male continually reached in his waistband area
as if he had a gun. Jaylon stated that the white male claimed to be a "crip" and was
demanding their wallets. Jaylon stated at one point the male stated he was going to
get his "chopper" out of his vehicle. Jaylon stated he believed that the male was
referring to a AK-47, which is often referred to as a chopper, due to it's power.
Jaylon stated that when the male walked towards his vehicle, Jaylon and Patrick,
jumped into Patrick's vehicle and the left the scene. Jaylon stated the white male
entered his vehicle and began chasing them in the vehicle. Jaylon stated they lost
the male somewhere near the intersection of Loop 323 and Hwy 64 E by Planet fitness.
Jaylon stated that he did hand over his wallet to the white male.

Deputy Odom took digital photos of the scene which were placed onto the sheriff departments computer server. Deputy Odom also collected evidence at the scene which consisted of a black t-shirt (XL) and a pair of gray Madden shoes (sixe 8). The evidence was collected and placed into the patrol division evidence room located at the EOC.

Nothing Further.

M. Odom/34

---

## Supplement

**Officer: CHRISTIAN M - 393**                     Supplement number:  17-12218-5

**Date:** 02:29:03 05/15/17                              **Page 1 of Supplement**

---

WatchGuard Video/ No
Body Camera/ Yes
Audio/ Yes
Photos/ Yes

On 5-12-2017 Deputies with the Smith County Sheriff'a Office were dispatched to an aggravated Robbery at mansion Creek Duplexes off of CR 273.  The R/P advised her Boyfrined, Patrick Mahomes, and his friends were robbed.  The R/P advised that now her boyfriend was missing and is worried that the suspect has her boyfriend.

As I was enroute to the call I was advised that the victim (Mahomes) was actually being chased by the suspect but was able to lose the suspect near Planet Fitness in Tyler.  I then met up with Mahomes at the Conoco station located at Front and · Palmer.  Once I met up with Mahomes I advised him to report back to Mansion Creek so that the deputy on location with his girlfriend could get his statement.  I then followed Mahomes back to the location where Deputy Nieto and Odom were on location. Deputies on location took over with the investigation.  I was advised that the suspect was a white male approximately 5'6" driving a tan four door sedan.  I then cleared the location and looked for the suspect vehicle but was unable to locate. For details on the Robbery refer to Deputy Nieto's narrative. ·

I then made contact with Captain J. Black and advised him of the situation.  It was determined that a detective would need to be called out so that he could interview the victims.  I then made contact with Detective Tim McDonald and briefed him of the situation.  Detective McDonald advised he would then be reporting to the scene.  I then advised Dispatch that I was available for holding calls.

I was then notified a few hours later that the Deputies on location observed the suspect vehicle drive by the robbery scene.  I overheard Deputy Nieto make a traffic stop on the suspect vehicle nearby off of Gish Lane.  I responded to the location with other listed deputies.  After further investigation it was determined that the driver was the actor in the Robbery and he was placed under arrest by Deputy Nieto. A passenger was also inside of the suspect vehicle.  Deputies on location were able to locate narcotics on the passenger and he was also placed under arrest.

As I was about to leave the stop location, Deputy Decur notified me that he had located several credit cards on Gish Lane where the suspect vehicle was initially directed to pull over by Deputy Nieto.  It was determined that the credit cards located belonged to the victims of the Robbery.  Deputy Decur photographed the evidence located and collected them to log into evidence.

It should be noted that I also field tested the narcotics that were located on the passenger of the vehicle.  Narcotics located tested positive for both crystal meth and Cocaine.  I assisted no further on this incident.

