IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BILLY RAY JOHNSON, #106145 | § | |
| VS. | § | CIVIL ACTION NO. 6:17cv520 |
| LARRY SMITH, ET AL. | § | |

## MEMORANDUM OPINION ADOPTING THE REPORT
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Billy Ray Johnson, a prisoner formerly confined at the Smith County Jail, proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit complaining of alleged violations of his constitutional rights. The case was referred the United States Magistrate Judge, the Honorable K. Nicole Mitchell.

On November 19, 2018, Judge Mitchell issued a Report, (Dkt. #26), recommending that Defendants' motion for summary judgment, (Dkt. #23), be granted and that Johnson's civil rights complaint be dismissed, with prejudice, until the *Heck* conditions are met. *See Heck v. Humphrey*, 512 U.S. 477 (1994). A copy of this Report was sent to Johnson at his address; return receipt requested. The docket demonstrates that the Report was returned to the Court as undeliverable, with a "return to sender" notation, (Dkt. #27). The Court notes that Johnson never filed a notice of a change in his address and has not communicated with the Court since January 2018.

Generally, "litigants, including prisoners, bear the burden of filing notice of a change of address in such a way that will bring attention of the court to address change." *See Martinez-Reyes v. United States*, 2016 WL 8740494 *5 (S.D. Tex.—McAllen, Oct. 10, 2016) (quoting *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999)). This requirement is memorialized in the Eastern District of Texas Local Rule CV-11(d): "A *pro se* litigant must provide the court with

a physical address, i.e., a P.O. Box is not acceptable, and is responsible for keeping the clerk advised in writing of the current physical address." Furthermore, in his complaint, Johnson signed the declaration/notification that he was responsible to "keep the court informed" of his current mailing address and that the "failure to do so may result in the dismissal of his lawsuit." (Dkt. #1).

Because Johnson failed to file objections to Judge Mitchell's Report, he is barred from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Services Auto. Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has determined that the Report of the Magistrate Judge is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law."). Accordingly, it is

**ORDERED** that the Report of the United States Magistrate Judge, (Dkt. #26), is **ADOPTED** as the opinion of the Court. Further, it is

**ORDERED** that Defendants' motion for summary judgment, (Dkt. #23), is **GRANTED**. Plaintiff's civil rights action is dismissed, with prejudice, until the *Heck* conditions are met. Finally, it is

**ORDERED** that any and all motions that may be pending in this cause of action are hereby **DENIED**.

So **ORDERED** and **SIGNED January 7, 2019.**

_____
Ron Clark, Senior District Judge