S4

05/26/17

EXHIBIT 1



# Smith County Sheriff's Office

### CID Request for Investigative Action

Offense Type <u>TAMP W/ PHYS EVID / POCS PG 1 <1G 2X</u>

Case Number <u>17-12218</u>          Section <u>SE</u>

Entering Deputy: <u>DEPUTY E. NIETO #55</u>          Date: <u>MAY 13, 2017</u>

| | |
|---|---|
| ✓ | Offense Report |
| ✓ | Supplement Report |
| ✓ | Arrest Report |
| ✓ | Pre-Booking Information |
| ✓ | Probable Cause Affidavit |
| ✓ | Victim Statement |
| ✓ | Witness Statement |
| ✓ | Suspect Voluntary Statement |
| ✓ | Patrol Unit Video Available (Logged into Evidence) |
| ✓ | Vehicle Inventory |
| ☐ | 911 Call Available (Request Forwarded to Dispatch) |
| ☐ | Victim of Sexual Assault Letter |
| ☐ | Consent for Medical Records |
| ✓ | Evidence/Property Inventory Sheet |
| ☐ | Written Consent to Search Vehicle/Residence/Building |
| ✓ | Scene Photographs Available |
| ✓ | Miranda Warning-Written or Recorded |
| ✓ | Complete Criminal History of Suspect |
| ☐ | Protective Order |
| ✓ | Other: BODY-CAM VIDEO (MIRANDA RECORDED) |

Approved By: <u>S4</u>

Narcotics Cases:

Description - _____          Weight - _____

Forensic Follow-Up Request:     ☐ Blood          ☐ Prints          ☐ Lab

---

<u>For CID Use Only</u>

Detective Assigned: _____

Commander / Supervisor: _____

EXHIBIT 1



| **Smith County Sheriff's Office Arrest Information** | SO Number 106145 | Booking Number B17-03263 | PID 30389 |
|---|---|---|---|
| | Arresting Agency Smith County Sheriff's Office | | |

## Arrested Person Information

| Name (Last, First, Middle) JOHNSON, BILLY RAY | | | | Alias / Nickname | | | |
|---|---|---|---|---|---|---|---|

| DOB '1959 | Gender Male | Race Black | Ethnicity Non Hispanic | DL Number 09219260 | DL State Texas | DL Type Class C | SSN 3978 |
|---|---|---|---|---|---|---|---|

| Address 1238 CR 24 | City TYLER | State TX | Zip 75705 | Home Phone 903-565-0619 | Work Phone 903-565-0619 | Cell Phone 903-565-0619 |
|---|---|---|---|---|---|---|

| POB DALLAS, TX United States | | Hgt / 6 Ft. 1 In. | Weight 180 | Hair Black | Eyes Brown | Build MED |
|---|---|---|---|---|---|---|

| Complexion Dark | State United States | FBI # 107746TA2 | State .ID 03951524 | Person ID 30389 | Other Agency # | Agency |
|---|---|---|---|---|---|---|

| Special Conditions | Caution Flags |
|---|---|

| Physical Descriptors | Scars, marks and Tattoos |
|---|---|

| Marital Status Single | Dependents | Highest Degree | Highest Grade |
|---|---|---|---|

## Vehicle

| Veh. License # | State | Expires | Type | Trailer Tag # |
|---|---|---|---|---|

| Year | VIN | Make Ford | Year | Model TAURS | Color Tan/Beige |
|---|---|---|---|---|---|

| Insurer | Policy # | Expires |
|---|---|---|

| Towing Company Isaacs Towing | Storage Lot EOC | Requested by | Commercial Vehicle N | Hazardous Material N |
|---|---|---|---|---|

## Arrest Info

| Arresting Agency Smith County Sheriff's Office | Arresting Officer Badge # 38963S | Officer NIETO, E. | .P Precinct |
|---|---|---|---|

| Arrest Date 05/13/2017 | Complainant | Location | Witnesses |
|---|---|---|---|

| Emergency Contact MARY JOHNSON | | | Relationship Mother |
|---|---|---|---|

| Address 1238 CR 24 Tyler, TX 75705 | City | State | Zip | Phone 903-565-0619 | Cell Phone |
|---|---|---|---|---|---|

| Arrest Location GISH/ MELISSA RD | Incident Case No 17 12218 |
|---|---|

## Charges

| Warrant # | Hold Reason | Offense | Degree | Code | Issuing Auth | TRN # | Bond Amt | Bond Type | Fine |
|---|---|---|---|---|---|---|---|---|---|
| ON SIGHT | Warrantless/On -View | TAMPER/FABRI CATE PHYS EVID W/INTENT TO IMPAIR | F3 | 48040203 | 241 | 9061743419 | | | |
| ON SIGHT | Warrantless/On -View | POSS CS PG 1 < 1G | F5 | 35990014 | 241 | 9061743419 | | | |

EXHIBIT 1



| Smith County Sheriff's Office Arrest Information | SO Number 106145 | Booking Number B17-03263 | PID 30389 |
|---|---|---|---|
| | Arresting Agency Smith County Sheriff's Office | | |

| | ON SIGHT | Warrant/est/On View | POSS CS PG 1 <1G | FS | J5590014 | 241 | 9061743419 | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |

EXHIBIT 1

# SMITH COUNTY SHERIFF'S DEPARTMENT
# PRE-BOOKING INFORMATION



**Arrested Person Information**

| 1. Name (Last, First, Middle) JOHNSON, BILLY, RAY | | | | | 2. Alias / Nickname NONE | | | |
|---|---|---|---|---|---|---|---|---|
| 3. Race BLACK | 4. Sex MALE | 5. Hgt 6'2 | 6. Wgt 185 | 7. Hair Brown | 8. Eyes Brown | 9. Build Small | 10. Complexion Dark |
| 11. Scars, Marks, Tatos | | | | 12. Descriptors | | | |

13. Citizen Address (no PO Box) — City TYLER — State TEXAS — Zip 75705 — Home Phone ███

14. D.O.B. — 15. P.O.B (City, State) DALLAS, TX — 16. S.O. # — 17. PD # — 18. FBI # — 19. SID #

20. TDC # — 21. SS # — 22. DL # / State ███ — 23. Other # — 24. INS #

25. Citizen / Country USA — 26. Residence / County — 27. Occupation SELF-EMPLOYE — 28. Employer / Company YALL'S BAR BQ

Work Address ███ — City TYLER — State TEXAS — Zip 75705 — 29. Work Phone

30. Emergency Contact ███ — Address ███ — City — State ███ — Zip — Relation WIFE — Phone ███

31. Education 2YR COLLEGE — 32. Marital Status S — 33. Children # 4 — 34. Religion — 35. Affiliations — 36. TB Tested / Result

**Arrest Info**

| 1. Arresting Department SMITH COUNTY SHERIFF'S OFFICE | 2. Arresting Officer / Radio-Unit # DEPUTY E. NIETO/ 389635 | | 3. JP Precinct # 3 |
|---|---|---|---|
| 4. Arrest Date 05/13/2017 | Time 0115HRS | 5. Arrest Location INTERSECTION OF GISH RD/MALISSA RD | |

6. Family Violence Notification / Phone Number

| 7. Arrest Witness(es) | | 8. Complainant | State | Zip | Home Phone |
|---|---|---|---|---|---|

**Vehicle**

| 9. Year | Make FORD | Model TAURUS | Color TAN | License # DXP-6927 | State TX | Plate | Year |
|---|---|---|---|---|---|---|---|
| Towed by ISAAC'S | Stored at EOC | Towed Authority Officer E. NIETO | | Trans. Haz. Material? Y/N ☐ | Oper. Com Y/N ☐ | Vehicle? ☐ | Misc. Comments |

**Charge # 1**

| 1. Offense Code 48040003 | Offense Description TAMP PHYS EVID W/INTENT TO IMPAIR | | GOC | Statute 37.09(c) | Level & Degree Felony 3 | Felony | Misdemeanor NA |
|---|---|---|---|---|---|---|---|
| 2. Case # 17-12218 | 3. Offense Date 05/13/2017 | 4. Warrant / Cause # ON SITE | | 5. Issuing Authority / Judge | | | |
| 6. County or Jurisdiction SMITH COUNTY | | TRN # (Only if out of county charge) | | 7. Holds Y/N ☐ | Agency with Hold | | |
| 8. Attorney | | 9. Bond Amount / Type | 10. Fine | 11. Costs | 12. Arrest Disposition | | Date |

**Charge # 2**

| 1. Offense Code 35990014 | Offense Description POSS CS PG 1 <1G (COCAINE) | | GOC | Statute 481.115(b) | Level & Degree State Jail | Felony | Misdemeanor NA |
|---|---|---|---|---|---|---|---|
| 2. Case # 17-12218 | 3. Offense Date 05/13/2017 | 4. Warrant / Cause # ON SITE | | 5. Issuing Authority / Judge | | | |
| 6. County or Jurisdiction SMITH COUNTY | | TRN # (Only if out of county charge) | | 7. Holds Y/N ☐ | Agency with Hold | | |
| 8. Attorney | | 9. Bond Amount / Type | 10. Fine | 11. Costs | 12. Arrest Disposition | | Date |

**Charge # 3**

| 1. Offense Code 35990014 | Offense Description POSS CS PG 1 <1G (METH) | | GOC | Statute 481.115(b) | Level & Degree State Jail | Felony | Misdemeanor NA |
|---|---|---|---|---|---|---|---|
| 2. Case # 17-12218 | 3. Offense Date 05/13/2017 | 4. Warrant / Cause # ON SITE | | 5. Issuing Authority / Judge | | | |
| 6. County or Jurisdiction SMITH COUNTY | | TRN # (Only if out of county charge) | | 7. Holds Y/N ☐ | Agency with Hold | | |
| 8. Attorney | | 9. Bond Amount / Type | 10. Fine | 11. Costs | 12. Arrest Disposition | | Date |

| For Jail Use Only | Screening Officer (Printed) | Screening Officer (Sign) | Date | P.I.D # |
|---|---|---|---|---|



EXHIBIT 1



**STATE OF TEXAS**
**COUNTY OF SMITH**

CASE NO. 17-12218
AGENCY SMITH COUNTY SHERIFF'S OFFICE

## AFFIDAVIT

Before me the undersigned authority on this day personally appeared DEPUTY E. NIETO , peace officer for the State of Texas, who after being duly sworn upon oath deposes and says that has good reason to believe and does believe that BILLY RAY JOHNSON (name of accused) did commit the offense of TAMPERING PHY EVID W/INTENT TO IMPAIR against the laws of the State of Texas on MAY 13, 2017 . Said reason and belief is based upon the following facts and circumstances (Provide narrative, attaching additional pages and/or case report, as needed):

On Friday, May 13, 2017, I Deputy E. Nieto with the Smith County Sheriff's Office conducted a traffic stop on a suspicious vehicle matching the description that was involved in a aggravated robbery that occurred earlier this night. Johnson was identified as the front passenger seat of the vehicle. Affiant observed the front passenger window to be partially rolled down. Just outside of the front passenger door (approximately 3-5 ft) affiant observed multiple pipes commonly used for the consumption of illegal narcotics. A glass pipe that was recovered field tested positive for meth. A metal container was also recovered near the pipes that contained a hard white rock like substance that field tested positive for cocaine. Affiant observed the driver from the time the car stopped until the driver was in custody for an unrelated charge and did not observe him to throw anything. Therefore, affiant believes that the narcotics and paraphernalia belonged to Johnson. Affiant observed there to be condensation on the ground under the narcotics and paraphernalia but, there was no condensation on the narcotics and paraphernalia recovered at the scene. Affiant believes the narcotics and paraphernalia were discarded by Johnson in attempt to impair deputy's investigation. Johnson was then placed into custody and handcuffed, which were checked for fit and double locked. Johnson was transported to the Smith County Jail where he was booked and processed for the above offense.

Deputy E. Nieto #55

Witness my signature this 13TH day of MAY , 20 17 .

_____                    SMITH COUNTY SHERIFF'S OFFICE
Affiant                                                   Agency

Subscribed and sworn to before me this the 13TH day of MAY , 20 17

~~Notary Public/Magistrate~~/Peace Office
(Cross out inapplicable authority)

## ORDER

The foregoing affidavit having been presented to me and upon consideration of the facts and circumstances contained therein, it is hereby determined that probably cause [ ] exists/ [ ] does not exist to warrant the further detention of the above named accused. Therefore, it is accordingly ordered that BILLY RAY JOHNSON (DOB 05/04/1959) (name of accused) [ ] remain in the custody of the Smith County Sheriff's Office/ [ ] be released from custody.

_____
Magistrate, Smith County Texas

_____          _____
Date                                              Time

**Complete one Affidavit per offense**
**Distribution: District Attorney; Magistrate; Officer; Jail**

EXHIBIT 1



**STATE OF TEXAS**
**COUNTY OF SMITH**

CASE NO. 17-12218

AGENCY SMITH COUNTY SHERIFF'S OFFICE

## AFFIDAVIT

Before me the undersigned authority on this day personally appeared DEPUTY E. NIETO _____, peace officer for the State of Texas, who after being duly sworn upon oath deposes and says that has good reason to believe and does believe that BILLY RAY JOHNSON ~~_____~~ _____ (name of accused) did commit the offense of POSS CS PG 1 < 1G (COCAINE) _____ against the laws of the State of Texas on MAY 13, 2017 _____. Said reason and belief is based upon the following facts and circumstances (Provide narrative, attaching additional pages and/or case report, as needed):

On Friday, May 13, 2017, I Deputy E. Nieto with the Smith County Sheriff's Office conducted a traffic stop on a suspicious vehicle matching the description that was involved in a aggravated robbery that occurred earlier this night. Johnson was identified as the front passenger seat of the vehicle. Affiant observed the front passenger window to be partially rolled down. Just outside of the front passenger door (approximately 3-5 ft) affiant observed multiple pipes commonly used for the consumption of illegal narcotics. A glass pipe that was recovered field tested positive for meth. A metal container was also recovered near the pipes that contained a hard white rock like substance that field tested positive for cocaine. Affiant observed the driver from the time the car stopped until the driver was in custody for an unrelated charge and did not observe him to throw anything. Therefore, affiant believes that the narcotics and paraphernalia belonged to Johnson. Affiant observed there to be condensation on the ground under the narcotics and paraphernalia but, there was no condensation on the narcotics and paraphernalia recovered at the scene. Affiant believes the narcotics and paraphernalia were discarded by Johnson in attempt to impair deputy's investigation. Johnson was then placed into custody and handcuffed, which were checked for fit and double locked. Johnson was transported to the Smith County Jail where he was booked and processed for the above offense.

Deputy E. Nieto #55

Witness my signature this 13TH _____ day of MAY _____, 20 17 .

_____
Affiant

SMITH COUNTY SHERIFF'S OFFICE
_____
Agency

Subscribed and sworn to before me this the 13TH _____ day of MAY _____, 20 17

_____
~~Notary Public/Magistrate~~/Peace Office
(Cross out inapplicable authority)

## ORDER

The foregoing affidavit having been presented to me and upon consideration of the facts and circumstances contained therein, it is hereby determined that probably cause [ ] exists/ [ ] does not exist to warrant the further detention of the above named accused. Therefore, it is accordingly ordered that BILLY RAY JOHNSON (DOB 05/04/1959) _____ (name of accused) [ ] remain in the custody of the Smith County Sheriff's Office/ [ ] be released from custody.

_____
Magistrate, Smith County Texas

_____          _____
Date                              Time

**Complete one Affidavit per offense**
**Distribution: District Attorney; Magistrate; Officer; Jail**

EXHIBIT 1



STATE OF TEXAS
COUNTY OF SMITH

CASE NO. 17-12218
AGENCY SMITH COUNTY SHERIFF'S OFFICE

## AFFIDAVIT

Before me the undersigned authority on this day personally appeared DEPUTY E. NIETO , peace officer for the State of Texas, who after being duly sworn upon oath deposes and says that has good reason to believe and does believe that BILLY RAY JOHNSON (name of accused) did commit the offense of POSS CS PG 1 < 1G (METH) against the laws of the State of Texas on MAY 13, 2017 . Said reason and belief is based upon the following facts and circumstances (Provide narrative, attaching additional pages and/or case report, as needed):

On Friday, May 13, 2017, I Deputy E. Nieto with the Smith County Sheriff's Office conducted a traffic stop on a suspicious vehicle matching the description that was involved in a aggravated robbery that occurred earlier this night. Johnson was identified as the front passenger seat of the vehicle. Affiant observed the front passenger window to be partially rolled down. Just outside of the front passenger door (approximately 3-5 ft) affiant observed multiple pipes commonly used for the consumption of illegal narcotics. A glass pipe that was recovered field tested positive for meth. A metal container was also recovered near the pipes that contained a hard white rock like substance that field tested positive for cocaine. Affiant observed the driver from the time the car stopped until the driver was in custody for an unrelated charge and did not observe him to throw anything. Therefore, affiant believes that the narcotics and paraphernalia belonged to Johnson. Affiant observed there to be condensation on the ground under the narcotics and paraphernalia but, there was no condensation on the narcotics and paraphernalia recovered at the scene. Affiant believes the narcotics and paraphernalia were discarded by Johnson in attempt to impair deputy's investigation. Johnson was then placed into custody and handcuffed, which were checked for fit and double locked. Johnson was transported to the Smith County Jail where he was booked and processed for the above offense.

Deputy E. Nieto #55

Witness my signature this 13TH day of MAY , 20 17 .

*E. Nieto*        SMITH COUNTY SHERIFF'S OFFICE

Affiant                                Agency

Subscribed and sworn to before me this the 13TH day of MAY , 20 17 .

Notary Public/Magistrate/Peace Office
(Cross out inapplicable authority)

## ORDER

The foregoing affidavit having been presented to me and upon consideration of the facts and circumstances contained therein, it is hereby determined that probably cause [ ] exists/ [ ] does not exist to warrant the further detention of the above named accused. Therefore, it is accordingly ordered that BILLY RAY JOHNSON (DOB 05/04/1959) (name of accused) [ ] remain in the custody of the Smith County Sheriff's Office/ [ ] be released from custody.

_____
Magistrate, Smith County Texas

_____         _____
Date                                   Time

**Complete one Affidavit per offense**
**Distribution: District Attorney; Magistrate; Officer; Jail**

EXHIBIT 1

**SMITH COUNTY SHERIFF'S OFFICE**
**PROPERTY/INVENTORY SHEET**

PROPERTY USE ONLY

LOCATION

SUB DIVISION

PAGE OF 01

| 1. OFFENSE | 2. DATE | 3. CASE NUMBER |
|---|---|---|
| PossCS PG 1-1G | 05 13 2017 | 17-1378 |

4. EVIDENCE X    FOUND PROPERTY    SAFEKEEPING    OTHER

| 5. LOCATION PROPERTY OBTAINED | 6. PERSON FROM WHOM OBTAINED |
|---|---|
| 105 MALISA RD  Tyler TX 75705 | Billy Ray Johnson (possession) |

| 7. OWNER'S NAME | 8. OWNER'S ADDRESS | 9. OWNER'S PHONE |
|---|---|---|
| Billy Ray Johnson | | |

| 10. SUSPECT'S NAME | 11. SUSPECT'S ADDRESS | 12. SUSPECT'S PHONE |
|---|---|---|
| Billy Ray Johnson | | |

| 13. ITEM # | QUANTITY | DESCRIPTION (INCLUDES BRAND, MODEL, SERIAL #, COLOR, SIZE, ETC.) |
|---|---|---|
| 1 | 1 | Purple metal container, various inside (a white curd/rock believed to be cocaine) |
| 1 | 1 | Glass pipe containing inside a white crystal like clear substance believed to be methamphetamine (Digital scale indicated weight 1.1g with pipe) |
| 1 | 1 | Brown metal pipe used to contain narcotics Inside white towel with another towel identical inside suspect's vehicle |
| | | ★ Located ★ |
| | | Mailbox |

**CHAIN OF CUSTODY**

| ITEM # | DATE | RELEASED BY | RECEIVED BY | PURPOSE OF CHANGE |
|---|---|---|---|---|
| 4 | 05-13-17 | Seaton F. Nie | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

EXHIBIT 1